1  Matthew Ball (SBN 208881)
   matthew.ball@klgates.com
2  K&L GATES LLP
   4 Embarcadero Center, Suite 1200
3  San Francisco, CA  94111
   Telephone: +1 415 882 8200
4  Facsimile: +1 415 882 8220

5  Attorneys for Defendants
   Wal-Mart Associates, Inc. and Wal-Mart Stores,
6  Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10 RODERICK MAGADIA, individually and on
   behalf of all those similarly situated,
11
                        Plaintiffs,
12                                              Case No.:
13         v.                                      NOTICE OF REMOVAL
14 WAL-MART ASSOCIATES, INC., a Delaware
   corporation; WAL-MART STORES, INC., a
15 Delaware corporation; and DOES 1 through 50,
   inclusive,
16
                        Defendants.
17

18 **TO:**          THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NORTHERN CALIFORNIA, SAN JOSE DIVISION
19

20 **AND TO:**      RODERICK MAGADIA, individually and on behalf of all similarly situated, and his
                    attorneys of record.
21

22         Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores, Inc. (hereinafter collectively

23 "Wal-Mart"),[1] by and through the undersigned attorneys, removes this action from the Superior

24 Court for the State of California, County of Santa Clara, where it is currently pending, to the United

25 States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441,

26 1446, and 1453.

27 _____
   [1] By filing this Notice of Removal, Wal-Mart does not waive any of its rights to any objections or
28 defenses, including jurisdictional, and expressly reserves the right to amend and supplement this
   Notice of Removal.

As addressed below, original jurisdiction exists in this action pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA") 28 U.S.C. § 1453, and as otherwise specified herein. In support of this removal, Wal-Mart states the following:

## I.      Introduction and Background

On or about December 2, 2016, Plaintiff filed a putative class action complaint captioned, *Roderick Magadia v. Wal-Mart Associates, Inc.; Wal-Mart Stores, Inc.; and DOES 1 through 50*, County of Santa Clara, Case No. 16CV303387.  *See Compl.*, attached hereto as Exhibit A.  Plaintiff alleges that Wal-Mart is a national retailer with locations throughout the United States, including Santa Clara County, California.  *Id.* ¶ 3. Plaintiff alleges that he was employed by Wal-Mart as a non-exempt employee from June 17, 2008 through September 16, 2016 at the Wal-Mart located in San Jose, California.  *Id.* ¶ 4.  Plaintiff alleges that Wal-Mart violated his rights protected by the California Labor Code §§ 201-203, 226, 226.7, 512, and 558, and the Unfair Competition Law (the "UCL"), California Business and Professions Code § 17200 *et seq. Id.* ¶ 10.  Finally, Plaintiff asserts a putative class action, and brings this action on behalf of himself and four subclasses of employees:

1) "Meal Period Regular Rate Class," which Plaintiff defines as "all current and former California non-exempt employees of Defendants who received non-discretionary remuneration, including 'MYSHARE INCT,' and was paid any meal period premium payments in the same period that the non-discretionary remuneration was earned, at any time between December 2, 2012, through the present;"

2) "Meal Period Regular Rate Wage Statement Sub-Class," which Plaintiff defines as "all current and former California non-exempt employees of Defendants who received non-discretionary remuneration, including 'MYSHARE INCT,' and was paid any meal period premium payments in the same period that the non-discretionary remuneration was earned, at any time between December 2, 2015, through the present;"

3) "OVERTIME/INCT Class", which Plaintiff defines as "all current and former California non-exempt employees of Defendants who received 'OVERTIME/INCT,' at any time between December 2, 2015, through the present;" and

4)   "Final Wage Statement Class," which Plaintiff defines as "all former non-exempt employees who worked for Defendants in the State of California and whose employment terminated (whether voluntarily or involuntarily) at any time from December 2, 2015 to the present."  *Id.* ¶ 11.

## II.   Wal-Mart has satisfied the procedural requirements for removal

On December 6, 2016, Plaintiff served Wal-Mart with a copy of the Complaint.  Removal is timely pursuant to 28 U.S.C. § 1446(b) because thirty days or less have passed since Plaintiff served the Complaint on Wal-Mart.

Pursuant to 28 U.S.C. § 117 and Local Rule 3-2(c), the United States District Court for the Northern District of California, San Jose Division, is the federal judicial district and division encompassing the Superior Court of the State of California, County of Santa Clara, where this lawsuit was originally filed.  Venue is thus proper because this is the "district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).

As required by 28 U.S.C. § 1446(a), Wal-Mart attached a copy of all process, pleadings, and orders served upon it as Exhibit A.

As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of California, County of Santa Clara.  A true and correct copy of "Defendant's Notice of Removal to State Court of Removal of Action" filed in the Superior Court of the State of California, County of Santa Clara, is attached hereto as Exhibit B.

## III.   Removal is proper because the Court has subject matter jurisdiction under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Pursuant to 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction over any civil action with more than 100 class members where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs and is a class action in which any member of a class of plaintiffs is a citizen of a state different from any defendant.  Moreover, Congress enacted the Class Action Fairness Act "to facilitate adjudication of certain class actions in federal court," and thus "CAFA's provisions should be read broadly, with a strong preference that interstate class actions

should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing *Standard Fire Ins. Co. v. Knowles*, 568 S. Ct. 1345 (2013)).

### A.    Plaintiff's Complaint constitutes a "class action"

This action meets the Class Action Fairness Act's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B), 1435(a) & (b).  Here, Plaintiff filed his Complaint under a state judicial procedure, California Code of Civil Procedure § 382, which authorizes an action to be brought by one or more representative persons as a class action. *See Compl.* ¶ 11 (stating same).  Thus, Plaintiff's Complaint constitutes a class action under the Class Action Fairness Act.

### B.    The putative class consists of more than 100 members

In paragraph 11 of his Complaint, Plaintiff defines the putative class as four distinct subclasses:

- "[A]ll current and former California non-exempt employees of Defendants who received non-discretionary remuneration, including 'MYSHARE INCT,' and was paid any meal period premium payments in the same period that the non-discretionary remuneration was earned, at any time between December 2, 2012, through the present;"

- "[A]ll all current and former California non-exempt employees of Defendants who received non-discretionary remuneration, including 'MYSHARE INCT,' and was paid any meal period premium payments in the same period that the non-discretionary remuneration was earned, at any time between December 2, 2015, through the present;"

- "[A]ll current and former California non-exempt employees of Defendants who received 'OVERTIME/INCT,' at any time between December 2, 2015, through the present;" and

- "[A]ll former non-exempt employees who worked for Defendants in the State of California and whose employment terminated (whether voluntarily or involuntarily) at any time from December 2, 2015 to the present." *See Compl.* ¶ 11.

Solely addressing the final putative subclass identified in paragraph 11 of his Complaint, Wal-Mart has 53,808 former non-exempt employees whose employment terminated "at any time from December 2, 2015, to the present."  Declaration of Todd Stokes ("Stokes Decl."), ¶ 6.  This putative class exceeds 100 persons, as required by 28 U.S.C. § 1332(d)(5)(B).

### C. <u>The putative parties meet the minimal diversity requirements</u>

This Court has original jurisdiction of this action, in part, because "(A) any member of a class of plaintiffs is a citizen of a State different from any defendant; of (B) any member of a class of plaintiffs is a […] citizen or subject of a foreign state and any defendant is a citizen of a Stat[.]"  *See* 28 U.S.C. § 1332(d)(2)(A), (B).

Plaintiff failed to identify of which State or foreign state he is a citizen.  Regardless, the putative class contains citizens of states different from any defendant.  Wal-Mart Associates, Inc. is a wholly-owned subsidiary of Wal-Mart Stores, Inc. Therefore Wal-Mart is the only defendant in this action.  Wal-Mart is a Delaware corporation with its principal place of business in Bentonville, Arkansas.  Stokes Decl. ¶ 3.   Wal-Mart has 5,303 stores located in all 50 U.S. states and no state contains a substantial predominance of the corporation's business.  *Id.* ¶ 4.  Because Wal-Mart has 5,303  stores located in more than twenty states and no state contains a substantial predominance of the corporation's business, its principal place of business for purposes of diversity jurisdiction under 28 U.S.C. § 1332(c)(1) is deemed to be Wal-Mart's corporate headquarters or the "nerve center" in Bentonville, Arkansas. *Breitman v. May Co. California,* 37 F.3d 562, 564 (9th Cir. 1994) (where corporation had retail locations in 30 states, principal place of business was location of corporate headquarters); *Industrial Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1094 (9th Cir. 1990) (explaining the "nerve center" test).  Because there are members of the putative class who are citizens of states other than Delaware and Arkansas, the putative class action meets the minimal diversity requirements for removal.

///

**D.**     **The amount of controversy exceeds the sum or value of $5,000,000**

Under the Class Action Fairness Act, the claims of the individual class members are aggregated to determine if the amount of controversy exceeds the required "sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2), (d)(6).  While denying all liability, Wal-Mart avers, for the purposes of this Notice only, that Plaintiff's claims place more than $5 million in controversy (excluding costs and interests).  The United States Court of Appeals for the Ninth Circuit has instructed that under CAFA, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $5 million.  *Rodriguez v. AT&T Mobility Servs., Inc.*, 728 F.3d 975, 981 (9th Cir. 2013) (overturning previous Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty" under some circumstances).  This standard is satisfied here.[2]  Wal-Mart is permitted to include a plausible allegation, without evidentiary submissions, that the requisite amount in controversy is met.  *See Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 551.

1.   Plaintiff Seeks Recovery for Himself and the Putative Class for Damages for Alleged Violations of California Labor Code §§ 226.7 and 512 for Wal-Mart's Failure to Pay for Missed Meal Periods.

Plaintiff's First Cause of Action alleges that "Plaintiff and Class Members were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their full 30-minute off-duty meal breaks.  As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order."  *Compl.* ¶ 25.  California Labor Code § 226.7(c) provides that if an employer fails to provide a proper meal break, it must pay the affected employee an additional hour of pay as a premium.  Thus, Plaintiff seeks one hour of premium pay for each meal break the putative class member missed.  *See Compl.* ¶ 25 ("During pay periods in which Plaintiff and Class Members

---

[2] Wal-Mart denies Plaintiff's allegations and claims of liability and damages, and Wal-Mart further denies that this matter is properly brought and should proceed as a class action.  However, for the purposes of removal, Wal-Mart and this Court must rely on the allegations pled.  *See Standard Fire Ins. Co. v. Knowles*, 568 S. Ct. at 1350 ("CAFA, however, permits the federal court to consider only the complaint that the plaintiff has filed, i.e., *this* complaint, not a new, modified (or amended) complaint that might eventually emerge.") (emphasis in original).

earned non-discretionary remuneration, Defendants improperly paid the meal premium at the base

rate of pay."); *id.* ¶ 26 ("Plaintiff further alleges that Plaintiff and similarly situated employees are

owed wages for the meal period violations set forth above.").

As identified in the Declaration of Todd Stokes, during the period of December 2, 2015

through Dec. 2, 2016[3], Wal-Mart employed at least 53,808 employees within the putative class, and

these individuals earned at least $8 per hour[4] during that time.  Stokes Decl. ¶ 6.  Even if, on

average, the putative class members missed only one meal break per week, Plaintiff's claims would

therefore seek restitution more than $430,464 per week ($8 x 1 meal break x 53,808 employees =

$430,464).  This assumption is conservative, given Plaintiff's allegations that Wal-Mart's failure to

provide meal breaks was "regular" and that Wal-Mart as "a matter of corporate policy and

procedure, regularly failed to pay the meal period premium at the correct rate of pay."  *Compl.* ¶ 25;

*see also Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648-49 (9th Cir. 2012) (finding amount

in controversy requirement satisfied based on estimate of one meal break and one rest break per

week because plaintiff alleged that defendant "regularly and consistently" failed to provide proper

breaks); *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *5 (N.D.

Cal. Mar. 1, 2012) (accepting defendant's "reasonable and conservative estimate" of one missed

meal break and one missed rest break per week).

2.  Plaintiff Seeks Recovery for Himself and The Putative Class for Damages for Alleged
     Violations of California Labor Code § 203 for Wal-Mart's Failure to Timely Pay Final
     Wages.

Furthermore, as part of his First Cause of Action, Plaintiff seeks to recover additional

penalties against Wal-Mart pursuant to California Labor Code § 203.  *See Compl.* ¶ 27 ("Plaintiff

and other members of the Class who have separated from employment are entitled to compensation

pursuant to Labor Code § 203.").  Approximately 53,808 employees in the putative class terminated

their employment with Wal-Mart between December 2, 2015 and December 2, 2016.  Stokes Decl. ¶

6.  Each of these individuals earned at least $8 per hour, which was the minimum wage in the State

---

[3] Plaintiff establishes the relevant time period for this claim as an even longer time period:
December 2, 2012 through December 2, 2016.  *See Compl.* ¶ 11.
[4] The minimum wage in the State of California in 2012 was $8 per hour.

of California in 2012.   This hourly rate multiplied by 8 hours per day for 30 days results in potential

damages of $1,920 per person in waiting penalties ($8 hourly rate x 8 hours x 30 days).[5]

Accordingly, Plaintiff's claim for Section 203 penalties places at least $103,311,360 in controversy

($1,920 per person x 53,808 former employees = $103,311,360).

        3.   <u>Plaintiff Seeks Recovery for Himself and the Putative Class for Attorney's Fees.</u>

        In addition, Plaintiff seeks attorney fees pursuant to California Labor Code 226, as well any

further or alternative relief in his favor that the Court deems appropriate.  *See Compl.*, "Prayer for

Relief."  While Plaintiff fails to allege an amount for attorneys' fees, those fees would further

substantiate a potential award exceeding $5 million.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d

1150, 1156 (9th Cir. 1998).  The Ninth Circuit "has established 25% of the common fund as a

benchmark award for attorney fees" in class actions.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029

(9th Cir. 1998).  Therefore based solely on Plaintiff's alleged subclass seeking Section 203 penalties

above, inclusion of these fees places an additional $25,827,840 in controversy given the potential

damages at issue.  *See e.g., Rodriguez v. Cleansource, Inc.*, No. 14-CV-0789-L (DHB) 2014 WL

3818304, at *4 (S.D. Cal. Aug. 4, 2014) (denying motion to remand where defendant showed

potential damages of $4.2 million because attorney's fees of 25 percent brought the total amount of

controversy to $5.3 million); *see also Deaver v. BBVA Compass Consulting & Benefits, Inc.*, No. 13-

cv-00222-JSC, 2014 WL 21999645, at * 6 (N.D. Cal. May 27, 2014 (accounting for attorney's fees

by adding 25 percent of potential damages to amount in controversy); *Giannini v. Nw. Mut. Life Ins.

Co.*, No. C 12-77 CW, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012)(same); *Jasso*, 2012 WL

699465, at *7 (reasonable to assume attorney's fees valued at 25 percent of common fund on

removal).

        In short, based on the above, a conservative estimate of the amount in controversy (excluding

costs and interests) exceeds the sum or value of $5,000,000.00.

///

///

---

[5] For the purposes of this Notice of Removal, Wal-Mart is using the California minimum wage of $8 per hour as it existed in 2012, although some individual employees within the putative class had higher hourly wages.

1        By filing this Notice of Removal, Wal-Mart does not waive any of its rights to any objections

2   or defenses, including jurisdictional, and expressly reserves the right to amend and supplement this

3   Notice of Removal.

4        WHEREFORE, Wal-Mart prays that the above-entitled action be removed from the Santa

5   Clara County Superior Court to the United States District Court for the Northern District of

6   California, San Jose Division, for all further proceedings.

7        Dated this 5th day of January, 2017.

8                        K&L GATES LLP

9

10                       By:  */s/ Matthew Ball*

11                       Email: matthew.ball@klgates.com

12                       **Attorneys for Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores, Inc.**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

1

## CERTIFICATE OF SERVICE

2

I hereby certify that I have this day served a true and correct copy of the foregoing **NOTICE**

3

**OF REMOVAL** upon the following counsel via the Court's CM/ECF System to:

4

5

ATTORNEYS FOR PLAINTIFF AND CLASS:

6

DIVERSITY LAW GROUP, P.C.
Larry W. Lee, Bar #228175

7

Nicholas Rosenthal, Bar #268297
515 S. Figueroa St., Suite 1250

8

Los Angeles, CA  90071
Tel. (213) 488-6555

9

Emails: lwlee@diversitylaw.com; nrosenthal@diversitylaw.com

10

POLARIS LAW GROUP

11

William Marder, Bar #170131
501 San Cenito St., Suite 200

12

Holllister, CA  95023
Tel. (831) 531-4214

13

Email: bill@polarislawgroup.com

14

HYUN LEGAL, APC

15

Dennis Hyun
515 S. Figueroa St., Suite 1250

16

Los Angeles, CA  90071
Tel. (213) 488-6555

17

Email: dhyun@hyunlegal.com

18

19

K&L GATES LLP

20

21

Dated:   January 5, 2017          By:    */s/ Matthew Ball*
                                         Matthew Ball

22

                                         Attorneys for Defendants Wal-Mart Associates,
                                         Inc. and Wal-Mart Stores, Inc.

23

24

25

26

27

28