# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| — Larry W. Lee (SBN 228175) / Nick Rosenthal (SBN 268297)<br>DIVERSITY LAW GROUP<br>515 S. Figueroa Street, Suite 1250<br>Los Angeles, California 90071<br>TELEPHONE NO.: (213) 488-6555    FAX NO.: (213) 488-6554<br>ATTORNEY FOR *(Name):* Plaintiff Roderick Magadia | E-FILED<br>12/2/2016 9:48:46 AM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>16CV303387<br>Reviewed By:R. Walker |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Roderick Magadia v. Wal-Mart Associates, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **16CV303387** |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Four (4)
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 2, 2016

Larry W. Lee
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

1
**DIVERSITY LAW GROUP, P.C.**
Larry W. Lee, State Bar No. 228175
2
E-mail: lwlee@diversitylaw.com
Nicholas Rosenthal, State Bar No. 268297
3
E-mail: nrosenthal@diversitylaw.com
515 S. Figueroa St., Suite 1250
4
Los Angeles, California  90071
Telephone:    (213) 488-6555
5
Facsimile:    (213) 488-6554

6
**POLARIS LAW GROUP LLP**
7
William L. Marder, State Bar No. 170131
E-mail: bill@polarislawgroup.com
8
501 San Benito Street, Suite 200
Hollister, California  95023
9
Telephone:    (831) 531-4214
Facsimile:    (831) 634-0333
10

Dennis S. Hyun (State Bar No. 224240)
11
E-mail: dhyun@hyunlegal.com
12
**HYUN LEGAL, APC**
515 S. Figueroa St., Suite 1250
13
Los Angeles, California 90071
(213) 488-6555
14
(213) 488-6554 facsimile

15
Attorneys for Plaintiff and the Class

E-FILED
12/2/2016 9:48:46 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
16CV303387
Reviewed By:R. Walker

16
<div align="center">

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

17
**FOR THE COUNTY OF SANTA CLARA**

18
**16CV303387**
</div>

| | |
|---|---|
| 19  RODERICK MAGADIA, individually and on behalf of all those similarly situated, | Case No. |
| 20 | **PLAINTIFF'S CLASS ACTION** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR:** |
| 21 | |
| vs. | **(1) VIOLATION OF LABOR CODE §§ 226.7 AND 512;** |
| 22 | |
| 23  WAL-MART ASSOCIATES, INC., a Delaware corporation; WAL-MART STORES, INC., a | **(2) VIOLATION OF LABOR CODE § 226;** |
| 24  Delaware corporation; and DOES 1 through 50, inclusive, | **(3) VIOLATION OF BUS. & PROF. CODE § 17200, *ET SEQ.*; AND** |
| 25 | |
| 26  Defendants. | **(4) VIOLATION OF LABOR CODE § 2698, *ET SEQ.*** |
| 27 | **(DEMAND OVER $25,000)** |

28

<div align="center">

-1-
</div>

Comes now Plaintiff Roderick Magadia ("Plaintiff"), an individual, by and through his attorneys of record, hereby alleges and complains against Defendants Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc. (collectively, "Walmart" or the "Company"), and Does 1 through 50 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the violations of the California Labor Code §§ 201-203, 226, 226.7, 512, and 558.

2. Venue is proper in Santa Clara County because Plaintiff worked for Defendant in Santa Clara County.

## PARTIES

3. Walmart is a national retailer with locations throughout the United States, including in Santa Clara County, California.

4. On or about June 17, 2008, Plaintiff began employment with the Company as a non-exempt employee at its store in San Jose, California. On or about September 16, 2016, Plaintiff's employment with the Company ended.

## DOE DEFENDANTS

5. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as Does 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and, based thereon alleges, that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff to be subject to the illegal employment practices, wrongs and injuries complained of herein.

## AGENCY STATUS OF EACH DEFENDANT

6. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope

PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

of said agency and employment.

7.      Plaintiff is informed and believes and, based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

8.      At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

9.      At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ALLEGATIONS

10.     On or about June 17, 2008, Plaintiff began employment with the Company as a non-exempt employee at its store in San Jose, California.  On or about September 16, 2016, Plaintiff's employment with the Company ended.  Plaintiff is and was a victim of the policies, practices and customs of Defendant complained of in this action in ways that have deprived Plaintiff of the rights guaranteed by California Labor Code §§ 201-203, 226, 226.7, 512, and 558, and the Unfair Competition Law (the "UCL"), California Business and Professions Code § 17200 *et seq.*

11.     **Class Definition:** The named individual Plaintiff brings this action on behalf of himself and the Class pursuant to California Code of Civil Procedure § 382.  Plaintiff proposes the following classes: (1) all current and former California non-exempt employees of Defendants who received non-discretionary remuneration, including "MYSHARE INCT," and was paid any meal period premium payments in the same period that the non-discretionary remuneration was earned, at any time between

-3-

PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

December 2, 2012, through the present (the "Meal Period Regular Rate Class"); (2) all current and former California non-exempt employees of Defendants who received non-discretionary remuneration, including "MYSHARE INCT," and was paid any meal period premium payments in the same period that the non-discretionary remuneration was earned, at any time between December 2, 2015, through the present (the "Meal Period Regular Rate Wage Statement Sub-Class"); (3) all current and former California non-exempt employees of Defendants who received "OVERTIME/INCT," at any time between December 2, 2015, through the present (the "OVERTIME/INCT Class"); and (4) all former non-exempt employees who worked for Defendants in the State of California and whose employment terminated (whether voluntarily or involuntarily) at any time from December 2, 2015 to the present (the "Final Wage Statement Class"). The Wage Statement Class and Regular Rate Class shall hereinafter be collectively referred to as the "Class" or "Class Members."

12.     **Numerosity:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendant's records, including payroll records. Plaintiff is informed and believe, and based thereon alleges, that Defendant: (a) failed to provide proper payroll records in violation of Labor Code § 226; (b) failed to include all remuneration, including non-discretionary remuneration, in the regular rate of pay for purposes of calculating meal period premium pay; and (c) engaged in unfair business practices in violation of the California Labor Code, the applicable IWC Wage Orders and the UCL.

13.     **Adequacy of Representation**: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

14.     Defendant uniformly administered a corporate policy, practice of: (a) failing to pay to Plaintiff and the Class all meal break premiums owed; (b) failing to provide accurate itemized wage statements; and (c) engaging in Unfair Business Practices, all in violation of IWC Wage Order No 7-2001.

15.     Plaintiff is informed and believes and based thereon alleges that Defendant, in violation of California Labor Code §§ 201-203, 226, 226.7, 512, and 558, had a consistent and uniform policy, practice of willfully failing to comply with Labor Code § 203.  Plaintiff and other members of the Class did not secret or absent themselves from Defendant, nor refuse to accept the earned and unpaid wages from Defendant.  Accordingly, Defendant is liable for waiting time compensation for the unpaid wages to separated employees pursuant to California Labor Code § 203.

16.     **Common Question of Law and Fact:**  There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendant:  (a) failing to provide proper payroll records in violation of Labor Code § 226; (b) failing to include all remuneration, including non-discretionary remuneration, in the regular rate of pay for purposes of calculating meal period premium pay; and (c) engaging in unfair business practices in violation of the California Labor Code, the applicable IWC Wage Orders and the UCL.

17.     **Typicality:**  The claims of Plaintiff are typical of the claims of all members of the Class. Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code §§ 201-203, 226, 226.7, 512, and 558.  As with other non-exempt California employees, Plaintiff was not provided proper and accurate itemized wage statements.  Specifically, the Company violated § 226 failing to identify the correct rates of pay and number of hours worked, for the "OVERTIME/INCT," item of pay, which  is an overtime wage payment.  The Company also did not include the correct rate of premium pay for missed meal periods on Plaintiff's wage statements and the wage statements of other non-exempt employees.  The Company also violated Labor Code § 226 by not providing Plaintiff and other employees with an accurate itemized wage statement with their last pay checks.  Instead the Company provided only a "Statement of Final Pay," which, among other violations, did not specify the inclusive dates for which Plaintiff and other employees were being paid in violation of Labor Code § 226(a)(6).  Therefore, Defendants violated Labor Code § 226 by not providing the requisite itemized wage statements to Plaintiff and other class members.  Additionally, Plaintiff earned non-discretionary incentive pay, including "MYSHARE INCT," which was not factored into the regular rate of pay for purposes of paying meal period premium pay.  Instead, during pay periods in which Plaintiff earned non-discretionary remuneration, Defendants improperly paid the meal premium pay at the base rate of

-5-

1  pay.  Therefore, Plaintiff is a member of the Class and have suffered the alleged violations of California

2  Labor Code §§ 226, 226.7 and 512.

3      18.    The Labor Code and regulations upon which Plaintiff base these claims are broadly

4  remedial in nature.  These laws and labor standards serve an important public interest in establishing

5  minimum working conditions and standards in California.  These laws and labor standards protect the

6  average working employee from exploitation by employers who may seek to take advantage of superior

7  economic and bargaining power in setting onerous terms and conditions of employment.

8      19.    The nature of this action and the format of laws available to Plaintiff and members of the

9  Class identified herein make the class action format a particularly efficient and appropriate procedure to

10  redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the

11  corporate Defendant would necessarily gain an unconscionable advantage since it would be able to

12  exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior

13  financial and legal resources.  Requiring each Class member to pursue and individual remedy would also

14  discourage the assertion of lawful claims by employees who would be disinclined to file an action

15  against their former and/or current employer for real and justifiable fear of retaliation and permanent

16  damage to their careers at subsequent employment.

17      20.    The prosecution of separate actions by the individual Class members, even if possible,

18  would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual

19  Class members against the Defendant and which would establish potentially incompatible standards of

20  conduct for the Defendant, and/or (b) adjudications with respect to individual Class members which

21  would, as a practical matter, be dispositive of the interest of the other Class members not parties to the

22  adjudications or which would substantially impair or impede the ability of the Class members to protect

23  their interests.  Further, the claims of the individual members of the Class are not sufficiently large to

24  warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

25      21.    Such a pattern, practice and uniform administration of corporate policy regarding illegal

26  employee compensation described herein is unlawful and creates an entitlement to recovery by the

27  Plaintiff and the Class identified herein, in a civil action, for unpaid overtime and minimum wages,

28  waiting time wages pursuant to Labor Code § 203, all damages and or penalties pursuant to Labor Code

1    § 226 including interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit

2    according to the mandate of California Labor Code §§ 226 and 558 and Code of Civil Procedure §

3    1021.5.

4            22.     Proof of a common business practice or factual pattern, which the named Plaintiff

5    experienced and is a representative of, will establish the right of each of the members of the Class to

6    recovery on the causes of action alleged herein.

7            23.     The Class is commonly entitled to a specific fund with respect to the compensation

8    illegally and unfairly retained by Defendant.  The Class is commonly entitled to restitution of those

9    funds being improperly withheld by Defendant.  This action is brought for the benefit of the entire Class

10   and will result in the creation of a common fund.

11                          **FIRST CAUSE OF ACTION**

12                 **VIOLATION OF LABOR CODE §§ 226.7 AND 512**

13            **(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

14           24.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 as though fully

15   set forth herein.

16           25.     At all relevant times, Defendants failed in their affirmative obligation to ensure that

17   Plaintiff, and other class members, had the opportunity to take and were provided with off-duty meal

18   periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage

19   Order.  Plaintiff and Class Members were suffered and permitted to work through legally required meal

20   breaks and were denied the opportunity to take their full 30-minute off-duty meal breaks.  As such,

21   Defendants are responsible for paying premium compensation for missed meal periods pursuant to

22   Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order.  Specifically, Labor Code § 226.7(c)

23   provides that "the employer shall pay the employee one additional hour of pay at the employee's regular

24   rate of compensation for each workday the meal or rest or recovery period is not provided."  Defendants,

25   as a matter of corporate policy and procedure, regularly failed to pay the meal period premium at the

26   correct rate of pay.  Plaintiff and Class Members earned non-discretionary incentive pay, such as

27   "MYSHARE INCT," which was not factored into the regular rate of pay for purposes of paying meal

28   period premium pay.  Instead, during pay periods in which Plaintiff and Class Members earned non-

1   discretionary remuneration, Defendants improperly paid the meal premium pay at the base rate of pay.

2   26.   Plaintiff is informed and believe and based thereon alleges that Defendants willfully

3   failed to include all remuneration, including non-discretionary remuneration, in the regular rate of pay

4   for purposes of calculating meal period premium pay, as required by Labor Code §§ 226.7 and 512, and

5   the applicable IWC Wage Order.  Plaintiff further alleges that Plaintiff and similarly situated employees

6   are owed wages for the meal period violations set forth above.

7   27.   Plaintiff is informed and believes, and based thereon allege, that Defendants' willful

8   failure to provide all meal period premium pay and/or wages due and owing them upon separation from

9   employment results in a continued payment of wages up to thirty (30) days from the time the wages

10   were due.  Therefore, Plaintiff and other members of the Class who have separated from employment

11   are entitled to compensation pursuant to Labor Code § 203.

12   28.   Such a pattern, practice and uniform administration of corporate policy as described

13   herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class Members identified

14   herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor

15   Code §§ 201, 202, 203, 226.7 and 512, and the applicable IWC Wage Order, including interest thereon,

16   penalties, and costs of suit.

### SECOND CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

20   29.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 as though fully

21   set forth herein.

22   30.   Defendants failed in their affirmative obligation to provide accurate itemized wage

23   statements.  Defendants, as a matter of policy and practice, did not provide accurate records in violation

24   of Labor Code § 226.

25   31.   Plaintiff and the Class were paid hourly.  As such, the wage statements should have

26   complied with all of the enumerated requirements set forth in Labor Code § 226(a).  The wage

27   statements provided to Plaintiff and the Class Members, however, failed to identify such information,

28   including without limitation, the applicable number of hours worked and rates of pay, as well as all of

PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

the wages owed for unpaid missed meal period premium pay.  Specifically, the Company violated § 226 failing to identify the correct rates of pay and number of hours worked, including for the "OVERTIME/INCT," item of pay, which is an overtime wage payment.  The Company also did not include the correct rate of premium pay for missed meal periods on wage statements issued to Plaintiff and other non-exempt employees.  The Company also violated Labor Code § 226 by not providing Plaintiff and other employees with an itemized wage statement with their last pay checks.  Instead the Company provided only a "Statement of Final Pay," which, among other violations, did not specify the inclusive dates for which me and other employees were being paid in violation of Labor Code § 226(a)(6).  Therefore, Defendants violated Labor Code § 226 by not providing the requisite itemized wage statements to Plaintiff and other class members.

32.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

### THIRD CAUSE OF ACTION

### VIOLATIONS OF THE UCL, BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ*.

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

33.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 as though fully set forth herein.

34.     Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by failing to include all remuneration, including non-discretionary remuneration, in the regular rate of pay for purposes of calculating meal period premium pay in violation of Labor Code §§ 226.7 and 512.

35.     Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

36.     Plaintiff seeks individually and on behalf of all other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies

1    withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of

2    herein.

3           37.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein

4    mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed

5    by California Business and Professions Code § 17200, *et seq.*, including those set forth herein above

6    thereby depriving Plaintiff and other members of the class the minimum working condition standards

7    and conditions due to them under the California laws as specifically described therein.

8                              **FOURTH CAUSE OF ACTION**

9               **VIOLATION OF LABOR CODE SECTION 2698, *ET SEQ.***

10        **(AGAINST ALL DEFENDANTS BY PLAINTIFF AS PROXY FOR STATE)**

11          38.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 as though fully

12   set forth herein

13          39.    Plaintiff brings this cause of action as a proxy for the State of California and in this

14   capacity, seeks penalties on behalf of all Aggrieved Employees for Defendants' violations of Labor

15   Code §§ 201-203, 226, 226.7 and 512, from October 4, 2015, through the present, arising from

16   Defendants' failure to: (a) pay meal premium pay at the correct higher regular rate of pay by not

17   factoring in all non-discretionary remuneration into the regular rate, including "MYSHARE-INCT"; and

18   (b) identify the correct rates of pay and number of hours worked, including for the

19   "OVERTIME/INCT," item of pay, which is an overtime wage payment; (c) provide an accurate

20   itemized wage statement with the final pay paid to separated employees, which, among other violations,

21   did not specify the inclusive dates for which employees were being paid in violation of Labor Code §

22   226(a)(6); pay all wages owed upon separation of employment.  As such, Plaintiff has suffered the

23   alleged violations of California Labor Code §§ 201-203, 226, 226.7, and 512.

24          40.    On or about October 4, 2016, Plaintiff sent written notice to the California Labor &

25   Workforce Development Agency ("LWDA") of Defendants' violations of Labor Code §§ 201-203, 226,

26   226.7, and 512 pursuant to Labor Code § 2698, *et seq.*, the Private Attorney General Act ("PAGA").

27          41.    As of the date of this filing, the LWDA has not provided written notice regarding whether

28   it intends to investigate the Labor Code violations set forth in Plaintiff's written notice and thus allowing

PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

1   Plaintiff to proceed under PAGA against Defendants for said violations. Therefore, Plaintiff may seek

2   any and all applicable penalties under PAGA.

3         42.      As such, pursuant to Labor Code § 2699(a), Plaintiff seeks recovery of any and all

4   applicable civil penalties for Defendants' violation of Labor Code §§ 201-203, 226, 226.7, and 512, for

5   the time periods described above, as a proxy for the State of California and on behalf of other Aggrieved

6   Employees.

7                                    **PRAYER FOR RELIEF**

8         WHEREFORE, Plaintiff prays for judgment to be entered in his favor and against Defendants,

9   and each of them, as follows:

10        1.      For an order certifying the proposed Class;

11        2.      For an order appointing Plaintiff as the representative of the Class;

12        3.      For an order appointing Counsel for Plaintiff as Class counsel;

13        5.      Upon the First Cause of Action, for wages owed at the correct meal period premium pay

14   amount, for waiting time wages according to proof pursuant to California Labor Code § 203, for interest

15   and costs;

16        6.      Upon the Second Cause of Action, for penalties and/or damages pursuant to Labor Code

17   § 226, *et seq.*, for interest, costs, and for attorney's fees;

18        7.      Upon the Third Cause of Action, for restitution to Plaintiff and other similarly affected

19   members of the general public of all funds unlawfully acquired by Defendant by means of any acts or

20   practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

21        8.      Upon the Fourth Cause of Action, for penalties as provided for pursuant to the PAGA;

22        9.      On all causes of action, for prejudgment interest at the prevailing legal rate;

23        10.     On all causes of action, for attorney's fees and costs as provided by California Labor

24   Code §§ 226, and 558, and Code of Civil Procedure § 1021.5 and for such other and further relief the

25   Court may deem just and proper.

26        11.     Costs of suit; and

27   / / /

28   / / /

PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

1    12.    Such other and further relief as the Court may deem proper.

2    DATED:  December 2, 2016                DIVERSITY LAW GROUP, P.C.

3

4                                           By:_____

5                                                   Larry W. Lee
                                            Attorneys for Plaintiff and the Class
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

E-FILED
12/2/2016 9:48:46 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
16CV303387
Reviewed By:R. Walker

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WAL-MART ASSOCIATES, INC., a Delaware corporation;
WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RODERICK MAGADIA, individually and on behalf of all those similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número de Caso):* **16CV303387** |

Superior Court of California, County of Santa Clara
191 N. First Street, San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Larry W. Lee (SBN 228175)/Diversity Law Group,515 S. Figueroa St. #1250,LA, CA 90071,213-488-6555

DATE: **12/2/2016**     Clerk of the Court     Clerk, by _____/s/ R. Walker_____ , Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**ATTACHMENT CV-5012**

## CIVIL LAWSUIT NOTICE
CASE NUMBER: **16CV303387**

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

## READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

> *DEFENDANTS* (The person(s) being sued): **You must do each of the following to protect your rights:**
>
> 1. You must file a **written response** to the *Complaint*, in the Clerk's Office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
> **Warning: If you do not do these three things, you may automatically lose this case.**

*RULES AND FORMS:* You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

> *Your Case Management Judge is:* **Hon. Peter H. Kirwan**          *Department:* **1**
>
> *The 1st CMC is scheduled for:* (Completed by Clerk of Court)
>         *Date:* **03/24/2017**    *Time:* **10:00 am**  in Department **1**
>
> *The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)
>         *Date:* _____    *Time:* _____ in Department _____

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- *The parties* have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### What kind of disputes can be resolved by ADR?
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

### Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?

**Contact:**

Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

E-FILED
12/6/2016 3:36:44 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
16CV303387
Reviewed By:R. Walker

TO:     FILE COPY

RE:                 **Magadia v. Wal-Mart Associates, Inc., et al.**
CASE NUMBER:     **16CV303387**

**ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY**

WHEREAS, the Complaint was filed by Plaintiff RODERICK MAGADIA("Plaintiff") in the Superior Court of California, County of Santa Clara, on December 2, 2016 and assigned  to Department 1 (Complex Civil Litigation), the Honorable Peter H. Kirwan presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including discovery and trial, to Department 1 (Complex Civil Litigation), the Honorable Peter H. Kirwan presiding.

The parties are directed to the Electronic Filing and Service Standing Order and to the Guidelines for the Complex Civil Litigation Department, copies of which may be downloaded from http://www.scscourt.org/forms_and_filing/efiling.shtml.

Electronic service under this Order shall be construed by the Court and all parties to be equivalent to personal service. The two court days extension of time for electronic service under CCP § 1010.6(a)(4) does not apply. Any document for which service has not been completed by 5:00 p.m. is deemed served the following business day.

All parties are hereinafter ordered to submit to the Court's E-Filing website digital copies of all documents that were previously manually filed prior to the entry of this Order.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff RODERICK MAGADIA, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order.  Any response to the objection must be filed within seven (7) days of service of the objection.  The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for **March 24, 2017 at 10:00 a.m. in Department 1** and all counsel are ordered to attend in person.

1

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;
6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed fifteen calendars days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;
3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;
4. Applicability and enforceability of arbitration clauses, if any;
5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);
6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;
7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery.  If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda.  The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case.  The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

If this is a class action lawsuit, a copy of the Court's Guidelines for Motions relating to Class Certification is attached to this Order. The Court may set a briefing schedule for Plaintiff's class certification motion at the time of the conference.

Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings.  This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date:  December 6, 2016                                            Hon. Peter H. Kirwan
                                                                                  Judge of the Superior Court

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

**GUIDELINES FOR MOTIONS RELATING TO CLASS CERTIFICATION**

**DEPARTMENT 1 – COMPLEX CIVIL LITIGATION**

The party moving for or against class certification must present in the moving papers <u>admissible</u> evidence, as required by applicable law, establishing that the elements for certification are, or are not, present.

All facts other than purely rebuttal matters upon which the moving party will rely in the hearing must be set out in evidence submitted with the notice of motion and moving papers.

Each party should address all elements relevant to deciding the appropriateness of class certification. The list of elements set forth below is offered by the Court as a general summary and is not intended to supplant substantive law.

1. Commonality and Predominance
    a. The class definition, including a statement of criteria that putative class members must possess to be eligible for class membership
    b. A description/definition of proposed subclasses, if any
    c. Those issues of law which are common to all class members
    d. Those issues of law which are unique to one or more class members but which must be presented at trial.  In describing these unique issues of law, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
    e. Whether, and if so how, common issues of law predominate
    f. Those issues of fact which are common to all class members
    g. Those issues of fact which are unique to one or more class members but which must be presented at trial.  In describing these unique issues of fact, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
    h. Whether, and if so how, common issues of fact predominate
    i. Conflicts, if any, between class members
2. Ascertainability
    a. The manner in which and the time when the individual class members will be identified if such identification is contemplated
3. Numerosity
    a. The approximate number of persons in the class, and if there are subclasses, the approximate number of persons in each subclass
    b. The basis for the above approximations
    c. The general geographic location[s] of the class members.  If the class is not confined to the state of California, the description should include those locations outside California where class members are located
    d. Whether, and if so why, joinder is impracticable
4. Typicality
    a. Why the claims and status of each of the proposed class representative[s] are typical of those of the proposed class or of the proposed subclass

    b.   Factual and/or legal differences, if any, in the representative's status as a class member and those of any other persons within the class.  If there are subclasses, a factual statement of the subclass of which the representative is a member

    c.   Unique legal and/or factual issues, if any, pertaining to the representative[s] which must be litigated

    d.   Conflicts, if any, between the class representative[s] and the class members

5.  Adequacy

    a.   The adequacy of class counsel, including the ability of class counsel to represent class members with conflicting claims or interest

    b.   The adequacy of the class representative[s], including the ability of the class representative[s] to serve as fiduciaries for class members with conflicting or inconsistent claims or interests

    c.   The issues of law and/or fact which must be litigated between class members

6.  Substantial Benefits/Superiority

    a.   Procedures alternative to a class action which might be used to adjudicate the issues involved in the action

    b.   Why a class action is, or is not, procedurally superior to each alternative procedure, unless superiority is not an element of certifying that cause of action, including a discussion of the ability of the Court to manage the alternative proceedings in relation to its ability to manage the conduct of the class action

    c.   Whether there are substantial benefits to the Court, the parties, and/or the public to proceeding as a class action

7.  Notice

    a.   Counsel requesting class certification should provide specifics regarding necessary notice to class members and the methods proposed for giving notice.

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>DIVERSITY LAW GROUP, P.C.<br>Larry W. Lee, Esq. (SBN 228175); Nicholas Rosenthal, Esq. (SBN 268297)<br>515 South Figueroa Street, Suite 1250<br>Los Angeles, California 90071<br>TELEPHONE NO.: (213) 488-6555   FAX NO. *(Optional):* (213) 488-6554<br>E-MAIL ADDRESS *(Optional):* lwlee@diversitylaw.com; nrosenthal@diversitylaw.com<br>ATTORNEY FOR *(Name):* Plaintiff and the Class | **FOR COURT USE ONLY**<br>E-FILED<br>12/9/2016 4:10:02 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>16CV303387<br>Reviewed By:R. Walker |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS: 191 North First Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Jose, California 95113<br>BRANCH NAME: DOWNTOWN SUPERIOR COURT | |

| PLAINTIFF/PETITIONER: RODERICK MAGADIA, etc.<br><br>DEFENDANT/RESPONDENT: WAL-MART ASSOCIATES, INC., etc.; et al. | CASE NUMBER:<br>16CV303387 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>1398870K |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
   WAL-MART ASSOCIATES, INC., a Delaware corporation

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   CT Corporation System, Agent, Received by Daisy Montenegro, Process Specialist

4. Address where the party was served:
   818 West 7th Street, Suite 930, Los Angeles, California 90017
5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/06/2016   (2) at *(time):* 9:05 a.m.
   b. [ ] **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

| PLAINTIFF/PETITIONER: RODERICK MAGADIA, etc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: WAL-MART ASSOCIATES, INC., etc.; et al. | 16CV303387 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):*  WAL-MART ASSOCIATES, INC., a Delaware corporation
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)       ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)                 ☐ 415.46 (occupant)
                                          ☐ other:

7. **Person who served papers**
  a. Name: Jose Henriquez, Ace Attorney Service, Inc.
  b. Address: 811 Wilshire Boulevard, Suite 900, Los Angeles, California 90017
  c. Telephone number: (213) 623-3979
  d. **The fee** for service was: $
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☑ employee ☐ independent contractor.
      (ii) Registration No.: 2016160583
      (iii) County: LOS ANGELES

8. ☑ I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: December 8, 2016

JOSE HENRIQUEZ                   ▶
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                (SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>DIVERSITY LAW GROUP, P.C.<br>Larry W. Lee, Esq. (SBN 228175); Nicholas Rosenthal, Esq. (SBN 268297)<br>515 South Figueroa Street, Suite 1250<br>Los Angeles, California 90071<br>TELEPHONE NO.: (213) 488-6555      FAX NO. *(Optional):* (213) 488-6554<br>E-MAIL ADDRESS *(Optional):* lwlee@diversitylaw.com; nrosenthal@diversitylaw.com<br>ATTORNEY FOR *(Name):* Plaintiff and the Class | FOR COURT USE ONLY<br><br>E-FILED<br>12/9/2016 4:10:02 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>16CV303387<br>Reviewed By:R. Walker |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS:   191 North First Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:   San Jose, California 95113<br>BRANCH NAME:   DOWNTOWN SUPERIOR COURT | |
| PLAINTIFF/PETITIONER: RODERICK MAGADIA, etc.<br><br>DEFENDANT/RESPONDENT: WAL-MART ASSOCIATES, INC., etc.; et al. | CASE NUMBER:<br>16CV303387 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>1398871K |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  ☑  summons
    b.  ☑  complaint
    c.  ☐  Alternative Dispute Resolution (ADR) package
    d.  ☑  Civil Case Cover Sheet *(served in complex cases only)*
    e.  ☐  cross-complaint
    f.  ☐  other *(specify documents):*

3.  a.  Party served *(specify name of party as shown on documents served):*
        WAL-MART STORES, INC., a Delaware corporation

    b.  ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
            under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
            CT Corporation System, Agent, Received by Daisy Montenegro, Process Specialist

4.  Address where the party was served:
    818 West 7th Street, Suite 930, Los Angeles, California 90017
5.  I served the party *(check proper box)*
    a.  ☑  by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
            receive service of process for the party  (1) on *(date):* 12/06/2016        (2) at *(time):* 9:05 a.m.
    b.  ☐  by substituted service. On *(date):*              at *(time):*            I left the documents listed in item 2 with or
            in the presence of *(name and title or relationship to person indicated in item 3):*

            (1)  ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
                    of the person to be served. I informed him or her of the general nature of the papers.

            (2)  ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
                    place of abode of the party. I informed him or her of the general nature of the papers.

            (3)  ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
                    address of the person to be served, other than a United States Postal Service post office box. I informed
                    him or her of the general nature of the papers.

            (4)  ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
                    at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
                    *(date):*          from *(city):*                     or ☐  a declaration of mailing is attached.

            (5)  ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: RODERICK MAGADIA, etc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: WAL-MART ASSOCIATES, INC., etc.; et al. | 16CV303387 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                                              (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☑ On behalf of *(specify):* WAL-MART STORES, INC., a Delaware corporation
      under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☐ other: |

7. **Person who served papers**
   a. Name: Jose Henriquez, Ace Attorney Service, Inc.
   b. Address: 811 Wilshire Boulevard, Suite 900, Los Angeles, California 90017
   c. Telephone number: (213) 623-3979
   d. **The fee** for service was: $
   e. I am:

   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☑ a registered California process server:
      (i) ☐ owner ☑ employee ☐ independent contractor.
      (ii) Registration No.: 2016160583
      (iii) County: LOS ANGELES

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: December 8, 2016

JOSE HENRIQUEZ
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

E-FILED
12/20/2016 4:08:39 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
16CV303387
Reviewed By:R. Walker

TO:     FILE COPY

RE:                 **Magadia v. Wal-Mart Associates, Inc., et al.**
CASE NUMBER:       **16CV303387**

**ORDER AND NOTICE OF REASSIGNMENT OF CASE**

Please be advised that the above entitled complex case has been reassigned for all purposes, including discovery and trial, to Department 1 (Complex Civil Litigation), the HONORABLE BRIAN C. WALSH presiding, beginning January 3, 2017.

Please note that all hearing dates remain as set (Department 1).

An updated Joint Case Management Statement shall be filed by the parties at least fifteen (15) calendar days prior to the next scheduled Case Management Conference.

Please contact the Complex Civil Litigation Department, (408) 882-2286, if you have any questions.

Date Issued:  December 20, 2016                          Hon. Peter H. Kirwan
                                                         Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DIVERSITY LAW GROUP, P.C.**
Larry W. Lee, State Bar No. 228175
E-mail: lwlee@diversitylaw.com
Nicholas Rosenthal, State Bar No. 268297
E-mail: nrosenthal@diversitylaw.com
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
Telephone:     (213) 488-6555
Facsimile:     (213) 488-6554

**POLARIS LAW GROUP LLP**
William L. Marder, State Bar No. 170131
E-mail: bill@polarislawgroup.com
501 San Benito Street, Suite 200
Hollister, California 95023
Telephone:     (831) 531-4214
Facsimile:     (831) 634-0333

Dennis S. Hyun (State Bar No. 224240)
E-mail: dhyun@hyunlegal.com
**HYUN LEGAL, APC**
515 S. Figueroa Street, Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

E-FILED
12/22/2016
Clerk of Court
Superior Court of CA,
County of Santa Clara
16CV303387
Reviewed By:A. Ramirez

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

RODERICK MAGADIA, individually and on behalf of all those similarly situated,

Plaintiff,

vs.

WAL-MART ASSOCIATES, INC., a Delaware corporation; WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No. 16CV303387

(Assigned to the Honorable Peter H. Kirwan, Dept. 1)

**NOTICE OF ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY AND REASSIGNMENT OF CASE**

**Date:**          **March 24, 2017**
**Time:**          **10:00 A.M.**
**Dept.:**          **1**

-1-

NOTICE OF ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY AND REASSIGNMENT OF CASE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT the Court has deemed the above-referenced case complex within the meaning of California Rules of Court 3.400.  Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of the Court's Order Deeming Case Complex and Staying Discovery, a true and correct copy of which is attached herewith as Exhibit A.  Further, all parties are ordered to pay the complex case fee within ten (10) calendar days of the date of the Order Deeming Case Complex and Staying Discovery.

The Case Management Conference is set for **March 24, 2017**, at 10:00 A.M. in Department 1.  All counsel are ordered to appear in person.  Counsel are ordered to meet and confer in person at least fifteen (15) days prior to the Case Management Conference and discuss the issues set forth in the Order Deeming Case Complex.

A Joint Case Management Conference Statement must be filed fifteen (15) calendar days prior to the First Case Management Conference and must include criteria identified in the attached Order Deeming Case Complex.

Pending further order of the Court, discovery is stayed.  Defendants must file a Notice of Appearance.  Any responsive pleadings shall not be filed or served until a date is set at the First Case Management Conference.

PLEASE TAKE FURTHER NOTICE that attached herewith as Exhibit B, C and D are the Court's Civil Lawsuit Notice, Santa Clara County Superior Court's Alternative Dispute Resolution Information Sheet and Guidelines and Protocols Complex Civil Litigation Department respectively.

PLEASE TAKE FURTHER NOTICE that this case has been reassigned to the Honorable Brian C. Walsh in Department 1, beginning January 3, 2017. All hearing dates remain set. A true and correct copy of this Order is attached herewith as Exhibit E.

DATED:  December 21, 2016

DIVERSITY LAW GROUP, P.C.

By: _____

Larry W. Lee
Attorneys for Plaintiff and the Class

-2-
NOTICE OF ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY AND REASSIGNMENT OF CASE

EXHIBIT A

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

E-FILED
12/6/2016 3:36:44 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
16CV303387
Reviewed By:R. Walker

TO:    FILE COPY

RE:              **Magadia v. Wal-Mart Associates, Inc., et al.**
CASE NUMBER:    **16CV303387**


**ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY**


WHEREAS, the Complaint was filed by Plaintiff RODERICK MAGADIA("Plaintiff") in the Superior Court of California, County of Santa Clara, on December 2, 2016 and assigned  to Department 1 (Complex Civil Litigation), the Honorable Peter H. Kirwan presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including discovery and trial, to Department 1 (Complex Civil Litigation), the Honorable Peter H. Kirwan presiding.

The parties are directed to the Electronic Filing and Service Standing Order and to the Guidelines for the Complex Civil Litigation Department, copies of which may be downloaded from http://www.scscourt.org/forms_and_filing/efiling.shtml.

Electronic service under this Order shall be construed by the Court and all parties to be equivalent to personal service. The two court days extension of time for electronic service under CCP § 1010.6(a)(4) does not apply. Any document for which service has not been completed by 5:00 p.m. is deemed served the following business day.

All parties are hereinafter ordered to submit to the Court's E-Filing website digital copies of all documents that were previously manually filed prior to the entry of this Order.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff RODERICK MAGADIA, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order.  Any response to the objection must be filed within seven (7) days of service of the objection.  The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for **March 24, 2017 at 10:00 a.m. in Department 1** and all counsel are ordered to attend in person.

1

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;
6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed fifteen calendars days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;
3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;
4. Applicability and enforceability of arbitration clauses, if any;
5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);
6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;
7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery.  If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda.  The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case.  The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

If this is a class action lawsuit, a copy of the Court's Guidelines for Motions relating to Class Certification is attached to this Order. The Court may set a briefing schedule for Plaintiff's class certification motion at the time of the conference.

Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date:  December 6, 2016                                    _____Hon. Peter H. Kirwan_____
                                                                          Judge of the Superior Court

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

# GUIDELINES FOR MOTIONS RELATING TO CLASS CERTIFICATION

# DEPARTMENT 1 – COMPLEX CIVIL LITIGATION

The party moving for or against class certification must present in the moving papers <u>admissible</u> evidence, as required by applicable law, establishing that the elements for certification are, or are not, present.

All facts other than purely rebuttal matters upon which the moving party will rely in the hearing must be set out in evidence submitted with the notice of motion and moving papers.

Each party should address all elements relevant to deciding the appropriateness of class certification. The list of elements set forth below is offered by the Court as a general summary and is not intended to supplant substantive law.

1. Commonality and Predominance
   a. The class definition, including a statement of criteria that putative class members must possess to be eligible for class membership
   b. A description/definition of proposed subclasses, if any
   c. Those issues of law which are common to all class members
   d. Those issues of law which are unique to one or more class members but which must be presented at trial.  In describing these unique issues of law, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
   e. Whether, and if so how, common issues of law predominate
   f. Those issues of fact which are common to all class members
   g. Those issues of fact which are unique to one or more class members but which must be presented at trial.  In describing these unique issues of fact, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
   h. Whether, and if so how, common issues of fact predominate
   i. Conflicts, if any, between class members
2. Ascertainability
   a. The manner in which and the time when the individual class members will be identified if such identification is contemplated
3. Numerosity
   a. The approximate number of persons in the class, and if there are subclasses, the approximate number of persons in each subclass
   b. The basis for the above approximations
   c. The general geographic location[s] of the class members.  If the class is not confined to the state of California, the description should include those locations outside California where class members are located
   d. Whether, and if so why, joinder is impracticable
4. Typicality
   a. Why the claims and status of each of the proposed class representative[s] are typical of those of the proposed class or of the proposed subclass

    b. Factual and/or legal differences, if any, in the representative's status as a class member and those of any other persons within the class. If there are subclasses, a factual statement of the subclass of which the representative is a member

    c. Unique legal and/or factual issues, if any, pertaining to the representative[s] which must be litigated

    d. Conflicts, if any, between the class representative[s] and the class members

5. Adequacy

    a. The adequacy of class counsel, including the ability of class counsel to represent class members with conflicting claims or interest

    b. The adequacy of the class representative[s], including the ability of the class representative[s] to serve as fiduciaries for class members with conflicting or inconsistent claims or interests

    c. The issues of law and/or fact which must be litigated between class members

6. Substantial Benefits/Superiority

    a. Procedures alternative to a class action which might be used to adjudicate the issues involved in the action

    b. Why a class action is, or is not, procedurally superior to each alternative procedure, unless superiority is not an element of certifying that cause of action, including a discussion of the ability of the Court to manage the alternative proceedings in relation to its ability to manage the conduct of the class action

    c. Whether there are substantial benefits to the Court, the parties, and/or the public to proceeding as a class action

7. Notice

    a. Counsel requesting class certification should provide specifics regarding necessary notice to class members and the methods proposed for giving notice.

# EXHIBIT B

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

CASE NUMBER: **16CV303387**

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

## READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANTS* (The person(s) being sued):  You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

    Warning:  If you do not do these three things, you may automatically lose this case.

---

*RULES AND FORMS:*  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

    *You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: **Hon. Peter H. Kirwan**                          Department: **1**

The 1st CMC is scheduled for: (Completed by Clerk of Court)

    Date: **03/24/2017**          Time: **10:00 am**          in Department **1**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

    Date: _____          Time: _____          in Department _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

EXHIBIT C

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

## What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

## What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

## What are the main forms of ADR offered by the Court?

**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- *The parties* have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

EXHIBIT D

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

### *GUIDELINES AND PROTOCOLS*

### *COMPLEX CIVIL LITIGATION DEPARTMENT*

Welcome to the Complex Civil Litigation Department of the Superior Court of California, County of Santa Clara.   This is one of seven courts selected by the California Judicial Council where case management principles designed to reduce the time and expense normally associated with complex civil litigation cases  are being employed.

Counsel's familiarity with the applicable *California Rules of Court*, *Local Rules – Superior Court of California, County of Santa Clara* and the *Deskbook on the Management of Complex Civil Litigation* is expected.  A copy of the *Deskbook* may be obtained by contacting LEXIS PUBLISHING at 1-800-833-9844.

In addition, familiarity with the following guidelines and protocols will answer common procedural questions and should assist you in your appearances in this Department.  *Note:  These Guidelines and Protocols are revised from previous versions. Your thoughts and suggestions are always welcome. Significant practice highlights include:*

> *This Department's website is now integrated into the Court's site, www.scscourt.org.*

> *Tentative rulings on motions of all types are posted online by 2:00 p.m. the day prior to the hearing and unless an objection is properly raised by 4:00 p.m. the day prior to the hearing, the ruling will automatically become the Court's order the next day.  For specific information, go to: http://www.scscourt.org/online_services/tentatives/tentative_rulings_Dept1.shtml*

> *Ex parte hearings are limited to two mornings per week and require advance reservation with the Coordinator.  Letter briefs are not acceptable.*

> *Subsequent conference statements are to be in a combined format; see VII. 5.*

> *No discovery motions until the parties have meaningfully met and conferred AND met with the Court for a face-to-face conference.*

> *The Court requires detailed JOINT pre-trial statements in advance of a pre-trial conference where counsel are expected to make concrete suggestions as to efficient trial management.*

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

<div style="border:2px solid black">

## PLAINTIFF MUST SERVE A COPY OF THESE GUIDELINES
## WITH THE SUMMONS AND COMPLAINT.

</div>

## TABLE OF CONTENTS

I.     CONTACT INFORMATION ................................................................................3
II.    INTRODUCTION................................................................................................3
III.   COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE................................4
IV.    GENERAL MATTERS........................................................................................4
V.     EX PARTE APPLICATIONS ...............................................................................4
VI.    LAW AND MOTION ..........................................................................................4
VII.   CASE MANAGEMENT CONFERENCES (CMC) AND OTHER CONF .................4
VIII.  CASE MANAGEMENT AND REFERENCE ORDERS ...........................................4
IX.    MANDATORY SETTLEMENT CONFERENCES (MSC) ........................................4
X.     MINI-TRIALS ...................................................................................................4
XI.    PRE-TRIAL MEET AND CONFER ......................................................................4
XII.   TRIALS - GENERALLY......................................................................................4
XIII.  TRIAL EXHIBITS..............................................................................................4

CV of Judge  Kirwan                                                         20

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

I.   CONTACT INFORMATION

Department 1C – Downtown Superior Courthouse, 191 N 1st Street, Second Floor,
San Jose, CA 95113.

www.scscourt.org

| | | |
|---|---|---|
| Judge | Hon. Peter H. Kirwan | 408-882-2110 |
| Courtroom Clerk | Ingrid Stewart | 408-882-2113 |
| Reporter | Melissa Crawford | 408-882-2115 |
| Bailiff and Deputy Sheriff | Miguel Ramos | 408-882-2111 |
| Coordinator for Complex | Rowena Walker | 408-882-2286 |
| E-Filing Fax: | 408-882-2293 | |
| E-Filing Web Site: | http://www.scefiling.org | |

II.  INTRODUCTION

Complex cases suitable for assignment to the Complex Civil Litigation Department are defined in Rule 3.400, California Rules of Court ("Rules" or CRC). Cases will be assigned to the Complex Civil Litigation Department by the Court's own motion, or on application of any of the parties, pursuant to the procedures specified in Rules 3.401-3.403 and Santa Clara County Local Civil Rule of Court 1(B). Applications for complexity determination shall be heard in the Complex Civil Litigation Department. It is within the Court's discretion to accept or reject a case for complex designation.

In general, cases assigned to the Complex Civil Litigation Department will be managed in accordance with the principles set forth in the Deskbook on the Management of Complex Civil Litigation ("Deskbook").

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

III. COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE

1. The Court expects formality, civility and proper decorum at all times. Witnesses and parties are to be addressed and referred to by their surnames. COURTESY AND RESPECT TOWARDS EVERYONE IN THE COURTROOM IS REQUIRED. Advise all witnesses and parties to observe appropriate courtroom demeanor and punctuality. The civil and courteous treatment of courtroom staff and opposing counsel is a paramount professional obligation of counsel.

2. All pagers, cell phones and other audible electronic devices must be TURNED OFF while in the courtroom whether or not court is in session.

3. Do not approach the clerk or reporter while court is session for any reason, or address the reporter with any request without permission of the Court.

4. Objections, statements and arguments must be addressed to the Court rather than opposing counsel. Counsel may speak from the lectern (if present) or the counsel table. Counsel must stand when objecting or addressing the Court. Counsel may approach any witnesses as necessary only with leave of Court.

5. At the end of each day, counsel must clear work areas including the area in the rear of the courtroom.

6. Use of the department's fax machine or telephone requires the Court's permission.

7. It is counsel's responsibility to note the date and time set for any future hearing. Hearing dates are set by contacting the Coordinator.

8. Copy work is done by staff in the Records Unit. Courtroom staff will not make copies at counsel's request unless directed to do so by the Court. Copy work completed by courtroom staff is subject to the current per-page copy fee.

9. If a peremptory challenge or challenge for cause is upheld, the case will be referred to the Civil Supervising Judge for reassignment.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

### IV. GENERAL MATTERS

1.  The Court expects all counsel to maintain regular communication with each other regarding hearing dates, progress of the case, and settlement possibilities. A condition of remaining in the complex department is that counsel will behave toward all counsel and other participants with civility, courtesy and professionalism, both in and out of Court. Meeting and conferring with opposing counsel on both procedural issues as well as substantive issues is mandated.

2.  The Court believes in open discovery in accordance with the law, but expects counsel to refrain from engaging in excessive and abusive discovery. *See discussion of discovery below*

3.  The Court will require written notice of all hearing dates and decisions. Notice will not normally be "waived."

4.  Continuances of hearing or trial dates are discouraged but may be necessary from time to time. Continuances of trial dates by stipulation are not permitted without prior approval of the Court, and only to a date pre-approved by the Court. Please call the Coordinator for available dates before contacting other counsel. If preliminary approval is given, a written stipulation must be provided before the hearing or trial date. Faxed signatures on stipulations are permitted.

5.  In the event a case settles prior to a court hearing or trial date, parties must file with the Complex Litigation Department either a Notice of Settlement, Request for Dismissal, a Stipulation for Entry of Judgment or a Judgment on Stipulation that is ready for the Court's signature, and must telephonically notify the Court as soon as the disposition is agreed upon. If the applicable document is not ready, counsel must appear at the time scheduled for hearing and recite the settlement for the record.

6.  Cross-complainants must serve a copy of these guidelines upon any new parties and give notice of any scheduled hearings and depositions at the time the cross-complaint is served.

7.  All actions classified as complex or provisionally complex are subject to the Court's Electronic Filing and Service Standing Order, unless exempted by order of the Court for good cause. Further information is posted on the Court's website at *www.scefiling.org*.

### V.   EX PARTE APPLICATIONS

1.  Ex parte appearances are discouraged except in unusual situations. The Court will only hear ex parte matters on Tuesday and Wednesday mornings beginning at 9:00 A.M. provided a time slot is reserved through the Coordinator. Strict compliance with Rule 3.1200-3.1207 of the California

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

Rules of Court is required.  In addition, the ex parte application and all supporting papers, including any proposed pleading, motion or order shall be electronically submitted to the Court's website by noon the Court day prior to the scheduled ex parte hearing date.

2.   The Court is eager to assist counsel when specific problems arise that may not require a formal motion. To arrange a conference with the Court when all counsel agree to the advisability of such a discussion, please contact the Coordinator to reserve a time for the conference.  In these instances "letter briefs" are not acceptable, but briefs on court pleading paper not exceeding 3 pages may be submitted. The Court prefers that discovery conference briefs be lodged via the Court's efiling website at ***www.scefiling.org*** at least two court days in advance of the scheduled conference.

3.   Counsel may appear by telephone, with the Court's prior permission, at counsel's expense.


# VI. LAW AND MOTION

### Briefs and Oral Argument – General Admonitions

Memoranda of points and authorities should be tightly organized and written. The Court is not interested in history except as it pertains to the motion at hand. Adverbs and adjectives are usually not helpful. Invective is useless. When you think you have edited the brief sufficiently, go over it and edit it again. Use spell check. Avoid string cites and footnotes. Out-of-state authority should be used only when necessary. Never omit a point thinking you'll "save it for argument." Organization and candor are essentials. A mere recitation of general black-letter law is of no value.

A retired judge of this Court used to ask counsel at the start of the law and motion calendar, "Are you proud of your briefs?" Since the papers are reviewed by the Court it is not useful to repeat your written arguments. If there are new points you wish to argue, be prepared to explain why they were not included in your papers. This is not only for the sake of efficiency but to comply with due process and provide the other side a fair opportunity to respond. On occasion the Court will invite oral argument; typically this is for the Court to ask questions of counsel. Bring extra copies of essential papers to the hearing.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

1.  Law and Motion matters are generally heard Fridays at 9:00 a.m.

2.  Counsel must first clear the hearing date with the other parties prior to contacting the Coordinator.  You must provide the Court with the name of the case, the case number, type of hearing, hearing date requested and name and telephone number of the filing attorney.

3.  Prior to the hearing of **any** motion, petition or application all counsel and parties representing themselves shall communicate in a good faith effort to eliminate the necessity of the hearing.

4.  Discovery hearings are heard in this department.  Discovery meet and confer obligations require an in-person conference between counsel.  If a resolution is not reached, parties are required to meet and confer in person with the Court for all discovery-related hearings **prior to filing of any discovery motion, unless otherwise authorized by the Court**.  Each side must serve and lodge a short brief, __limited to no more than 3 pages__, briefly discussing the issues to be discussed two court days in advance of the meeting.  To schedule an informal discovery conference (IDC) with the Court, please contact the Coordinator.

5.  Any dates given by the Court relating to this process have no impact on statutory deadlines for filing motions or any other papers, including, but not limited to, the 45-day deadline for filing a motion to compel further responses.

6.  Counsel for moving parties must notify the Court as soon as possible regarding any matter to be taken off calendar or continued.  Notice of continuances of hearings must be provided by the moving party.

7.  Chamber copies of all papers filed should be provided to the Coordinator by the filing party.

8.  The prevailing party must prepare an Order after Hearing in accordance with the requirements of Rule 3.1312.


VII.  <u>CASE MANAGEMENT AND OTHER CONFERENCES</u>

1.  The first case management conference is generally scheduled ninety (90) days after the action is filed.  Plaintiff is required to give notice of this conference date to all other parties.

2.  Case Management Conferences are generally heard Fridays at 10:00 a.m. and are scheduled as necessary to monitor the progress of the case and to assist counsel and the parties as the matter progresses.  The parties should expect the Court to schedule review hearings approximately every sixty to ninety days.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

3. There will be a detailed pre-trial conference 30-60 days before trial to deal with procedural issues and preliminary matters in order to make the trial process as predictable and smooth as possible.

4. The conference may be a time for the Court to discuss trial evidence presentation and use of audio-visual equipment. The conference is not for the purpose of hearing motions in limine. An example of an issue for the conference: Product liability case in which the manner of presenting the underlying case is of concern. Will the Court allow counsel to read the transcript into the record? Live testimony? A combination of transcript and live testimony? Is a trial by jury requested?

5. **Judicial Council Form CM-110, Civil Case Management Statement (required by CRC 3.725(c), is not well-suited for complex cases. Rather, the parties shall file a joint case management statement no later than fifteen  calendar days prior to the hearing for each conference as described below:**

**(a) brief objective summary of the case,(b) significant procedural and practical problems which may likely be encountered, (c) suggestions for efficient management, including a proposed timeline of key events, and (d) any other special consideration to assist the Court in determining an effective case management plan.**

**A status conference statement may be filed as an alternative to the case management statement when appropriate.  A status conference statement is generally less detailed than a case management statement and is to be used to advise the Court of progress or developments in the case which have occurred since the last review hearing.**

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

VIII.   CASE MANAGEMENT AND REFERENCE ORDERS

1.  Case Management Orders are not required in all cases, but may be helpful in cases where the sequencing and timing of key events are necessary in the management of the litigation and preparation of the case for trial.  However, even if a case management order is not necessary in a particular case, all complex cases must be managed by counsel, or the court, or both.

2.  Mediation and Reference matters should not commence until all parties are before the Court but not later than six months after the original complaint was filed, except for good cause.

3.  Mediation and Reference matters should be concluded 12 months after their initiation (approximately 18 months after the original complaint was filed), except for good cause.

4.  Brevity in drafting the Order may help focus your case and assist in reaching the desired goal (i.e., early informed resolution of your case in a cost-effective manner).

5.  After a date is scheduled with the Court, it may not be continued by stipulation of the parties without the Court's consent.  It may be continued for good cause after noticed motion.

IX. MANDATORY SETTLEMENT CONFERENCES (MSC)

1.  No case will be tried before a good faith effort is made to settle.  Counsel must advise the Court as soon as possible, and in no event later than the date the MSC is set, if there is an objection to the trial judge's participation in the mandatory settlement conference.  Mandatory settlement conferences set on the court's calendar are typically set at the time the trial is set, and generally, the final mandatory settlement conference takes place a week to two weeks before the first day of trial, typically on a Wednesday.

2.  Trial counsel, parties and persons with full authority to settle the case must personally attend unless excused by the Court.  If insurance coverage is available to satisfy the plaintiff's settlement demand and a representative of defendant's insurer **with full settlement authority** attends the mandatory settlement conference with defendant's trial counsel, named defendants need not attend unless their personal consent is necessary to settle the case.   Named defendants must also personally attend the mandatory settlement conference when (a) there is an insurance coverage dispute; (b) plaintiff seeks to recover damages not covered by insurance; or (c) plaintiff's demand exceeds insurance policy limits.  **Failure to appear will result in the imposition of sanctions.** Settlement Conference Statements must be filed at least five (5) court days before the scheduled conference (Rule 3.1380).

3.  If a party objects to the trial judge's participation in the MSC, the party must advise the judge or courtroom clerk of its objection prior to the setting of the MSC.  If the parties agree to have the MSC conducted by a judge other than the assigned judge, the parties should first determine the

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

**Complex Civil Guidelines**

other judge's availability before asking the assigned judge to order the settlement conference. However, it is presumed that the judge to whom a case is assigned shall conduct the MSC.

5.   Any request for a waiver of the requirement to personally appear at the MSC, whether conducted by the Court or a special master, must be made by written application to the Court.

## X.  MINI-TRIALS

There may be a pivotal issue, such as a special defense or evidentiary ruling, upon which the rest of the case depends.  If counsel agree, the Court will set aside time before or during the trial to hear mini-trials on such issues.  Time will be appropriately limited.  Briefs and factual stipulations must be submitted in advance.  Limited testimony may be taken, for example, as in an Evidence Code § 402 situation.  Contact the Coordinator to schedule a date and submit a stipulation signed by all affected counsel.

## XI. PRE-TRIAL MEET AND CONFER

Parties' Pre-Trial Conference - At least 20 days before trial, counsel shall meet and confer and execute necessary documents as listed below.  Counsel for the plaintiff shall arrange the conference at a mutually agreeable time and location.

At the conference, the parties shall:

1.  Prepare a **Joint Statement of the Case.**

2.  Prepare a **Joint Witness List**, excluding impeachment or rebuttal witnesses, with real time estimates.

Witness lists should not be exaggerated. Only witnesses that a party expects to actually call should be listed, with a brief synopsis of the proposed testimony. In addition to the list contained in the statements, each list should also be prepared in the form attached as follows. A copy should be sent, in Excel format, to rwalker@scscourt.org.  Witnesses should be listed last name first. Titles (e.g. Dr., Officer) should be placed after the comma following the last name. This is so that lists can be sorted correctly.

As noted above, Counsel should include in their witness list the amount of time they expect to spend on direct examination of each witness. The amount of time should be stated in minutes

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

(*not* days or hours). Counsel must also be prepared to state at the conference how much time they will require for cross-examination of each witness identified on the other party's list.

At the conference the Court will make separate arrangements for the preparation of a joint list, for jury selection purposes, of possible witnesses and persons or entities who might otherwise be mentioned at trial.

Format for Witness Lists

*Plaintiffs' List*

| Witness | Party (P or D) | Direct (min.) | Cross (min.) | Redirect (min. | Total | Subject |
|---------|----------------|---------------|--------------|----------------|-------|---------|
| Smith, John | P | 20 | | 5 | 40 | Formation of contract |
| Brown, Nancy | P | 15 | | 5 | 30 | Breach of contract |
| White, Ron | P | 70 | | 15 | 115 | Damages |
| Black, Peter | P | 60 | | 15 | 105 | Formation of contract |
| Garcia, Dr. Ruth | P | 120 | | 30 | 210 | Damages |
| Rogers, Officer Ted | P | 60 | | 10 | 70 | Arrest of Susan Petersen |

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

*Defendant's List*

| Witness | Party (P or D) | Direct (min.) | Cross (min.) | Redirect (min. | Total | Subject |
|---------|----------------|---------------|--------------|----------------|-------|---------|
| Doe, Edward | D | 20 | | 5 | 35 | Formation of contract |
| Chang, Sam | D | 75 | | 15 | 120 | Damages |
| Martin, Dr. Eric | D | 120 | | 30 | 210 | Damages |

3.  Exchange **exhibits** and inspect photos and diagrams (to be submitted on the date of trial), excluding those contemplated to be used for impeachment or rebuttal. **Stipulate to all facts amenable to stipulation.**

4.  Prepare a **Joint List of Controverted Issues**. If all the parties fail to agree to an issue as controverted or uncontroverted, then the issue is controverted. (Required for both jury and non-jury trials)

5.  Exchange all **motions** in limine, verdict forms, etc.

6.  Prepare *voir dire* **questions** for the Court to include when examining the panel.

7.  Execute the **Statement of Compliance**.

8.  Prepare joint proposed **jury instructions** (CACI only) and exchange disputed instructions.

The above items, including opposition to motions in limine, trial briefs and the Statement of Compliance signed by all counsel, shall be submitted to the Complex Civil Litigation Desk or to the courtroom clerk in the department of the judge to whom the case has been assigned for trial, **no later than noon of the Friday before trial.**

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

XII.   TRIALS - GENERALLY

1.   **General Matters – the following applies to all trials (jury and non-jury):**

   a.   Trials generally will proceed four days a week as follows:  Monday through Thursday (9:00 a.m. to 4:30 p.m.).  The Court will provide the parties, generally at the conclusion of the Mandatory Settlement Conference, a proposed trial schedule.

   b.   Jury deliberations will proceed five days a week, from 9:00 a.m. to 4:30 p.m.

   c.   Trial attorneys should be in the courtroom 15 minutes prior to the start of each morning session.  Punctuality is not only a courtesy to others, it is required.  Counsel should expect that the court will take appropriate action if counsel is late for any appearance and does not have a justification for a late appearance.

   d.   Before rearranging tables or other courtroom furniture, or installing equipment such as projectors or screens, permission must first be obtained from the bailiff or the Court.

   e.   Unless the Court expressly advises otherwise, counsel may not approach a witness who is testifying to hand the witness exhibits, or to help the witness locate portions thereof, without first obtaining the Court's permission.

   f.   Counsel must advised opposing counsel and the Court of the identity of each witness intended to be called by 4:00 p.m. the day preceding the time for the witness of witnesses to testify.

   g.   Counsel presenting their case shall be expected to have witnesses ready to call through at least 4:30 p.m., and may be deemed to have rested their case if they are not prepared to proceed.  Counsel shall advise the Court immediately of any circumstances which may prompt a request for a modification of the established trial schedule.

   h.   Counsel should advise the Court at the outset of the proceedings, or as soon as the issue become apparent, of any legal issues or evidentiary matters that counsel anticipate will require extended time for consideration or hearing outside the presence of the jury.

   i.   If during the course of trial, counsel wish to discuss a matter with the Court and opposing counsel outside of the presence of the jury, counsel MUST advise the Court of this request at the conclusion of the preceding court session and NOT immediately before proceedings are scheduled to resume.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

j.      The amount of jury fees required to be posted in advance of a jury trial is $150.00.  If a case settles after jury fees have been deposited, the jury fees will not be returned unless the Court is notified of the settlement by 2:00 p.m. on the court day preceding the trial date for which the deposit was made.

k.      Counsel must confer in advance of the trial, attempt to stipulate on as many issues and facts as possible, and reduce all stipulations to writing.  The written stipulation is filed and during jury trials is read aloud into the record.

l.      At the end of each day, counsel must clear work areas, including the area in the rear of the courtroom.

2.  **Documents**

By such time as the Court may direct in a pretrial order (normally no later than 12:00 p.m. on the Friday before Monday on which trial is scheduled to begin), counsel for each party shall:

a.      Deliver to the clerk and opposing counsel, a list of the witnesses which the party anticipates calling as part of its case-in-chief, with a succinct (no more than one or two sentences) statement of the general subject matter of the witness' testimony and an estimate of the time that will be required for the direct examination of each such witness.

b.      Deliver to the Court and opposing counsel proposed jury instructions and a proposed form of jury verdict.

c.      Lodge with the clerk the original of all deposition transcripts to be used during the course of the trial.  If counsel anticipates reading from the deposition transcript for any purpose other than impeachment, counsel must deliver to opposing counsel a written specification of the pages and lines proposed to be read.

An extra copy of all motions in limine and supporting and opposing papers filed during trial (including in limine motions, proposed jury instructions and verdict forms and exhibit indices) shall be delivered to the clerk for use by the Court.

Counsel seeking to display to the jury any exhibit which required time and equipment to observe, such as slides, transparencies, movies, videotapes and audiotapes, MUST make such exhibit available to opposing counsel for review prior to commencement of the

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

session of court at which the exhibit will be used. Proceedings will not be delayed to permit such a review if the review has not occurred by the time court is scheduled to begin.

3. **Technology**

   Counsel must meet and confer regarding the use of computers, "elmos", screens and other forms of equipment for showing evidence to the jury or Court. Counsel must confer with court staff regarding the placement and use of any such equipment.

4. **Stipulations**

   Unless counsel states otherwise prior to the commencement of trial, all counsel will be deemed to stipulate:

   1. At the commencement of each session of the Court, all parties, attorneys and jurors are present unless otherwise indicated.

   2. After the first occasion on which the jury has been admonished not to discuss or prejudge the case in conformity with CCP § 611, the jury will be deemed to have been so admonished at every subsequent recess or separation without the need for further admonition; and

   3. Reporting of juror <u>voir dire</u> is waived.

   In addition, counsel will be requested to stipulate that if during the course of trial jurors and alternate jurors become unable to serve so that the total number of jurors and alternate jurors is reduced to fewer than 12, a verdict may be returned by nine of the 11 or by eight of 10 remaining jurors.

5. **Opening and Closing Arguments**

   a.   Counsel should avoid discussing routine matters of court procedure - - such as the sequence of trial -- in opening statements and closing arguments. These matters will be covered by the Court and need not be repeated by counsel.

   b.   Do not display charts, diagrams or proposed exhibits to the jury until they have been shown to opposing counsel outside of the presence of the jury. If opposing counsel indicates no objection, the exhibits or other object may be displayed to the jury without first requesting Court approval. If opposing counsel objects, the

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

exhibit or object may not be displayed without Court approval, which must be requested outside the presence of the jury.

6. **Examination of Witnesses**

   a. <u>Objections:</u> Counsel should only state the legal ground(s) of objection and, unless the Court specifically requests explanation or argument, should refrain from argument, elaboration, or any other form of extended objection-making. Counsel may request permission to approach the side bar to present argument, but should not approach unless and until the Court grants the request.

   b. When calling a witness to testify under Evidence Code section 776, do <u>not</u> announce in the presence of the jury that the witness being called under this provision or as a "hostile" or "adverse" witness. Simply proceed with the examination of the witness; the Court will rule upon the applicability of section 776 only if such a ruling is required by an objection asserted by opposing counsel.

   c. Do <u>not</u> propose a stipulation to opposing counsel in the hearing of the jury unless there is prior agreement of counsel.

7. **Transcripts**

   a. The court reporter is under no obligation to provide transcripts of any portion of the proceedings to counsel during the course of trial. If counsel anticipates requesting a transcript of the testimony of any witness or other proceedings during the course of trial, arrangements should be made with the court reporter <u>in advance</u> so that arrangements can be made to obtain a second court reporter if necessary.

   b. If counsel requests any court reporter to prepare a transcript of any portion of the proceedings, counsel MUST contemporaneously advise opposing counsel of the request and of the precise portions that will be transcribed.

8. **Jury Trials**

   a. Motions in limine and other trial-related preliminary motions (such as Evidence Code § 402) must be submitted in writing before answering ready. Motions *in limine* may be ruled on by the court without hearing. Such motions should be brief

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

and should address specific subject matter. See *Amtower v. Photon Dynamics, Inc.*, (2008) 158 Cal.App.4[th] 1582.

b.   CACI instructions are to be used. Submit proposed instructions in Word format. When reasonably possible, mark up the official version rather than retyping so the changes are apparent to the Court and other counsel. The Court may send at least 4 "clean" sets of instructions provided by counsel into the jury room. "Clean" means just the text of the instruction, as corrected. Plaintiff has the primary, but not exclusive, responsibility to provide the "clean" sets, in binders.

c.   Counsel should consider stipulating to fewer than 12 jurors to try the case. They should also consider stipulating to continue with the trial with fewer than 12 jurors, should one or more be unavailable. Counsel should be prepared to identify the number of alternates that they intend to recommend.

d.   <u>Hardship Requests</u> - Requests by members of the panel to be excused on the ground of undue hardship will be considered by the court prior to beginning voir dire examination.

e.   Jury selection proceeds generally under the "6 pack" method, modified to fit the case. Court and counsel will work out the management of voir dire in accordance with CCP § 225.5 to fit the circumstances of the case. Counsel may submit specific juror questions for the Court to consider asking during voir dire.

f.   Voir dire examination will initially be directed to 18 members of the jury panel seated in the jury box. Any of these 18 panel members excused for cause will be replaced by additional panel members before peremptory challenges begin. Peremptory challenges will then proceed, directed to the first 12 panel members, who will be replaced by the next six panel members in order as any of the 12 are peremptorily challenged. The peremptory challenges will continue until the panel seated in the jury box is reduced to 11 members, at which time additional panel members (normally an additional seven) will be selected and examined prior to resuming peremptory challenges. Whenever there are successive passes from all parties who have not exhausted their challenges, or all parties exhaust their challenges, the jury has been selected and will be sworn. The same process will then continue for the selection of alternate jurors.

g.   All challenges for cause will be heard out of the hearing of the jury panel.

h.   The Court will conduct a detailed voir dire examination. Before concluding questioning, the Court will ask counsel at the side bar whether they wish the Court to address any additional questions to any or all of the panel members, and will

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

permit counsel to examine the panel. An appropriate time limit will be fixed by the Court.

i.  The Court preinstructs the jury once it is empaneled. CACI Instructions relating to the basic responsibilities of the jurors, management of evidence and the like will be given and, in most cases, repeated at the close of trial.

j.  Objections of any kind are to be addressed to the Court (not to other counsel) with a concise statement of the legal grounds. Argument on the objection without invitation by the Court is not permitted. Advise the Court if argument is necessary for the record.

k.  Make no references to charts, models, blowups or other demonstrative evidence in front of the jury unless: (a) it is in evidence; (b) counsel have previously stipulated the item is in evidence; or (c) you have leave of Court to use the reference.

## XIII.   TRIAL EXHIBITS

1.  **Introduction**

   a. The digitalized representations of such exhibits may be presented to the Jury/Court as substitutes for the exhibits themselves. Counsel should keep in mind that one of the purposed of the complex project is to enhance the orderly presentation of evidence to the fact finder, and to maintain the record for potential post trial proceedings.

   b. Exhibits may be in either electronic or physical form. Physical exhibits are not required to be presented in a digitized format. However, at the conclusion of trial the court may order that a photo be substituted and stored electronically in lieu of the physical evidence.

   c. Parties must exchange exhibits excluding documents for bona fide impeachment at the Pre-Trial Meet and Confer. Each counsel must provide the Court with an EXHIBIT LIST describing each exhibit, indicating whether the exhibit is to be admitted into evidence by stipulation.

   d. Counsel must submit to the Clerk original negotiable instruments for cancellation pursuant to Rule 3.1806, unless otherwise ordered by the Court.

2.  **Submission of Exhibits**

   a. Counsel must provide the Court with the exhibits, plus one copy. Exhibits will be marked by the Clerk, as they are identified, in chronological order. Exhibits shall not be pre-marked by counsel.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

b.  Enlargements and transparencies normally will not be admitted into evidence.   Any large exhibit or transparency should be accompanied by an 8½ x 11 version to which the exhibit tag is attached.  Models, etc. should be photographed if proposed as exhibits.  Be sure to discuss evidentiary issues of this nature with opposing counsel.

c.  Interrogatories and Requests for Admissions which are expected to be used at trial must be extracted and lodged with the Court, and a copy given to counsel, at the appropriate time.  In jury trials, questions and answers must be read into the record, subject to proper objections.  The extracts may be submitted as exhibits in a Court trial.  In no case will entire sets of written discovery documents be lodged or received.

d.  Before trial commences, counsel will be asked to sign a stipulation for the return and maintenance of exhibits when the trial is completed.  Plaintiff will maintain joint exhibits, unless otherwise stipulated.

3.  **Use of Deposition Transcripts**

a.  Deposition transcripts which are expected to be used at trial must be lodged with the Court on the first day of trial.  Pertinent provisions must be read into the record in jury trials, subject to proper objections.  In Court trials, extracts may be submitted and marked as exhibits.  In no case will an entire transcript be received.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

## Complex Civil Guidelines

### Hon. Peter H. Kirwan
### Judge, Superior Court, State of California, County of Santa Clara
### 191 North First Street
### San Jose, CA 95113
### Courtroom Clerk Number, Department 1: (408) 882-2110

**Judicial Assignments and Activities:**

**Current: Complex Civil Litigation, January, 2014 - present**
Appointed to the bench, 2006 and re-elected (unopposed) in 2008
Criminal misdemeanor assignment, 2006
Criminal Drug Court assignment, 2008-2009
Civil Trials, October 2009—January 2011
Civil Case Manager, January, 2011-2014
Supervising Judge, Civil Division, January, 2012 – January, 2014
Member, Superior Court Executive Committee, 2013
Chair, Superior Court Summer Intern Program 2011

**Other professional activities:**

Santa Clara County Bar Association-----Civil Practice Committee
Executive Committee and Secretary: William A. Ingram Inn, American Inns of Court, 1988 – present
Frequent lecturer for Continuing Education Programs
Adjunct Professor—Santa Clara University Law School (2006-Present) Mediation
Faculty Member----Lincoln Law School---Mediation Techniques

**Education and Practice Experience:**

J.D., Santa Clara University 1986
B.A., University of California (Berkeley) 1981

Partner and Founder:  Needham, Davis, Kirwan and Young LLP in San Jose----2001-2006

Associate and Partner, Hoge, Fenton, Jones and Appel, Inc. in San Jose----1986---2001

Specialized in business litigation, commercial disputes, insurance litigation and general tort litigation

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised October 5, 2016

**Complex Civil Guidelines**

# EXHIBIT E

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

E-FILED
12/20/2016 4:08:39 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
16CV303387
Reviewed By:R. Walker

TO:     FILE COPY

RE:          **Magadia v. Wal-Mart Associates, Inc., et al.**
CASE NUMBER:     **16CV303387**

**ORDER AND NOTICE OF REASSIGNMENT OF CASE**

Please be advised that the above entitled complex case has been reassigned for all purposes, including discovery and trial, to Department 1 (Complex Civil Litigation), the HONORABLE BRIAN C. WALSH presiding, beginning January 3, 2017.

Please note that all hearing dates remain as set (Department 1).

An updated <u>Joint</u> Case Management Statement shall be filed by the parties at least fifteen (15) calendar days prior to the next scheduled Case Management Conference.

Please contact the Complex Civil Litigation Department, (408) 882-2286, if you have any questions.

Date Issued:  December 20, 2016                    _____Hon. Peter H. Kirwan_____
                                                   Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

**PROOF OF SERVICE**

**(Code of Civil Procedure Sections 1013a, 2015.5)**

STATE OF CALIFORNIA      ]
                               ]ss.

COUNTY OF LOS ANGELES   ]

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 515 S. Figueroa Street, Suite 1250, Los Angeles, California 90071.

      On December 22, 2016, I served the following document(s) described as:  **NOTICE OF ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY AND REASSIGNMENT OF CASE** on the interested parties in this action as follows:

<table>
<tr><td>Wal-Mart Associates, Inc.<br>c/o CT Corporation System<br>818 West 7th Street, Suite 930<br>Los Angeles, California 90017<br><i>Agent for Service of Process</i></td><td>Wal-Mart Stores, Inc.<br>c/o CT Corporation System<br>818 West 7th Street, Suite 930<br>Los Angeles, California 90017<br><i>Agent for Service of Process</i></td></tr>
</table>

   __X__   BY MAIL:  by placing _____ the original or __X__ a true and correct copy thereof enclosed, in (a) sealed envelope(s) addressed to the party(ies) listed above or on the attached mailing list. I am readily familiar with the firm's practice for collection and processing of correspondence and other materials for mailing with the United States Postal Service.  On this date, I sealed the envelope(s) containing the above materials and placed the envelope(s) for collection and mailing on this date at the address above following our office's ordinary business practices.  The envelope(s) will be deposited with the United States Postal Service on this date, in the ordinary course of business.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on December 22, 2016, at Los Angeles, California.

Olympia Peña

# EXHIBIT B

1   Matthew Ball (SBN 208881)
    matthew.ball@klgates.com
2   K&L GATES LLP
    4 Embarcadero Center, Suite 1200
3   San Francisco, CA  94111
    Telephone: +1 415 882 8200
4   Facsimile: +1 415 882 8220

5   Attorneys for Defendants
    Wal-Mart Associates, Inc. and Wal-Mart Stores,
6   Inc.

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF SANTA CLARA

10                           Unlimited Jurisdiction

11  RODERICK MAGADIA, individually and on
    behalf of all those similarly situated,
12
                        Plaintiffs,
13                                                  Case No.: 16CV303387
14           v.                                     NOTICE OF REMOVAL

15  WAL-MART ASSOCIATES, INC., a Delaware
    corporation; WAL-MART STORES, INC., a
16  Delaware corporation; and DOES 1 through 50,
    inclusive,
17
                        Defendants.
18

19  TO:         THE HONORABLE JUDGES OF THE SUPERIOR COURT OF THE STATE OF
20              CALIFORNIA FOR THE COUNTY OF SANTA CLARA;

21  AND TO:     RODERICK MAGADIA, individually and on behalf of all similarly situated, and his
                attorneys of record;
22
23  AND TO:     THE CLERK OF THE ABOVE-ENTITLED COURT

24          **PLEASE TAKE NOTICE** that on January 5, 2017, Defendants Wal-Mart Associates, Inc.

25  and Wal-Mart Stores, Inc. (hereinafter collectively "Wal-Mart"), by and through the undersigned

26
27
28
                                          1
                                  NOTICE OF REMOVAL

1  attorneys, filed a Notice of Removal in this action in the United States District Court for the

2  Northern District of California.

3   A true and correct copy of Defendants' Notice of Removal is attached hereto as Exhibit A,

4  and is herewith served upon Plaintiff and filed with this Court.

5   Dated this 5th day of January, 2017.

6         K&L GATES LLP

7

8         By:_ */s/ Matthew Ball*_____

9         Email: matthew.ball@klgates.com
10        Attorneys for Defendants Wal-Mart Associates,
          Inc. and Wal-Mart Stores, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL