Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Kristen M. Agnew (State Bar No. 247656)
kagnew@ diversitylaw.com
Nicholas Rosenthal (State Bar No. 268297)
nrosenthal@diversitylaw.com
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

William L. Marder, Esq. (State Bar No. 170131)
**Polaris Law Group LLP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333
bill@polarislawgroup.com

Attorneys for Plaintiff and the Class

(Additional counsel on next page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK MAGADIA, individually and on behalf of all those similarly situated,<br><br>            Plaintiff,<br><br>    vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No.: 5:17-cv-00062-LHK<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:          January 11, 2018<br>Time:          1:30 p.m.<br>Courtroom:   8, 4th Floor |

1

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
**HYUN LEGAL, APC**
515 S. Figueroa Street, Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that at 1:30 p.m. on January 11, 2018, before the Honorable Lucy H. Koh, District Judge in Courtroom 8 of the United States District Court for the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, CA 95113, Plaintiff Roderick Magadia ("Plaintiff") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and all others similarly situated, for an order:

1.      Determining that a class action is proper as to the First and Second Causes of Action contained in the Class Action Complaint pursuant to Federal Rule of Civil Procedure 23, on the grounds that (1) the Class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the Class, (3) the class representative's claims are typical of the claims of the Class, and (4) the class representative will fairly and adequately protect the interests of the Class.

2.      Determining that class treatment is appropriate under Federal Rule of Civil Procedure 23(b)(3).

3.      Certifying the following Classes:

      a.      All current and former California non-exempt retail store employees of Defendants who received non-discretionary remuneration, including "MYSHARE INCT," and was paid any meal period premium payments in the same period that the non-discretionary remuneration was earned, at any time between December 2, 2012, through the present (the "Meal Period Regular Rate Class");

      b.      All current and former California non-exempt employees of Defendants who received "OVERTIME/INCT," at any time between December 2, 2015, through the present (the "OVERTIME/INCT Wage Statement Class"); and

      c.      All former non-exempt employees who worked for Defendants in the State of California and whose employment terminated (whether voluntarily or

involuntarily) at any time from December 2, 2015 to the present (the "Final Wage Statement Class").

4. Finding Plaintiff to be an adequate representative and certifying him as the class representative herein.

5. Finding Plaintiff's counsel and their respective firms, namely Larry W. Lee of Diversity Law Group, P.C., Dennis S. Hyun of Hyun Legal, APC, and William L. Marder of Polaris Law Group LLP as adequate class counsel and certifying them as class counsel herein. This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Declarations of Larry W. Lee, Dennis S. Hyun, William L. Marder, Roderick Magadia, Clifford Brown, Patrice Butler, Heather Creador, Terry Hill, Patricia Hogan, Dave Jordan, Sylvia Madera, Zeferina Anne Meza, Monique Murphy, David Quezada, and Shellie Stevens, the accompanying Request for Judicial Notice, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

DATED: October 9, 2017                    DIVERSITY LAW GROUP, P.C.


                                          By:   /s/ Larry W. Lee
                                               Larry W. Lee
                                          Attorneys for Plaintiff and the Class

# **TABLE OF CONTENTS**

**Page**

I.   **INTRODUCTION** ................................................................. 10

II.  **LEGAL PRINCIPLES** ......................................................... 11

    A.   **California Law Requires that All Non-Discretionary Remuneration Be Included in the Regular Rate of Pay, Including for Meal Period Premium Pay** ....................... 11

    B.   **California Law Requires Overtime Wages, Including Defendant's Overtime/Incentive Adjustments, to Specify the Applicable Hourly Rates and Number of Hours Worked on the Employees' Wage Statements** ........................... 14

    C.   **California Law Requires that Pay Periods Be Listed on Wage Statements** ........... 17

III. **FACTUAL AND PROCEDURAL BACKGROUND** ........................................ 18

    A.   **Defendant's Meal Period Policies and Practices** ........................................ 18

    B.   **Defendant's Wage Statement Practices With Respect to Overtime Incentives** ..... 19

    C.   **Defendant's Wage Statement Practices With Respect to Terminated Employees** 19

    D.   **The Common Experiences of Plaintiff and Class Members** ................................ 20

    E.   **Procedural Background** ........................................................................ 20

IV.  **ALL OF THE REQUIREMENTS FOR CLASS CERTIFICATION ARE EASILY ESTABLISHED** .................................................................. 21

    A.   **The Requirements of Fed. R. Civ. P. 23(a) are Met** ................................. 21

        1.   **The Classes Are Ascertainable and Meet Numerosity** ................... 21

        2.   **There Are Common Questions of Law and Fact** ............................ 22

            a.   **The Meal Period Regular Rate Claim Presents a Common Question** ..... 23

            b.   **Plaintiff's Overtime Adjustment Claim Presents a Common Question as to the OVERTIME/INCT Wage Statement Class** ................................. 24

            c.   **Commons Questions Predominate With Respect to Plaintiff's Statement of Final Pay Claim as to the Final Wage Statement Class** ....................... 27

        3.   **Representative Plaintiff's Claims Are Typical** ............................... 29

        4.   **The Adequacy Requirement is Met** ............................................ 29

        **a.  Plaintiff is an Adequate Representative**.......................................................... 30

        **b.  Competent Class Counsel**.......................................................... 30

**B.    The Predominance Requirement of Fed. R. Civ. P. 23(b)(3) is Met**........................ 30

**C.    A Class Action is the Superior Method for Adjudication** .......................... 32

**V.  A CLASS-WIDE TRIAL IS MANAGEABLE**.................................................................... 32

**VI. CONCLUSION** .................................................................................................................... 32

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Abdullah v. U.S. Sec. Assoc.'s, Inc.*, 731 F.3d 952 (9th Cir. 2013) ........................................ 22, 31

*Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781 (N.D. Cal. 2015) ......................................... 28

*Alonzo v. Maximus, Inc.*, 275 F.R.D. 513 (C.D. Cal. 2011) ............................................... 26, 27

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) .............................................................. 22

*Avilez v. Pinkerton Gov't Serv.*, 286 F.R.D. 450 (C.D. Cal. 2012) ............................................ 31

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975)............................................................... 32

*Brewer v. Gen. Nutrition Corp.*, 2015 U.S. Dist. LEXIS 114860 (N.D. Cal. Aug. 27, 2015) 16, 18

*Brewer v. Gen. Nutrition Corp.*, No. 11-CV-3587 YGR, 2014 WL 5877695 (N.D. Cal. Nov. 12, 2014) ................................................................................................................ 12

*Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004 (2012) ....................................... 11

*California Rural Legal Assistance v. Legal Servs. Corp.*, 917 F.2d 1171 (9th Cir. 1990).......... 29

*Californians for Disability Rights v. Dept. of Transp.*, 249 F.R.D. 334 (N.D. Cal. 2008).......... 22

*Cardenas v. McLane FoodServices, Inc.*, 796 F. Supp. 2d 1246 (C.D. Cal. 2011) ..................... 17

*Chavez v. Lumber Liquidators, Inc.*, 2012 WL 1004850 (N.D. Cal. Mar. 26, 2012).................. 23

*Cicairos v. Summit Logistics, Inc.*, 133 Cal.App.4th 949 (2005) ............................................. 24

*Dalton v. Lee Publ'ns., Inc.*, 270 F.R.D. 555 (S.D. Cal. 2010) .................................................. 27

*Delgado v. New Albertson's, Inc.*, 2009 WL 10670628 (C.D. Cal. Dec. 15, 2009).................... 15

*Elliot v. Spherion Pacific Work, LLC*, 572 F. Supp. 2d 1169 (C.D. Cal 2008) .......................... 25

*Escano v. Kindred Healthcare Operating Co.*, 2013 WL 816146 (C.D. Cal. Mar. 5, 2013) ....... 23

*Faulkinbury v. Boyd & Associates, Inc.*, 216 Cal. App. 4th 220 (2013) .................................... 23

*Fields v. West Marine Prods. Inc.*, 2014 WL 547502 (N.D. Cal. 2014) ..................................... 25

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) .......................................... 22, 29, 30

*Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909 (9th Cir. 1964) ............................... 22

*Hernandez v. BCI Coca-Cola Bottling Co.*, 2012 WL 12272348 (C.D. Cal. Apr. 12, 2012) ...... 16

*Jaimez v. Daiohs USA, Inc.*, 181 Cal. App. 4th 1286 (2010) .................................................... 25

*Jimenez v. Allstate Ins. Co.*, 2012 WL 1366052 (C.D. Cal. 2012) ................................ 31

*Leyva v. Medline Indus. Inc.*, 716 F.3d 510 (9th Cir. 2013) ........................................ 31

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund*, 244 F.3d 1152 (9th Cir. 2001).......... 32

*Lopes v. Kohl's Dep't Stores*, Case No. RG08-380189 .................................................. 14

*Lopez v. G.A.T. Airline Ground Support, Inc.*, 2010 U.S. Dist. LEXIS 73029 (S.D. Cal. 2010)

................................................................................................................. ..18, 24, 28, 29

*Marin v. Costco Wholesale Corp.*, 169 Cal. App. 4th 804 (2008), *as modified on denial of reh'g*

(Jan. 21, 2009).................................................................................................. 13

*McKenzie v. Federal Exp. Corp.*, 275 F.R.D. 290 (C.D. Cal. 2011) ...................................... 27, 31

*McKenzie v. Federal Express Corp.*, 765 F. Supp. 2d 1222 (C.D. Cal. 2011) .......... 17, 24, 25, 28

*Morgan v. United Retail, Inc.*, 186 Cal. App. 4th 1136 (2010) .................................... 25

*Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094 (2007) .................................... 11, 12

*Naranjo v. Spectrum Sec. Servs., Inc.*, 172 Cal. App. 4th 654 (2009).......................... 14

*Novoa v. Charter Commc'ns, LLC*, 100 F. Supp. 3d 1013 (E.D. Cal. 2015)........................ 12, 28

*O'Donnell v. TD Ameritrade, Inc.*, 2008 U.S. Dist. LEXIS 49829 (S.D. Cal. 2008).................. 32

*Ontiveros v. Safelite Fulfillment, Inc.*, 231 F. Supp. 3d 531 (C.D. Cal. 2017)........................... 15

*Ortega v. J.B. Hunt Transp., Inc.*, 258 F.R.D. 361 (C.D. Cal. 2009) ........................... 27

*Otsuka v. Polo Ralph Lauren Corp.*, 251 F.R.D. 439 (N.D. Cal. 2008)...................................... 31

*Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138 (2015), *review denied* (Oct. 21, 2015) 12

*Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319 (2004).......................... 32

*Seckler v. Kindred Healthcare Operating Group, Inc.*, 2013 WL 812656 (C.D. Cal. 2013)……

................................................................................................................. 23, 25, 27

*Shiferaw v. Sunrise Senior Living Mgmt., Inc.*, 2014 WL 12585796 (C.D. Cal. June 11, 2014) . 23

*Soto v. Diakon Logistics (Delaware), Inc.*, 2013 WL 4500693 (S.D. Cal. 2013) ................. 25, 27

*Soto v. Motel 6 Operating, L.P.*, 4 Cal. App. 5th 385 (2016) .......................................... 14, 15, 24

*Sperry v. Securitas Sec. Servs., USA, Inc.*, 2014 WL 1664916 (N.D. Cal. Apr. 25, 2014) .......... 17

*Stafford v. Brink's, Inc.*, 2014 U.S. Dist. LEXIS 194677 (C.D. Cal. Aug. 5, 2014)..................... 28

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ................................................... 30

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

*Studley v. All. Healthcare Servs*., Inc., 2012 WL 12286522 (C.D. Cal. July 26, 2012)......... 13, 14

*Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.*, 209 F.R.D. 159

   (C.D. Cal. 2002)........................................................................................................ 29

*United Parcel Serv., Inc. v. Superior Court*, 196 Cal. App. 4th 57 (2011) ................................ 12

*Wert v. U.S. Bancorp*, No. 13-CV-3130-BAS BLM, 2014 WL 7330891 (S.D. Cal. Dec. 18,

   2014) ..................................................................................................................... 13

*Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116 (N.D. Cal. 2014)............................................. 28

**Statutes**

Labor Code § 226(a) ........................................................................................... passim

Labor Code § 226(e) ........................................................................................... 25, 27

Labor Code § 226.7........................................................................................ 11, 12, 14, 20

Labor Code § 226.7(b)…………………………………………………………...10, 12, 13

Labor Code § 510(a) .......................................................................................... 13, 14

**Other Authorities**

Cal. Division of Labor Standards Enforcement ("DLSE") Enforcement Policies and

   Interpretation Manual (June 2002)........................................................................ 12, 13

DLSE Opinion Letter 2002.05.17............................................................... 16, 17, 24

IWC Wage Order No. 7-2001 ............................................................................... 11

IWC Wage Order No. 11-2001 .............................................................................. 12

Sen. Amend. to AB 2509, Aug. 25, 2000 .............................................................. 12

**Rules**

Fed. R. Civ. P. 23............................................................................................... passim

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

## I.   INTRODUCTION

This case presents three undisputed class-wide policies and practices engaged in by Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores, Inc. (collectively, "Defendant" or "Walmart"), all of which can be adjudicated on a class-wide basis.

First, Defendant undisputedly pays meal period premium pay at the base rate of pay, as opposed to the "regular rate." Labor Code Section 226.7(b) states that if an employer fails to provide a meal period as required by law, the employer must pay the employee one hour of pay at his or her "regular rate of compensation." Courts have interpreted "regular rate" in the meal period context as the same as overtime; namely, that an employer must include all non-discretionary remuneration in the regular rate, including incentive pay. For example, if an employee earns a base rate of $10 per hour and earns an incentive of $5.00 in the same pay period, that $5.00 must be factored into the regular rate such that the employee's meal period premium must be paid higher than the base rate of $10.00. Here, Defendant pays employees various items of non-discretionary incentive pay, including "MyShare Incentive." Although Defendant recalculates overtime regular rate to take into account the MyShare Incentive, Defendant, as a matter of admitted policy and practice, does not do the same for meal period premium pay. The issue of whether Defendant must include such pay into the regular rate for meal period premium pay presents a question ideally suited for class treatment which can be adjudicated by cross-motions for summary judgment.

As a completely separate claim, Defendant's undisputed class-wide policy and practice of failing to specify the hourly rates and number of hours worked for its overtime adjustment wages mentioned above, known as "OVERTIME/INCT," also presents a question perfect for class-wide adjudication. Labor Code Section 226(a)(9) requires that all applicable hourly rates and numbers of hours worked in a pay period be specified on the wage statement. Defendant admits that the OVERTIME/INCT item is an overtime wage payment that is calculated by multiplying an adjusted hourly rate taking into account additional non-discretionary incentive pay by the number of applicable overtime hours worked. Nevertheless, Defendant lists this item as a lump sum on the wage statement. Defendant's failure to comply undisputedly prejudices employees

1   because they have no way of determining whether they have been paid correctly for the

2   OVERTIME/INCT.

3        Lastly, Defendant issues to all terminated employees a wage statement entitled

4   "Statement of Final Pay."  This statement, however, fails to list the pay period start and end

5   dates, which undisputedly violates Labor Code Section 226(a)(6), which requires the employer to

6   list the pay periods on the wage statement.  This too precludes an employee from determining

7   whether they have been paid correctly for that final pay period.

8        In sum, as Plaintiff has identified three undisputed class-wide policies and practices, class

9   certification should be granted.

10  **II.   LEGAL PRINCIPLES**

11       **A.    California Law Requires that All Non-Discretionary Remuneration Be
              Included in the Regular Rate of Pay, Including for Meal Period Premium
12            Pay**

13       Labor Code § 226.7 requires employers to provide meal breaks to employees in

14  compliance with the applicable California Industrial Welfare Commission ("IWC") Wage Order,

15  which in this case, is IWC Wage Order No. 7-2001.  Section 11(A) of said IWC Wage Order

16  provides that employees who work in excess of five hours a day must be provided with a 30-

17  minute meal break and, further, that employees who work in excess of ten hours per day must be

18  provided with a second 30-minute meal period.  The 30-minute meal break can be mutually

19  waived if the employee total work shift is 6 hours or less.  Further, as the IWC Wage Order

20  holds, such meal periods must be unfettered – i.e., when taking such meal periods, the employee

21  must be "**relieved of all duty**" during the entire 30-minute meal period.  IWC Wage Order No.

22  7-2001 § 11(C) (emphasis added).  Indeed, this was reiterated by the California Supreme Court

23  in *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041 (2012).

24       Should an employer fail to provide an employee with a meal period pursuant to

25  requirements of the IWC Wage Order, the employer must pay the employee a premium payment

26  of one additional hour of pay for each work day that a meal or rest period is not provided in

27  conformance therewith.  *See* Cal. Lab. Code § 226.7; IWC Wage Order No. 7-2001 § 11(D).

28  Such premium payment, pursuant to the California Supreme Court in the case of *Murphy v.*

*Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094 (2007), is deemed as a wage, and not a penalty. *Id*. at 1114.

Labor Code Section 226.7(b) states that anytime an employee is denied a 30-minute off-duty meal period, the employer must pay the "employee one additional hour of pay at the employee's **regular rate** of compensation...."  (Emphasis added); *see also United Parcel Serv., Inc. v. Superior Court*, 196 Cal. App. 4th 57, 66 (2011) ("the Senate deleted the penalty provision and changed the amount to be paid to employees from twice their rate of hourly compensation to 'one additional hour of pay at the employee's **regular rate of compensation**.'") (Emphasis added, citing Sen. Amend. to AB 2509, Aug. 25, 2000, p. 23); *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1148 (2015), *review denied* (Oct. 21, 2015) ("'[i]f an employer fails to provide an employee a meal ... period in accordance with a[n] ... applicable order of the [IWC] order ..., the employer shall pay the employee one additional hour of pay at the employee's **regular rate of compensation** for each workday that the meal ... period is not provided.'") (emphasis added, quoting Labor Code § 226.7); *Novoa v. Charter Commc'ns, LLC*, 100 F. Supp. 3d 1013, 1022 (E.D. Cal. 2015) ("If an employer fails to provide a meal or rest or recovery period that complies with California law it must pay the employee one additional hour of pay at the **employee's regular rate of compensation**.") (Emphasis added); *Brewer v. Gen. Nutrition Corp*., No. 11-CV-3587 YGR, 2014 WL 5877695, at *6 (N.D. Cal. Nov. 12, 2014) ("Under section 11(D), an employer's failure to provide compliant meal periods requires that the employer pay a premium of one hour's pay at the regular rate "for each workday that the meal period is not provided." Similarly, section 12(B) requires that the employer pay one hour's pay at the regular rate for failure to provide an employee a paid rest period.") (Citing Wage Order No. 11-2001).

Pursuant to California law, employers must include all non-discretionary items of pay, including incentive pay and/or bonuses, into the regular rate of compensation or pay.  Cal. Division of Labor Standards Enforcement ("DLSE") Enforcement Policies and Interpretation

Manual at §§ 49.1, 49.2.4 (June 2002)[1]; *Marin v. Costco Wholesale Corp.*, 169 Cal. App. 4th 804, 807 (2008), *as modified on denial of reh'g* (Jan. 21, 2009) ("Where a bonus payment is considered a part of the regular rate at which an employee is employed, it must be included in computing his regular hourly rate of pay and overtime compensation."); *Wert v. U.S. Bancorp*, No. 13-CV-3130-BAS BLM, 2014 WL 7330891, at *3 (S.D. Cal. Dec. 18, 2014) ("'Regular rate of pay' [under California law] takes into account compensation beyond the normal hourly rate, including commissions and non-discretionary bonuses.") (Citing Cal. Labor Code § 510(a)).

For example, if an employee's base rate of compensation is $10 per hour and that employee does not earn any non-discretionary pay in the same pay period, the regular rate of compensation would also be $10 per hour.  However, if the employee does in fact earn additional incentive compensation, such as the MyShare Incentive, during the same time period he/she works the overtime hours, the respective employee's regular rate of pay should be increased by taking into account the incentive pay.  In the $10/hr example, the overtime rate of 1.5 times the regular rate would not be $15/hr, but a rate that is slightly higher than $15/hr given the additional incentive built into the regular rate.  Indeed, Defendant here makes adjustments to employee's overtime pay based on the OVERTIME/INCT item, but fails to do so whenever it pays the meal period premium for missed meal breaks.

As it relates to this case, Courts have interpreted the "regular rate" language as mandating that all non-discretionary remuneration also be included in the meal period premium calculation (as with overtime).  For example, the District Court in *Studley v. All. Healthcare Servs.*, Inc., 2012 WL 12286522, at *4 (C.D. Cal. July 26, 2012), held that the same regular rate analysis applies to the calculation of meal period premiums:

> Because the compensation provided in Section 226.7(b) "is not a penalty, but a form of 'premium wage' paid to employees to compensate them for an adverse condition they have encountered during their work hours," it "is akin to overtime pay, which is another form of premium pay." [Citation].  This statute uses the same language "regular rate" employed for other premium pay

---

[1] The relevant portions of the DLSE Manual cited herein is attached to Plaintiff's Request for Judicial Notice ("RJN") as Exhibit "A."

rates, such as overtime.  Alliance has failed to present any authority or persuasive argument for why, in the face of the plain language of the statute, it ought to be interpreted differently from other California Labor Code provisions employing the same language.  **In light of the use of this identical language, and the absence of any authority indicating that the phrase "regular rate" ought to be used differently in Section 226.7 than in Section 510, the Court concludes that the "regular rate of compensation" owed is the same as the "regular rate of pay" as stated in Section 510 and calculated according to the FLSA, and not the base rate of pay.**

*Id.* at *4 (citing *Naranjo v. Spectrum Sec. Servs., Inc.*, 172 Cal. App. 4th 654, 666 (2009), emphasis added).

The Court in *Lopes v. Kohl's Dep't Stores*, Case No. RG08-380189, also held that meal period premium pay must be paid at the regular rate, such that all non-discretionary remuneration must be factored into the regular rate.  The *Lopes* Court found that the plain language of "regular rate of pay" mandated that all non-discretionary remuneration be included:

> The court recognizes the merits of both arguments, but on balance concludes that Plaintiffs are correct. **The bottom line is that "pay" and "compensation" are synonyms and, had the legislature intended to have the measure here be something like "base" compensation rather than the regular rate of pay, it would have chosen a different term or phrase to communicate that rather than just a synonym.** The court needs more than the defense has provided to import so much meaning into the choice of one word rather than another in this context. The fact of the matter is that drafting is sometimes careless and a difference of this sort cannot support the weight Kohl's would place on it.

(Stmt. of Decision at p. 12, emphasis added, attached as Exhibit "C" to RJN).

## B. California Law Requires Overtime Wages, Including Defendant's Overtime/Incentive Adjustments, to Specify the Applicable Hourly Rates and Number of Hours Worked on the Employees' Wage Statements

The Court of Appeal in *Soto v. Motel 6 Operating, L.P.*, 4 Cal. App. 5th 385, 392-93 (2016), explained that an employer must specify all of the enumerated information contained in Labor Code Section 226(a) (including applicable hourly rates and numbers of hours worked) for any item of "**current compensation**."  In other words, any item being paid to an employee on a paycheck must comply with Labor Code Section 226(a).  As the *Soto* Court noted:

As Soto recognizes, "'The purpose of requiring greater wage stub information is to insure that employees are adequately informed of compensation received and are not shortchanged by their employers'" (quoting Assem. Com. On Labor and Employment, Analysis of Sen. Bill No. 1255 (2011–2012 Reg. Sess., italics added).)  Consistent with this purpose, **an employer is required to identify only those statutory items that are part of the employee's current monetary compensation.**

*Id.* at 392-93 (emphasis added).

Other courts have reached the same conclusion.  The District Court's holding in *Ontiveros v. Safelite Fulfillment, Inc.*, 231 F. Supp. 3d 531, 540-41 (C.D. Cal. 2017), is directly on-point.  In *Ontiveros*, the employer paid its hourly employees a non-discretionary bonus.  Whenever the employees worked overtime and earned the bonus in the same pay period, the employer paid the employees an additional overtime adjustment.  Identical to Walmart, the employer failed to specify the applicable hourly rates and numbers of hours worked for the overtime wage adjustment.  Thus, the District Court granted summary judgment for the employees:

> **[T]he Court agrees with Plaintiff that Safelite's wage statements were deficient for failing to report overtime wages associated with installation bonuses.** It is undisputed that Plaintiff earned additional overtime wages if he worked overtime during the same period that an installation bonus was earned, as this bonus would lead to an increase in his regular rate under 29 C.F.R. § 778.109. [Doc. # 46 at 16–17, ¶ 22.] It is also undisputed that when Plaintiff earned installation bonuses, his wage statements reflected both the underlying bonus earned **and the additional overtime wages owed as a single line item.** [Id. at 17, ¶ 23.] **Finally, it is undisputed that the wage statement does not have information from which Plaintiff could calculate the additional overtime owed as a result of participation in the installation bonus program.** [Doc. # 39–2 at 71.] The Court concludes that the "regular rate" is an "applicable hourly rate." **As such, the law requires that the regular rate appear on the face of the wage statement or else be ascertainable from the information included therein. Because it was not possible to promptly and easily determine the regular rate from the wage statements when an employee was enrolled in the installation bonus program, the statements were deficient.**

*Id.* at 540-41 (emphasis added); *see also Delgado v. New Albertson's, Inc.*, 2009 WL 10670628, at *5 (C.D. Cal. Dec. 15, 2009) (holding that employer was required to specify all overtime

hourly rates); *Hernandez v. BCI Coca-Cola Bottling Co.*, 2012 WL 12272348, at *8 (C.D. Cal. Apr. 12, 2012) (holding that the employer's listing of incorrect overtime adjustments violated Labor Code Section 226(a)(9)).

*Brewer v. Gen. Nutrition Corp.*, 2015 U.S. Dist. LEXIS 114860 (N.D. Cal. Aug. 27, 2015) is similarly instructive. Similar to here, the wage statements at issue in *Brewer* omitted the inclusive pay period and the applicable overtime rates. The defendant-employer moved for summary judgment, in part, on the grounds that "employees could readily determine their overtime rate by simple division." *Id*. at *30. The *Brewer* Court flatly rejected this argument, noting that "the statute is quite explicit in its requirements that the wage statement must include…'all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.'" *Id*. Furthermore, the defendant's "practice of listing on wage statements only the overtime hours but not the rate used…made confirming the correctness of the total wages paid more difficult for its employees." *Id*. Based on this evidence, the Court denied the employer's request for summary judgment.

The DLSE has also concluded that an employer's adjustments to an employee's pay must comply with Labor Code Section 226(a). The DLSE was presented with a virtually identical situation when an employer sought an opinion letter as to whether it was required to specify the number of hours worked and applicable hourly rate for an overtime adjustment. DLSE Opinion Letter 2002.05.17 (attached as Exhibit "B" to RJN). The employer issued pay adjustments to its employees for overtime, but did not list the hourly rates or number of hours worked for these "adjustments." *Id*. The DLSE found that this practice could violate Labor Code § 226(a) if "it is left to the employee to add up the daily hours shown on the time cards or other records so that the employee must perform arithmetic computations to determine the total hours worked during the pay period." *Id*. (emphasis in original).

Indeed, as explained by the DLSE:

> As a general rule, the obligation to list the total hours worked during the pay period can only be satisfied by listing the precise, actual number of hours worked. The only express exception to this requirement is that hours worked need not be listed for "any

> employee whose compensation is solely based on a salary *and who is exempt from payment of overtime*…. With the enactment of AB 2509, the Legislature amended Labor Code § 226 to require the listing of hours worked for all non-exempt employees, whether they are paid by salary, commission, piece rate, or on an hourly basis. The reason for this requirement is simple enough – it is designed to provide the employee with a record of hours worked, and to assist the employee in determining whether he has been compensated properly for all of his or her hours worked. The failure to list the precise number of hours worked during the pay period conflicts with the express language of the statute and stands in the way of the statutory purpose. Thus, the answer to … whether it is permissible under section 226 to list 86.67 hours in the itemized wage statement when that is not a precise reflection of the number of hours worked in the pay period – is no, this practice violates Labor Code § 226.

DLSE Opinion Letter 2002.05.17 (emphasis in original).

It is well-settled that DLSE opinion letters are "persuasive" authority and are routinely relied upon by courts in construing California's wage and hour laws. *See*, *e.g.*, *Cardenas v. McLane FoodServices, Inc.*, 796 F. Supp. 2d 1246, 1252 (C.D. Cal. 2011) (finding DLSE opinion letter "persuasive" authority in following it to find the defendant's conduct unlawful); *Sperry v. Securitas Sec. Servs., USA, Inc.*, 2014 WL 1664916, *7 (N.D. Cal. Apr. 25, 2014) ("federal courts in California have nonetheless recognized [DLSE opinion letters'] persuasive value on matters pertaining to Labor Code compliance.").

### C.   California Law Requires that Pay Periods Be Listed on Wage Statements

Courts routinely find in favor of plaintiffs on Labor Code § 226(a)(6) claims where the employer fails to indicate the pay period start date on the wage statements. For example, in *McKenzie v. Federal Express Corp.*, 765 F. Supp. 2d 1222 (C.D. Cal. 2011), the plaintiff employee filed a lawsuit against her former employer for a violation of Labor Code § 226(a)(6). *Id*. at 1225. The plaintiff in *McKenzie* asserted that the wage statements issued by her employer failed to identify the pay period begin/start date. *Id*. at 1226.

Based upon such facts, the *McKenzie* plaintiff sought summary judgment as to her claim. In granting summary judgment in favor of the *McKenzie* plaintiff, the Court held that the employer failed to comply with Labor Code § 226(a)(6) due to the undisputed fact that the wage statements issued by the employer did not identify the pay period start/begin dates. *Id*. at 1229-

31.

An identical conclusion and granting of summary judgment in favor of plaintiff on a 226(a)(6) claim can also be seen in *Lopez v. G.A.T. Airline Ground Support, Inc.*, 2010 U.S. Dist. LEXIS 73029 at *17-*20 (S.D. Cal. 2010), wherein the District Court also found that summary judgment was proper because the employer's wage statements failed to identify the pay period start/begin date. *See also Brewer*, 2015 U.S. Dist. LEXIS 114860 at *30.

## III.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Defendant's Meal Period Policies and Practices

Defendant schedules meal breaks for all of its non-exempt retail store employees. (Stokes Depo. 35:22-36:9).[2]  Certain departments, such as the cashiers, front door greeters, and gas station employees need to be relieved by another employee before taking their meal breaks. (Stokes Depo. 36:10-37:18).

Consistent with California law, Defendant's policy provides that 30-minute off-duty meal periods must be provided within the first five hours of work to non-exempt employees.  (Stokes Depo. 35:4-11, 38:19-40:13, Ex. 5 at WM_MAGADIA000424-425).  If an employee does not receive a meal period in compliance with this requirement, the employee receives an additional hour of pay, otherwise known as a meal period premium.  (Stokes Depo. 40:14-25, Ex. 5 at WM_MAGADIA000424-425).  Further, pursuant to Defendant's policy, the additional hour is paid at the employee's "regular rate of pay."  (Stokes Depo. 41:1-7).  However, Defendant interprets the "regular rate of pay" as meaning "base rate of pay," such that if an employee's base rate of pay is $10 per hour, that employee's meal period premium would also be only $10 per hour.  (Stokes Depo. 41:8-17).  Thus, Defendant's policy and practice throughout the class period has been to pay meal period premiums at the base rate of pay, regardless of whether the

---

[2] Deposition testimony cited herein will be referenced as "[Deponent's Last Name]:[page]:[lines]" and "Ex. [Number]."  The deposition testimony and exhibits referenced herein of Mr. Stokes deposition transcript are attached to the Declaration of Larry W. Lee as Exhibit B, filed herewith.  As set forth in the Administrative Motion to File Documents Under Seal, Defendant has designated Deposition Exhibits 5 and 6 as confidential.

employee has also earned non-discretionary incentive pay during the same pay period.  (Stokes Depo. 51:13-52:8, 73:22-74:20, 75:16-21).

MyShare Incentive is one form of non-discretionary incentive pay that Defendant has paid quarterly throughout the class period.  (Stokes Depo. 53:15-54:14, 55:16-56:4, Ex. 6).  Defendant also has paid other forms of non-discretionary pay, including health and wellness bonuses, and Sunday premiums, *i.e.*, premium pay for working on Sundays (2012-2016).  (Stokes Depo. 63:7-9, 65:17-66:15).

Whenever there is a failure to provide a meal period in compliance with the law, *i.e.*, a meal period of less than 30 minutes, taken after the 5th hour of work, or no meal period taken at all, Defendant's supervisors will conduct investigations into the matter using a meal period investigation form.  (Stokes Depo. 44:4-45:7, 47:9-25, 48:7-9).  Thus, Walmart documents the reasons for the violation.  (*Id.*)  Upon by such confirmation of a meal break violation, Walmart then pays the employee a meal break premium – albeit at the base rate of pay, and not the regular rate of pay.

**B.      Defendant's Wage Statement Practices With Respect to Overtime Incentives**

Throughout the applicable class period, Defendant has paid its non-exempt California employees an item called "OVERTIME/INCT," which is additional overtime wage being paid to an employee if she/he earns non-discretionary remuneration in the same pay period as the overtime worked and earned.  (Stokes Depo. 66:20-68:3, 69:14-70:4, 76:9-77:21, Ex. 3).  In other words, Defendant will adjust the employee's regular rate of pay taking into account any non-discretionary pay, such as MyShare Incentive, and use that higher, adjusted regular rate to calculate additional overtime pay to the employee.  (*Id.*)  Although the "OVERTIME/INCT" is an overtime payment, Defendant lists it as a lump sum on the employee's check without listing the applicable hourly rates and numbers of hours worked for the overtime pay.  (Stokes Depo. 68:5-69:13).

**C.      Defendant's Wage Statement Practices With Respect to Terminated Employees**

For all terminated employees, Defendant prints and issues these employees a wage

statement entitled, "Statement of Final Pay".  (Stokes Depo. 82:4-25).  Throughout the relevant

time period, all Statements of Final Pay issued to California employees are in the same format.

(Stokes Depo. 84:14-25).  Also, throughout the relevant time period, Defendant's Statements of

Final Pay do not contain the pay period start or end dates.  (Stokes Depo. 89:14-90:4, 90:23-91:1,

Ex. 8).

**D.  The Common Experiences of Plaintiff and Class Members**

Plaintiff was always paid his meal period premiums at his base rate of pay in the same

pay periods in which he earned additional non-discretionary incentive pay, such as the MyShare

Incentive.  (Stokes Depo. 74:21-75:16, Ex. 3).  Plaintiff also received wage statements

containing the "OVERTIME/INCT" item, which failed to specify the hourly rates and numbers

of hours worked.  (Magadia Decl. Ex. A).  Plaintiff also received a Statement of Final Pay which

failed to list the pay periods start or end dates.  (Magadia Decl. Ex. B).

With respect to meal periods, Class members were not free to take their meal periods

whenever they wanted.  (Brown Decl. ¶ 3, Butler Decl. ¶ 3, Creador Decl. ¶ 3, Hill Decl. ¶ 3,

Hogan Decl. ¶ 3, Jordan Decl. ¶ 3, Madera Decl. ¶ 3, Magadia Decl. ¶ 3, Meza Decl. ¶ 3,

Murphy Decl. ¶ 3, Quezada Decl. ¶ 3, Stevens Decl. ¶ 3).  Rather, Class Members had their meal

periods scheduled by management and were not able to take their meal periods unless instructed

by management to do so.  (Brown Decl. ¶ 3, Butler Decl. ¶ 3, Creador Decl. ¶ 3, Hill Decl. ¶ 3,

Hogan Decl. ¶ 3, Jordan Decl. ¶ 3, Madera Decl. ¶ 3, Magadia Decl. ¶ 3, Meza Decl. ¶ 3,

Murphy Decl. ¶ 3, Quezada Decl. ¶ 3, Stevens Decl. ¶ 3).  Further, if there were any changes to

the meal period scheduling, such changes were made by managers alone.  (Brown Decl. ¶ 3,

Butler Decl. ¶ 3, Creador Decl. ¶ 3, Hill Decl. ¶ 3, Hogan Decl. ¶ 3, Jordan Decl. ¶ 3, Madera

Decl. ¶ 3, Magadia Decl. ¶ 3, Meza Decl. ¶ 3, Murphy Decl. ¶ 3, Quezada Decl. ¶ 3, Stevens

Decl. ¶ 3).

**E.  Procedural Background**

On December 2, 2016, Plaintiff filed this lawsuit in the Santa Clara Superior Court.

Plaintiff's Complaint asserts the following claims: (1) violation of Labor Code §§ 226.7 and 512;

(2) violation of Labor Code § 226(a); (3) violation of the Private Attorney Generals Act (the

1  "PAGA"), California Labor Code § 2698, *et seq.*; and (4) violation of California Business &

2  Professions Code Section 17200, of the Unfair Competition Law or "UCL."

3        On January 5, 2017, Defendant removed this case to this Court, alleging jurisdiction

4  under the Class Action Fairness Act (the "CAFA").  Since this case's removal, Plaintiff has been

5  diligent in conducting discovery.  Specifically, Plaintiff had to file discovery letter briefs to

6  obtain discovery relating to Defendant's defenses, the *Belaire-West* opt-out notice, and a

7  deposition date for Defendant's FRCP 30(b)(6) witnesses.  (*See* Dkt. Nos. 31, 35 & 45).

8        On June 21, 2017, this Court granted in part, Plaintiff's Administrative Motion on the

9  *Belaire-West* Opt-Out Process.  (Dkt. No. 33).  As such, on July 11, 2017, the *Belaire-West* opt-

10  out notice was distributed to class members.  The opt-out deadline passed on August 10, 2017.

11  Therefore, the Administrator provided a list containing over 88,000 individuals.  (Declaration of

12  Larry W. Lee ("Lee Decl.")).  In response, countless putative class members contacted Plaintiff's

13  counsel, some of whom have submitted their declarations in connection with this Motion for

14  Class Certification.  (Lee Decl. ¶ 4).

15        On September 1, 2017, Plaintiff's counsel took the deposition of Defendant's FRCP

16  30(b)(6) witnesses.  (Lee Decl. ¶ 3).

17  **IV.   ALL OF THE REQUIREMENTS FOR CLASS CERTIFICATION ARE EASILY**

18        **ESTABLISHED**

19        Rule 23 of the Federal Rules of Civil Procedure authorizes class actions when the class is

20  so numerous that joinder of all members is impracticable, there are questions of law or fact

21  common to the class, the claims or defenses of the representative parties are typical of the claims

22  or defenses of the class, and the representative parties will fairly and adequately protect the

23  interests of the class. *See* Fed. R. Civ. P. 23(a). Additionally, the requirements of at least one

24  subsection of Rule 23(b) must be satisfied.

25        **A.   The Requirements of Fed. R. Civ. P. 23(a) are Met**

26              **1.   The Classes Are Ascertainable and Meet Numerosity**

27        There can be no dispute that the Class Plaintiff seeks to certify is ascertainable and

28  sufficiently numerous. Rule 23(a)(1) requires the proposed class to be "so numerous that joinder

1    of all members is impracticable." "'Impracticability' does not mean 'impossibility,' but only the

2    difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine*

3    *Estates, Inc.*, 329 F.2d 909, 913-914 (9th Cir. 1964) (citation omitted).

4         Here, with respect to the OVERTIME/INCT Wage Statement Class, Defendant has

5    identified 75,791 individuals who received this item of pay on their wage statements during the

6    relevant time period.  (Def.'s Response to Interrogatory No. 1, attached as Exhibit A to Lee

7    Decl.).  Defendant has identified 67,221 individuals who received a Statement of Final Pay from

8    Defendant during the relevant time period.  (Def.'s Response to Interrogatory No. 3, attached as

9    Exhibit A to Lee Decl.).  Finally, Defendant has identified 51,824 individuals who were paid any

10    meal period premiums and additional non-discretionary pay in the same pay period.  (Stokes

11    Depo. 93:2-18).  Thus, not only are each of the classes sufficiently numerous, but clearly

12    ascertainable from Defendant's own records.

13                **2.**      **There Are Common Questions of Law and Fact**

14         The proposed classes satisfy the commonality requirement. There must be "questions of

15    law or fact common to the class."  Fed. R. Civ. P. 23(a)(2). This requirement "has been

16    construed permissively."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

17    Indeed, "[t]he existence of even one significant issue common to the class is sufficient to warrant

18    certification." *Californians for Disability Rights v. Dept. of Transp.*, 249 F.R.D. 334, 346 (N.D.

19    Cal. 2008); *see also Abdullah v. U.S. Sec. Assoc.'s, Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) ("all

20    that Rule 23(a)(2) requires is 'a single significant question of law or fact'").  Commonality is

21    satisfied "where the lawsuit challenges a system-wide practice or policy that affects all of the

22    putative class members."  *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001).  This case

23    contains three distinct issues, each of which contains only a limited question of law and fact and

24    which easily satisfies the commonality/predominance requirement as to the Class seeking

25    certification in this action.

26    ///

27    ///

28    ///

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

1

2

a.      The Meal Period Regular Rate Claim Presents a Common
        Question

3

4       Here, the question of whether Defendant properly calculates the meal period premium is

5  an undisputed question of law and fact that can be adjudicated class-wide.  Specifically, did

6  Defendant violate the law by failing to include all non-discretionary remuneration into the meal

7  period premium, including MyShare Incentive?  Defendant does not dispute that it pays the meal

8  period premium at the base rate of pay and that Defendant does not include any additional

   remuneration, as it does with overtime pay.

9       As such, this class-wide policy and practice presents an undisputed common question.

10  *Shiferaw v. Sunrise Senior Living Mgmt., Inc*., 2014 WL 12585796, at *8 (C.D. Cal. June 11,

11  2014) ("Whether certain bonuses were discretionary in nature and whether Sunrise included

12  retroactive pay raises and nondiscretionary bonuses in its calculation of overtime rates are issues

13  that can be addressed as to the entire class. The Class Certification Motion is GRANTED as to

14  the Regular Rate Subclass."); *Chavez v. Lumber Liquidators, Inc*., 2012 WL 1004850, at *6

15  (N.D. Cal. Mar. 26, 2012) ("Zaldivar's claims are typical of the 130 non-exempt employees'

16  claims because all were subject to the common pay practices of LLI.  Zaldivar has stated that he

17  regularly worked more than forty hours per week and that he received $12,282.87 in sales

18  bonuses that were not incorporated in his regular rate of pay for the purposes of calculating his

19  overtime rate."); *Faulkinbury v. Boyd & Associates, Inc*., 216 Cal. App. 4th 220, 238 (2013)

20  ("whether the work uniform maintenance allowance and gasoline reimbursement must be

21  included in calculating the overtime rate of pay can be decided on a class-wide basis as a legal

22  matter based on common proof"); *Seckler v. Kindred Healthcare Operating Grp., Inc*., 2013 WL

23  812656, at *6 (C.D. Cal. Mar. 5, 2013) ("Their sole critique is that the class includes employees

24  who do not receive any of the bonuses or other benefits that enter into the calculation of the

25  regular rate and thus whose compensation for missed meal periods and double time at the base

26  rate was proper."); *Escano v. Kindred Healthcare Operating Co*., 2013 WL 816146, at *6 (C.D.

27  Cal. Mar. 5, 2013) (same).

28

Accordingly, this claim presents a question perfectly suited for class treatment, which can be adjudicated through cross-motions for summary judgment.

**b.       Plaintiff's Overtime Adjustment Claim Presents a Common Question as to the OVERTIME/INCT Wage Statement Class**

Courts have repeatedly held that Labor Code § 226(a) requires an employer to specify all applicable hourly rates and number of hours worked on a wage statement.  *See, e.g.*, *Soto*, 4 Cal. App. 5th at 392-93; *McKenzie v. Federal Exp. Corp.*, 765 F. Supp. 2d 1222, 1231 (C.D. Cal. 2011) (granted the plaintiff's motion for summary judgment on Labor Code § 226(a) claim; holding that the employer's failure to list all applicable hourly rates and hours worked at the rate violated Section 226(a), as a matter of law); *Lopez v. G.A.T. Airline Ground Support, Inc.*, 2010 WL 2839417, *5 (S.D. Cal. 2010) (in granting plaintiff's motion for summary judgment on Labor Code § 226(a) claim, court noted that "[i]t is undisputed that GAT's paychecks do not indicate the applicable hourly rate of pay for the employee's regular rate, overtime rate, or double-time rate of pay. Plaintiffs' paychecks included only the total number of hours worked and the total amount paid. Therefore, Plaintiffs had to perform mathematical calculations to determine if their paychecks were accurate.  The failure to provide this information violates Section 226(a).") (citing *Cicairos v. Summit Logistics, Inc.*, 133 Cal.App.4th 949 (2005) ("If it is left to the employee to add up the daily hours shown on the time cards or other records so that the employee must perform arithmetic computations to determine the total hours worked during the pay period, the requirements of section 226 would not be met.").

Moreover, the DLSE has opined that an employer must specify all hourly rates and numbers of hours worked on employee wage statements, including for adjustments.  DLSE Opinion Letter 2002.05.17.

Thus, the common question to be answered in this case, with respect to the "OVERTIME/INCT" claim, which is an overtime wage payment, is whether Defendant's admitted corporate-wide policy and practice of not identifying the corresponding rate of pay and number of hours for such wage payments on itemized wage statements equates to a violation of Labor Code § 226(a).  This is indeed the sole question that needs to be answered in order to

determine liability as the facts are essentially undisputed.  Indeed, Defendant openly admits that it has a corporate policy and practice not to identify the applicable hourly rate and number of hours which comprise the "OVERTIME/INCT" line item on its wage statements even though this item is undisputedly calculated by multiplying an employee's hours and hourly rate.  (Stokes Depo. 68:5-69:13, 66:20-70:4, 76:9-77:21, Ex. 3).  Thus, the "OVERTIME/INCT" claim is truly a legal issue that can be decided in a single stroke through cross-motions for summary judgment.

To the extent Defendant attempts to argue that there will be individualized inquiries with respect to the amount of penalties to be assessed pursuant to Labor Code § 226(e) and, in particular, whether each class member suffered injury or harm, any such argument is meritless. Through S.B. 1255, the Legislature relaxed Labor Code Section 226(e)'s injury requirement. *See*, *e.g.*, *Soto v. Diakon Logistics (Delaware), Inc*., 2013 WL 4500693, *9 (S.D. Cal. 2013) ("The Senate Bill Analysis indicates that because of the contradictory and inconsistent interpretations of what constitutes 'suffering injury' ... in the various court cases ... it is necessary to provide further clarity on the issue'") (*Seckler v. Kindred Healthcare Operating Group, Inc*., 2013 WL 812656, *11-12 (C.D. Cal. 2013)); *Fields v. West Marine Prods. Inc*., 2014 WL 547502, *8 (N.D. Cal. 2014) ("Plaintiffs cite decisions holding that the injury requirement is minimal.  This interpretation is reinforced by the 2013 statutory amendment to Section 226 *clarifying* the injury requirement by providing a statutory definition.") (Emphasis added).

Further, courts have held that injury can be established if employees are forced to review other documents to see if their pay is accurate.  *Jaimez v. Daiohs USA, Inc.*, 181 Cal. App. 4th at 1306-1307; *Morgan v. United Retail, Inc.*, 186 Cal. App. 4th at 1228-29 (an employer violates Labor Code Section 226 if an employee must to refer to other documents to calculate his wages); *McKenzie v. Federal Express Corp.*, 765 F. Supp. 2d 1222, 1229 (C.D. Cal. 2011) (same); *Elliot*, 572 F. Supp. 2d at 1181 (same).  It is undisputed that Plaintiff and class members cannot even begin to ascertain how the OVERTIME/INCT item is calculated, as this item is based on a formula not listed on the wage statement.

Just to put this issue to rest, the California Court of Appeal recently issued its decision in *Lubin v. The Wackenhut Corp.*, 5 Cal. App. 5th 926 (Nov. 21, 2016), wherein it ordered the

1   certification of a wage statement claim, rejecting any arguments of individualized injuries.  In

2   *Lubin*, the plaintiffs also alleged a violation of Labor Code section 226.  Specifically, it was

3   alleged in *Lubin* that the wage statements the employer provided to the employees were defective

4   in that they failed to state inclusive dates of the pay period, regular rates of pay, and overtime

5   rates of pay — the very same claims at issue in the current lawsuit.  *Lubin*, 5 Cal. App. 5th 926 at

6   958.  While the trial court originally granted class certification, the trial court later decertified the

7   class stating that the injury element was not subject to common-wide proof.  *Id*. at 958-59.

8         The California Court of Appeal easily found the trial court's decertification order to be

9   erroneous.  *Id*. at 959-60.  In overturning the trial court's decertification order, the *Lubin* Court

10  held that "plaintiffs' wage statement claim is amenable to class treatment."  *Id*.  As the Court

11  explained, "the question whether Wackenhut's wage statements contained the required elements

12  under Labor Code section 226, subdivision (a) is a common question, and ***Labor Code section***

13  ***226, subdivision (e)(2)(B)(i) clarifies that injury arises from defects in the wage statement***,

14  rather than from a showing that an individual experienced harm as a result of the defect."  *Id*.

15  (emphasis added).  Based thereon, the *Lubin* Court ordered that the wage statement claim to be

16  certified as a class claim.  *Id*.

17        The *Lubin* Court's holding is directly on point, both factually and legally.  Specifically,

18  just as in *Lubin*, the wage statement claim here involves Defendant's admission that its wage

19  statements failed to identify the applicable hourly rates of pay and hours worked (as well as the

20  pay period start/end dates on the final wage statements).  Factually, the claims in this lawsuit are

21  identical to the claims in *Lubin*.  Thus, *Lubin* further supports the granting of class certification.

22        The same conclusion was reached by the District Court in *Alonzo v. Maximus, Inc*., 275

23  F.R.D. 513, 521 (C.D. Cal. 2011).  The plaintiffs in *Alonzo* moved to certify their claim for

24  inaccurate wage statements under Labor Code Section 226(a).  *Id.* at 521.  Specifically, the

25  plaintiffs argued that the employer's wage statements violated Section 226(a) because they failed

26  to contain "the hourly rate paid and the inclusive dates of the pay period."  *Id*.  The employer

27  admitted that its wage statements did not contain the information, as Walmart does here.  The

28  *Alonzo* Court rejected the employer's argument and certified the class:

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Plaintiffs have ... rais[ed] a common question of fact and law: whether the wage statements provided by Defendant were unlawful.... Defendant does not dispute Plaintiffs' allegations regarding the wage statements.  Instead, **Defendant argues that this information was not required and that Plaintiffs have failed to demonstrate injury.  This speaks to damages and whether Plaintiffs' claim will ultimately succeed on the merits, not as to whether the wage statements were common to all members of the putative class.  Thus, with regard to the Paystub Claim, Plaintiffs have posed questions of law and fact that are common to the class....**

*Id.* at 521 (emphasis added).

Likewise, the District Court in *McKenzie v. Federal Exp. Corp.*, 275 F.R.D. 290 (C.D. Cal. 2011), granted the employee's motion for class certification of a Labor Code Section 226 claim.  In *McKenzie*, the District Court found that the alleged violation of law presented a common issue suited for class treatment: "because the injury element in section 226(e) only requires a '**very modest showing**,' this lawsuit, and the difficulty and expense incurred by [the plaintiff] and the proposed class in reconstructing time and pay records is sufficient evidence that they suffered a common injury."  *Id.* at 300 (emphasis added).[3]

As such, even if Plaintiff and class members were not injured (which, of course, Plaintiff and this Court disagree), the lack of injury is irrelevant for class certification and the Motion must still be granted.

>    c.    **Commons Questions Predominate With Respect to Plaintiff's Statement of Final Pay Claim as to the Final Wage Statement Class**

---

[3] *See also Soto v. Diakon Logistics (Delaware), Inc.*, 2013 WL 4500693, *8-10 (S.D. Cal. 2013) ("Determining that the hours worked was not present on pay records is not an individualized inquiry beyond the number of times the violation occurred per employee during the specified period.  This information can be obtained through pay records....  Therefore, this claim is also subject to common proof and appropriate for class treatment."); *Seckler v. Kindred Healthcare Operating Group, Inc.*, 2013 WL 812656, *11-12 (C.D. Cal. 2013) ("The court finds that the minimal injury requirement has been met by Plaintiffs' inability to determine whether they have been paid appropriately, and finds that this class is appropriate for certification"); *Ortega v. J.B. Hunt Transp., Inc.*, 258 F.R.D. 361, 374 (C.D. Cal. 2009) ("particularly in light of the fact that the pay stubs and settlement summaries provided to California drivers are standardized documents," the court found "that Plaintiffs have demonstrated that certification of their pay stub claim is appropriate") *Dalton v. Lee Publ'ns., Inc.*, 270 F.R.D. 555, 564-65 (S.D. Cal. 2010) ("Merely filing the 'lawsuit, and the difficulty and expense Plaintiffs have encountered in attempting [to] reconstruct time and pay records, is ... evidence of the injury suffered as a result of [the] wage statements.' Damages for this cause of action, therefore, are also subject to common proof.").

With respect to the Statements of Final Pay, it is undisputed that none of the statements contain the pay period start or end dates.  (Stokes Depo. 89:14-90:4, 90:23-91:1, Ex. 8).  Courts have similarly held that an employer's failure to list the pay period dates constitutes a common question aptly suited for class treatment.

Labor Code section 226(a) requires every employer to furnish each of its employees an accurate itemized wage statement that shows, among other items, "the inclusive dates of the period for which the employee is paid." Cal. Labor Code § 226(a)(6). The "inclusive dates" referenced in Section 226(a)(6) "refer to the start and end date of the pay period and necessarily must include the start date of the pay period in order to give meaning to the word 'inclusive.'" *Willner v. Manpower Inc*., 35 F. Supp. 3d 1116, 1129 (N.D. Cal. 2014) (finding that wage statements that failed to include the pay period start date were in violation of Section 226(a)(6)) (emphasis added); *Stafford v. Brink's, Inc*., 2014 U.S. Dist. LEXIS 194677, at *11 (C.D. Cal. Aug. 5, 2014) ("[T]he plain meaning of § 226(a)(6) requires an employer to include on each wage statement the inclusive dates of the period encompassed by the wage statement"); *Achal v. Gate Gourmet, Inc*., 114 F. Supp. 3d 781, 810 (N.D. Cal. 2015) ("A failure to include the start date of the pay period in a statement constitutes a violation of section 226(a)(6)"); *Novoa v. Charter Communs., Ltd. Liab. Co*., 100 F. Supp. 3d 1013, 1026 (E.D. Cal. 2015) ("an employer must provide a wage statement bearing an end date and beginning date to be in compliance with subdivision (a)(6)").

Indeed, courts routinely find in favor of plaintiffs on Labor Code section 226(a)(6) claims where the employer fails to indicate the pay period start date on the wage statements. The Court in *McKenzie v. Fed. Express Corp*., granted summary judgment in favor of the plaintiff-employee on facts nearly identical to those as those alleged here. 765 F. Supp. 2d 1222 (C.D. Cal. 2011). The defendant's wage statement did not include the beginning date for the pay period. Id. at 1230. Based on this singular fact, the court found a violation of Section 226(a)(6).

The Court reached the same conclusion in *Lopez v. G.A.T. Airline Ground Support, Inc*. 2010 U.S. Dist. LEXIS 73029 at *19 (S.D. Cal. 2010). Once again, the defendant's "wage statements indicate only the end date for each pay period, and do not list the beginning date." *Id.*

at *19. Although the pay period could be determined when the wage statements were reviewed sequentially, the Lopez court still determined that a violation of Section 226(a)(6) existed—"the Labor Code requires each wage statement to provide 'the inclusive dates of the period.'" *Id*. (emphasis in the original). Accordingly, the court granted summary judgment in favor of the plaintiff "on the issue of whether Defendants furnished accurate itemized wage statements." *Id*.

Here, Defendant's Statements of Final Pay do not list either the pay period begin or end date. Thus, Defendant has undisputedly violated Labor Code § 226(a)(6) on a class-wide basis, which again can be adjudicated via cross-motions for summary judgment.

### 3.    Representative Plaintiff's Claims Are Typical

Typicality is readily satisfied. In *Hanlon*'s permissive standards, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. It is enough if named Plaintiff and class members share a "common issue of law or fact.'" *California Rural Legal Assistance v. Legal Servs. Corp.*, 917 F.2d 1171, 1175 (9th Cir. 1990) (citations omitted). Under the low threshold of typicality, all that is required is that each plaintiff has an incentive to prove defendant's liability. *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.*, 209 F.R.D. 159, 165 (C.D. Cal. 2002).

Here, the proposed representative Plaintiff seeks recovery based upon the same legal theories and factual circumstances as the Class that he represents. Plaintiff was always paid his meal period premiums at his base rate of pay in the same pay periods in which he earned additional non-discretionary incentive pay, such as the MyShare Incentive. (Stokes Depo. 74:21-75:16, Ex. 3; Magadia Decl. ¶ 3, Exh. A). Plaintiff also received wage statements containing the "OVERTIME/INCT" item, which failed to specify the applicable hourly rates and numbers of hours worked. (Magadia Decl. ¶ 4, Exh. A). Plaintiff also received a Statement of Final Pay which failed to list the pay periods start or end dates. (Magadia Decl. ¶ 5, Exh. B). Thus, Plaintiff's claims are typical.

### 4.    The Adequacy Requirement is Met

The adequacy requirement is also met. To determine whether the class representation

meets the standard of Rule 23(a)(4), two questions are asked: "(1) Do the representative Plaintiff[s] and their counsel have any conflicts of interest with other class members, and (2) will the representative Plaintiff and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

### a.       Plaintiff is an Adequate Representative

As established above, Plaintiff shares common interests with the defined Class, has claims typical of class members' claims, and is fully prepared to take all necessary steps to fairly and adequately represent the Class he represents.  (Magadia Decl. ¶¶ 6-7).  No conflicts of interests exist and Plaintiff will continue to adequately and vigorously prosecute this action. (*Id.*) Plaintiff has agreed to abide by all of the necessary duties of a class representative, including assisting counsel in the litigation. (*Id.*) Accordingly, Plaintiff is an adequate representative.

### b.       Competent Class Counsel

As detailed in their declarations, Plaintiff's Counsel are experienced class action litigators who have litigated many wage and hour class actions and/or have been certified as class counsel in numerous other class actions, particularly wage and hour class actions. (Lee Decl., ¶¶ 5-9; Declaration of Dennis S. Hyun ("Hyun Decl.") ¶¶ 3-6; Declaration of William L. Marder ("Marder Decl.") ¶¶ 3-10). Plaintiff's Counsel have diligently litigated this case, and will continue to do so. Plaintiff's Counsel have taken the depositions of Defendant's 30(b)(6) witnesses, propounded and responded to discovery, and have pursued matters in law and motion as deemed necessary. (Lee Decl. ¶ 10-11; Hyun Decl. ¶ 7-8). Accordingly, Plaintiff's Counsel are adequate and will continue to vigorously prosecute this action on behalf of the class.

### B.       The Predominance Requirement of Fed. R. Civ. P. 23(b)(3) is Met

Rule 23(b)(3) requires two separate inquiries:  (1) do issues common to the class "predominate" over issues unique to individual class members, and (2) is the proposed class action "superior" to other methods available for adjudicating the controversy. *See* Fed. R. Civ. P. 23(b)(3) Here, the requirements of Rule 23(b)(3) are satisfied.

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon*, 150 F.3d at 1022 (citation

omitted); *see also Avilez v. Pinkerton Gov't Serv*., 286 F.R.D. 450, 466-67 (C.D. Cal. 2012) (explaining that predominance is met if the focus is on the defendant's conduct, even if individualized defenses may apply); *Jimenez v. Allstate Ins. Co*., 2012 WL 1366052, *17-18 (C.D. Cal. 2012); *Otsuka v. Polo Ralph Lauren Corp*., 251 F.R.D. 439, 447 (N.D. Cal. 2008). In this case, it is undisputed that Defendant has uniform practices and policies which resulted in Labor Code violations. In other words, the claims are predicated on meal period payment and wage statement practices making Plaintiff's claims ideally suited for class action treatment.

As set forth above, Defendant's class-wide policies and practices are at issue; namely, Defendant's failure to pay meal period premiums at the correct, higher regular rate of pay taking into account all non-discretionary remuneration; Defendant's failure to specify the hourly rates and numbers of hours worked for the OVERTIME/INCT item; and Defendant's failure to list the pay period start and end dates on the Statements of Final Pay issued to terminated employees. Thus, Plaintiff's claims are ideally suited for class treatment. *See*, *e.g.*, *Abdullah*, 731 F.3d at 966-6 (holding that common questions predominated in claim for Labor Code violations because liability and damages could be adjudicated by reliance on the employer's records); *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 513-14 (9th Cir. 2013) (same); *McKenzie v. Federal Exp. Corp.*, 275 F.R.D. 290, 300 (C.D. Cal. 2011) (same).

Here, Defendant has openly represented that there are approximately 51,824 individuals who received a meal period premium and earned additional non-discretionary pay in the same pay period.  As to this claim, if this Court determines that the meal period premium must include additional non-discretionary remuneration consistent with the definition of regular rate, then adjudication of this claim will only require mathematical computations to calculate the amount of damages/penalties owed.  Likewise, the OVERTIME/INCT and Statement of Final Pay claims involve over 60,000 individuals.  If this Court finds that Defendant must specify the hourly rates and numbers of hours worked for OVERTIME/INCT and the pay period dates on the Statements of Final Pay, then Plaintiff can proceed to trial on the knowing and intentional element, as well as use mathematical computations for the amount of penalties based on the number of violative wage statements.

1

### C.    A Class Action is the Superior Method for Adjudication

2      Class treatment is clearly superior to any other method of resolving Plaintiff's claims.

3  *Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319, 340 (2004).  Because Plaintiff's

4  claims are based on common policies and practices, these claims can be most efficiently litigated

5  on a class-wide basis. The alternative would be the unrealistic filing of hundreds, or even

6  thousands, of individual claims, posing the serious disadvantages pointed out by the *Sav-On*

7  court. Because the putative class members are hourly employees, with relatively modest

8  individual claims and limited resources, there is a strong likelihood that individual actions would

9  never be brought. *See Local Joint Exec. Bd. of Culinary/Bartender Trust Fund*, 244 F.3d 1152,

10  1163 (9th Cir. 2001) (superiority requirement met where class members would recover, at most,

11  about $1,330). Moreover, many class members might not bring individual actions out of fear of

12  retaliation. *See O'Donnell v. TD Ameritrade, Inc.*, 2008 U.S. Dist. LEXIS 49829, at *11 (S.D.

13  Cal. 2008) ("federal courts have widely recognized that fear of retaliation for individual suits

14  against an employer is a justification for class certification in the arena of employment

15  litigation") (emphasis in original). Finally, this action is manageable and well-suited for class

16  certification where Defendant's own payroll records, including dates of employment, wage

17  statements, and rates of pay, can be used to show the violations and measure damages.  The

18  factors discussed above support a finding of superiority pursuant to Rule 23(b)(3), and there are

19  no factors weighing against it, as class members have no adverse individual interests.

20  ## V.    A CLASS-WIDE TRIAL IS MANAGEABLE

21      "The amount of damages is invariably an individual question and does not defeat class

22  action treatment."  *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975). Here, the parties can

23  file cross motions for summary judgment to decide whether Defendant's method for calculating

24  the regular rate of pay for meal period premiums and Defendant's wage statement practices are

25  legal under California law. If this Court rules in Defendant's favor, then this case is over. If this

26  Court rules in Plaintiff's favor, however, the parties can proceed to the damages/penalties phase.

27  ## VI.    CONCLUSION

28      For the reasons stated above, Plaintiff's Motion for Class Certification should be granted.

1  DATED: October 9, 2017                    DIVERSITY LAW GROUP, P.C.

2

3                                            By: ___/s/ Larry W. Lee_____
                                                   Larry W. Lee
4                                            Attorneys for Plaintiff and the Class

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**