Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Kristen M. Agnew (State Bar No. 247656)
kagnew@diversitylaw.com
Nicholas Rosenthal (State Bar No. 268297)
nrosenthal@diversitylaw.com
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

William L. Marder, Esq. (State Bar No. 170131)
bill@polarislawgroup.com
**Polaris Law Group LLP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333

Attorneys for Plaintiff and the Class

(Additional counsel on next page)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK MAGADIA, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 5:17-cv-00062-LHK<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: March 1, 2018<br>Time: 1:30 P.M.<br>Courtroom: 8 |

1

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
**HYUN LEGAL, APC**
515 S. Figueroa Street, Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 5:17-cv-00062-LHK**

TO DEFENDANTS WAL-MART ASSOCIATES, INC. AND WAL-MART STORES, INC. AND ITS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that at 1:30 p.m. on March 1, 2018, before the Honorable Lucy H. Koh, District Judge in Courtroom 8 of the United States District Court for the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, CA 95113, Plaintiff Roderick Magadia ("Plaintiff") will and does move the Court for an Order granting partial summary judgment pursuant to Federal Rule of Civil Procedure 56, in favor of Plaintiff on his Fourth Cause of Action for Violation of the Private Attorney General's Act (the "PAGA"), California Labor Code Section 2698, *et seq*., arising from Defendants' violations of California Labor Code Section 226(a).

Specifically, Plaintiff seeks partial summary judgment in his favor on his Fourth Cause of Action based on the following undisputed violations of Section 226(a):

<u>ISSUE NO. 1</u>:  It is undisputed that Defendants violated Labor Code section 226(a)(9) by failing to list the applicable hourly rates and number of hours worked for overtime wage payments entitled "OVERTIME/INCT" on wage statements issued to Plaintiff and other California non-exempt employees between the time period of December 2, 2015, through the present.  Defendants have an admitted policy and practice of listing this overtime wage as a lump sum without identifying the applicable hourly rates and number of hours worked.

<u>ISSUE NO. 2</u>:  There is also no dispute that Defendants' "Statement of Final Pay" wage statements violated Labor Code section 226(a)(6).  Again, Defendants have an admitted policy and practice of issuing off-cycle wage statements entitled "Statement of Final Pay" to departing employees including Plaintiff, between the time period of December 2, 2015, through the present, that failed to include pay period start and end dates.

Based on those undisputed facts, there is no genuine dispute as to any material fact with regards to Plaintiff's PAGA claim and summary judgment should be granted in Plaintiff's favor.

The motion will be, and is based upon the attached Memorandum of Points and Authorities, the accompanying Declarations of Larry W. Lee and Plaintiff, any exhibits attached thereto, such argument of counsel as may be presented at the hearing thereof, and all papers and

3

1  records on file herein.

2

3  DATED: October 30, 2017                DIVERSITY LAW GROUP, P.C.

4

5                                         By: _/s/ Larry W. Lee_____
                                               Larry W. Lee
6                                          Attorneys for Plaintiff and the Class

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 5:17-cv-00062-LHK**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................ 1

II.    STATEMENT OF FACTS AND APPLICABLE LEGAL PRINCIPLES ................... 2

III.    ARGUMENT ..................................................................................... 4

    A.    The Standard for Summary Judgment .................................................. 4

    B.    Defendants' Wage Statements Violate California Labor Code Section 226(a)(9) By Failing to List The Applicable Hourly Rates and Number of Hours Worked for Its OVERTIME/INCT Wage Payments ................................................................ 5

    C.    Defendants' "Statements of Final Pay" Violate California Labor Code Section 226(a)(6) By Failing to List Pay Period Start or End Dates ................................. 7

    D.    Plaintiff is Entitled to Seek PAGA Penalties for Defendants' Violations of California Labor Code Sections 226(a)(6) and 226(a)(9) ....................................... 8

    E.    Given That It Is Undisputed That Defendants' Wage Statements Violated Labor Code Sections 226(a)(6) and 226(a)(9), Summary Judgment Should Be Granted in Plaintiff's Favor on his PAGA Claim .................................................... 10

III.    CONCLUSION ................................................................................. 11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **TABLE OF AUTHORITIES**

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)...................................................... 5

*Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1123 (9th Cir. 2014) ................................. 9

*Brewer v. Gen. Nutrition Corp.*, 2015 WL 5072039 (N.D. Cal. 2015) ........................................ 5

*Castillo v. Nationstar Mortg. LLC*, No. 15-CV-01743-BLF, 2016 WL 6873526, at *2 (N.D. Cal. Nov. 22, 2016) ........................................................................................................................ 4

*Dias v. Nationwide Life Ins. Co.*, 700 F. Supp. 2d 1204, 1214 (E.D. Cal. 2010) .......................... 5

*Helton v. Factor 5, Inc.*, 26 F. Supp. 3d 913, 917 (N.D. Cal. 2014) ............................................ 4

*Lopez v. Friant & Assocs., LLC*, No. A148849, 2017 WL 4251126, at *9 (Cal. Ct. App. Sept. 26, 2017) ............................................................................................................................ 10

*Lopez v. G.A.T. Airline Ground Support, Inc.*, 2010 WL 2839417 at *5 (S.D. Cal. 2010)........ 5, 7

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) .................... 5

*McKenzie v. Federal Exp. Corp.*, 765 F.Supp.2d 1222 (C.D. Cal. 2011) ....................... 5, 7, 8, 10

*Ontiveros v. Safelite Fulfillment, Inc.*, 231 F.Supp.3d 531, 540-41 (C.D. Cal. 2017)................... 6

*So. Cal. Gas Co. v. City of Santa Ana*, 336 F. 3d 885, 888 (9th Cir. 2003) ................................. 4

*State Farm Fire & Cas. Co. v. Geary*, 699 F. Supp. 756, 759 (N.D. Cal. 1987)........................... 4

*Wert v. U.S. Bancorp*, No. 13-CV-3130-BAS BLM, 2014 WL 7330891, at *3 (S.D. Cal. Dec. 18, 2014) ............................................................................................................................ 2

*Willner v. Manpower Inc.*, 35 F.Supp.3d 1116, 1128-29 (N.D. Cal. 2014).............................. 7, 10

*York v. Starbucks Corp.*, 2012 WL 10890355, at *4 (C.D. Cal. Nov. 1, 2012) .......................... 10

**State Cases**

*Arias v. Superior Court*, 46 Cal. 4th 969, 980 (2009) ............................................................ 8, 9

*Marin v. Costco Wholesale Corp.*, 169 Cal. App. 4th 804, 807 (2008), *as modified on denial of reh'g* (Jan. 21, 2009).............................................................................................................. 2

*Morgan v. United Retail, Inc.*, 186 Cal. App. 4th 1136, 1149 (2010) ........................................ 8

*Soto v. Motel 6 Operating, L.P.*, 4 Cal. App. 5th 385, 392-93 (2016)...................................... 5, 7

ii

**Other Authorities**

Assem. Com. On Labor and Employment, Analysis of Sen. Bill No. 1255 (2011-2012 Reg. Sess.
.................................................................................................................................. 5

Cal. Division of Labor Standards Enforcement ("DLSE") Enforcement Policies and
Interpretation Manual at §§ 49.1, 49.2.4 (June 2002).................................................. 2

**State Statutes**

California Labor Code §§ 201-202 .................................................................................... 3

California Labor Code § 226 ............................................................................................. 6

California Labor Code § 226(a) ................................................................................. passim

California Labor Code § 226(a)(6) ............................................................................ passim

California Labor Code § 226(a)(9) ............................................................................ passim

California Labor Code § 226(e) ...................................................................................... 11

California Labor Code § 510(a) ........................................................................................ 2

California Labor Code § 2698 .......................................................................................... 1

California Labor Code § 2699.3(a)(1) .............................................................................. 9

California Labor Code § 2699.3(a)(2)(A), (3) ................................................................. 9

California Labor Code § 2699.3(a)(2)(A) ........................................................................ 9

California Labor Code § 2699.5 ....................................................................................... 9

**Federal Rules**

Federal Rule of Civil Procedure §56(a) ........................................................................... 4

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2
**I.**     **INTRODUCTION**

3        It is undisputed that Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores, Inc.

4   (collectively, "Defendants") are in violation of California Labor Code Section 226(a) by failing

5   to include information on its wage statements that the California Legislature has deemed vital in

6   order for employees to verify the accuracy of their wages.  Plaintiff Roderick Magadia

7   ("Plaintiff") now seeks a ruling from the Court granting partial summary judgment on Plaintiff's

8   Fourth Cause of Action for Violation of the Private Attorney General's Act (the "PAGA"),

9   California Labor Code Section 2698, *et seq.*, arising from Defendants' undisputed violations of

10  California Labor Code Sections 226(a)(6) and 226(a)(9).

11       First, there is no dispute that Defendants violated Labor Code Section 226(a)(9).

12  California law requires employers to list all applicable hourly rates and hours worked for wages

13  that are paid on an hourly basis, including overtime wages.  Notwithstanding that requirement,

14  Defendants admitted that its wage statements do not specify applicable hourly rates and number

15  of hours worked for overtime wages paid under the name "OVERTIME/INCT" on wage

16  statements issued to Plaintiff and other California non-exempt employees.  In fact, there is

17  essentially no way for employees to verify the accuracy of such overtime wage payments as

18  Defendants testified that no formula or calculation is listed on the wage statements.

19       Second, it is undisputed that Defendants' off-cycle wage statements given to its departing

20  employees and identified as "Statement of Final Pay" violate Labor Code Section 226(a)(6),

21  which mandates that employers include pay period start and end dates on all wage statements.

22  Nevertheless, Defendants testified that its policy and practice throughout the relevant time period

23  is to never include pay period start or end dates on these wage statements.  Defendants' policy

24  and practice directly undercuts the public policy behind Section 226(a) of providing adequate

25  information to employees.

26       Given that there is no genuine dispute as to any material fact regarding Plaintiff's PAGA

27  claim, Plaintiff should prevail as a matter of law and this Court should grant summary judgment

28  in Plaintiff's favor on his PAGA claim arising from Defendants' violations of Labor Code

1

1    Sections 226(a)(6) and 226(a)(9).

2    **II.    STATEMENT OF FACTS AND APPLICABLE LEGAL PRINCIPLES**

3              Pursuant to California law, employers must include all non-discretionary items of pay,

4    including incentive pay and/or bonuses, into the regular rate of compensation or pay, including

5    for purposes of overtime wages.  Cal. Division of Labor Standards Enforcement ("DLSE")

6    Enforcement Policies and Interpretation Manual at §§ 49.1, 49.2.4 (June 2002)[1]; *Marin v. Costco*

7    *Wholesale Corp.*, 169 Cal. App. 4th 804, 807 (2008), *as modified on denial of reh'g* (Jan. 21,

8    2009) ("Where a bonus payment is considered a part of the regular rate at which an employee is

9    employed, it must be included in computing his regular hourly rate of pay and overtime

10   compensation."); *Wert v. U.S. Bancorp*, No. 13-CV-3130-BAS BLM, 2014 WL 7330891, at *3

11   (S.D. Cal. Dec. 18, 2014) ("'Regular rate of pay' [under California law] takes into account

12   compensation beyond the normal hourly rate, including commissions and non-discretionary

13   bonuses.") (Citing Cal. Labor Code § 510(a)).

14             For example, if an employee's base rate of compensation is $10 per hour and that

15   employee does not earn any non-discretionary pay in the same pay period, the regular rate of

16   compensation would also be $10 per hour, and the corresponding overtime rate would be $15 per

17   hour (1.5 times the regular rate of $10).  However, if the employee does in fact earn additional

18   incentive compensation during the same time period he/she works the overtime hours, the

19   respective employee's regular rate of pay should be increased by taking into account the

20   incentive pay.  In the $10/hr example, the regular rate would increase to an amount above the

21   $10 given the additional incentive, and thus, the corresponding overtime rate of 1.5 times the

22   regular rate would not be $15/hr, but a rate that is slightly higher than $15/hr given the additional

23   incentive built into the regular rate.

24             From at least December 2, 2015 through the present (the "Relevant Time Period"),

25   Defendants paid Plaintiff and its non-exempt California employees an item of pay titled

26   "OVERTIME/INCT," which is the additional overtime wage being paid to an employee that

27   _____

28   [1] The relevant portions of the DLSE Manual cited herein are attached to Plaintiff's Request for
     Judicial Notice ("RJN") in support of his Motion for Class Certification as Exhibit "A" (Dkt. No.
     60-16).

                                                     2

1   earns non-discretionary bonuses and works and earns overtime in the same pay period.

2   Deposition of Todd Stokes ("Stokes Depo.") 66:20-68:4, Ex. 3.[2]   This OVERTIME/INCT item

3   is calculated by multiplying a pre-determined hourly rate by the number of applicable overtime

4   hours worked.   Stokes Depo. 67:16-68:4, 69:14-70:4, 71:10-18.   Although it is an overtime wage

5   payment, the OVERTIME/INCT item listed on wage statements is identified as a lump sum.   *Id.*

6   Defendants admit that they do not list the applicable hourly rates and number of hours worked on

7   their wage statements for the OVERTIME/INCT wage payment.   Stokes Depo 76:9-77:21, Ex. 3.

8   Additionally, no formula or calculation is given to employees on their wage statements to verify

9   the accuracy of the OVERTIME/INCT payment.   Stokes Depo. 69:6-13; 76:23-77:21, Ex. 3.

10      Defendants also had a policy and practice of issuing off-cycle wage statements titled

11   "Statements of Final Pay" to its departing employees throughout the Relevant Time Period.

12   Stokes Depo. 82:4-25.   To put this into context, California law requires a departing employees'

13   final pay to be paid either immediately upon termination or within 72 hours of resignation if the

14   employee did not provide at least 72-hours' notice.   *See* Cal. Labor Code §§ 201-202.   In that

15   regard, and pursuant to Labor Code § 226(a), an itemized wage statement must also accompany

16   the payment of such final wages.   *See* Cal. Labor Code § 226(a).   Because of such timing

17   requirements for the payment of final wages, employers cannot wait until the normal weekly or

18   bi-weekly pay cycle runs to issue the final pay and wage statement.   Rather, employers will have

19   to issue a wage payment and accompanying wage statement outside of the normal pay cycle

20   runs, which is normally referred to as an "off-cycle" payroll and wage statement.

21      Defendants were no different.   In connection with the issuance of final wages,

22   Defendants also issued such pay and respective wage statement as an "off-cycle" process.

23   Stokes Depo. 83:12-84:2.   As to the off-cycle wage statement issued along with the final pay,

24   such wage statements were entitled "Statement of Final Pay," which lists all the wages that were

25   being paid to the departing employee at the time of separation of employment, and given to the

26   respective employee along with a separation notice.   Stokes Depo. 82:22-25; 86:10-24.

27   _____

28   [2] Relevant portions of the deposition of Todd Stokes are attached to the Declaration of Larry W.
Lee In Support of Plaintiff's Motion for Partial Summary Judgment as Exhibit C.

1   Defendants, however, admitted that its policy and practice is to never identify the pay period

2   start **and** end dates on any of the "Statement of Final Pay" wage statements.  Stokes Depo.

3   84:14-25, 89:14-90:4.   Thus, Plaintiff and other departing employees who received "Statement

4   of Final Pay" wage statements, received wage statements that did not contain the applicable pay

5   period start and end dates.  *Id.*; Stokes Depo. Ex. 8.

6   **III.     ARGUMENT**

7          **A.     The Standard for Summary Judgment**

8          Federal Rule of Civil Procedure §56(a) provides that a party may move for summary

9   judgment on a claim or a part of each claim, and that the court shall grant summary judgment if

10   the movant shows that there is no genuine dispute as to any material fact and the movant is

11   entitled to judgment as a matter of law.  *So. Cal. Gas Co. v. City of Santa Ana*, 336 F. 3d 885,

12   888 (9th Cir. 2003).

13          "Partial summary judgment that falls short of a final determination, even of a single

14   claim, is authorized by Rule 56 in order to limit the issues to be tried."  *Castillo v. Nationstar*

15   *Mortg. LLC*, No. 15-CV-01743-BLF, 2016 WL 6873526, at *2 (N.D. Cal. Nov. 22, 2016) (Judge

16   Beth Labson Freeman granted the plaintiffs' motion for partial summary judgment) (quoting

17   *State Farm Fire & Cas. Co. v. Geary*, 699 F. Supp. 756, 759 (N.D. Cal. 1987)).

18          Once the moving party has met its burden, the burden then shifts to the nonmoving party

19   to designate specific facts showing a genuine issue for trial.  *Helton v. Factor 5, Inc.*, 26 F. Supp.

20   3d 913, 917 (N.D. Cal. 2014).  As further explained by the Northern District in *Helton*, 26 F.

21   Sup. 3d at 917, an opposing party must produce facts sufficient to oppose:

22
23          To carry its burden, the nonmoving party must show more than the mere existence
            of a scintilla of evidence, [citation], and "do more than simply show that there is
24          some metaphysical doubt as to the material facts."  [Citation]. In fact, the
            nonmoving party must come forward with affirmative evidence from which a jury
25          could reasonably render a verdict in the nonmoving party's favor.  [Citation]. In
            determining whether a jury could reasonably render a verdict in the nonmoving
26          party's favor, the court must view the evidence in the light most favorable to the
            nonmoving party and draw all justifiable inferences in its favor.  [Citation].
27          Nevertheless, inferences are not drawn out of the air, and **it is the opposing
            party's obligation to produce a factual predicate from which the inference
28          may be drawn**.

                                              4

1   *Id.* (Citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986), *Matsushita Elec.*

2   *Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and *Dias v. Nationwide Life*

3   *Ins. Co.*, 700 F. Supp. 2d 1204, 1214 (E.D. Cal. 2010)

4         **B.**    **Defendants' Wage Statements Violate California Labor Code Section**

5              **226(a)(9) By Failing to List The Applicable Hourly Rates and Number of**

6              **Hours Worked for Its OVERTIME/INCT Wage Payments**

7           An employer is required to list all enumerated information contained in Labor Code

8   Section 226(a) for any item of an employee's current compensation.  *Soto v. Motel 6 Operating,*

9   *L.P.*, 4 Cal. App. 5th 385, 392-93 (2016).  Among the items that an employer must list on its

10  wage statements includes "all applicable hourly rates in effect during the pay period and the

11  corresponding number of hours worked at each hourly rate by the employee…."  Cal. Lab. Code

12  § 226(a)(9).  The public policy behind Section 226(a) is "'to insure that employees are

13  adequately informed of compensation received and are not shortchanged by their employers.'"

14  *Soto*, *supra* at 392 (quoting Assem. Com. On Labor and Employment, Analysis of Sen. Bill No.

15  1255 (2011-2012 Reg. Sess.).

16          Courts have consistently found employers to be in violation of Section 226(a) where their

17  wage statements failed to provide the accurate overtime rate and the number of overtime hours

18  worked during the pay period.  *See McKenzie v. Federal Exp. Corp.*, 765 F.Supp.2d 1222 (C.D.

19  Cal. 2011) (finding that the wage statements do comply with § 226(a)(9) for failure to list the

20  correct overtime rate and number of hours worked overtime); *see also Brewer v. Gen. Nutrition*

21  *Corp.*, 2015 WL 5072039 (N.D. Cal. 2015) (holding that the employer's omission of overtime

22  rates and listing multiple inconsistent rates on the wage statements violated § 226(a)(9)); *see also*

23  *Lopez v. G.A.T. Airline Ground Support, Inc.*, 2010 WL 2839417 at *5 (S.D. Cal. 2010)

24  (summary judgment granted to plaintiff where evidence showed that wage statements did not

25  contain hourly rates and hours worked at the respective rates).

26          In an identical case to this one involving the payment of overtime wages predicated upon

27  the earning of non-discretionary bonuses, the District Court granted summary judgment in the

28  employees' favor where the employer failed to identify the applicable overtime rate and hours

worked, as the lack of such information made it impossible to enable employees to calculate whether the overtime wages were paid correctly. *Ontiveros v. Safelite Fulfillment, Inc.*, 231 F.Supp.3d 531, 540-41 (C.D. Cal. 2017). In *Ontiveros,* the employer paid plaintiff and its hourly employees a non-discretionary bonus. *Id.* Whenever the bonus was earned and an employee worked overtime in the same pay period, the overtime wages predicated on such non-discretionary bonuses would be paid and identified as a single lump sum on the wage statement. *Id.* However, just like Defendants here, the employer failed to identify the applicable overtime rate and number of hours worked. *Id.* As such, the District Court held that such wage statements failed to provide "any information from which [p]laintiff could calculate the additional overtime owed," and found that such wage statements violated Labor Code § 226. *Id.* at 540-41.

Here, Defendants' OVERTIME/INCT wage payment is completely identical to that in *Ontiveros*—whenever an employee earned overtime wages and non-discretionary bonuses in the same pay period, the overtime wages predicated on the non-discretionary bonus would be listed as a lump sum on the wage statements. *See* Stokes Depo. 66:20-68:4. Plaintiff similarly received wage statements wherein he was paid OVERTIME/INCT wages identified in the same manner. Declaration of Roderick Magadia ("Magadia Decl.") ¶ 4, Exh. B. And just as in *Ontiveros*, Defendants further admit that its policy and practice is to ***not*** identify the applicable hourly rates and hours worked overtime on the wage statements for such OVERTIME/INCT wage payments. *See* Stokes Depo 76:9-77:21, Ex. 3. Defendants also admitted that the formula to calculate the OVERTIME/INCT wage payment has "never been on the wage statement." *See* Stokes Depo. 69:6-13. Based on such admitted policy and practice, there is essentially no way for an employee to verify from the wage statement whether the overtime wages were paid accurately in that pay period, let alone verify the accuracy of the overtime incentive adjustment. Again, just as in *Ontiveros*, the Defendants' OVERTIME/INCT wage payment is composed of an hourly rate multiplied by the applicable hours. *Ontiveros*, 231 F.Supp.3d 531 at 540-41. As Labor Code § 226(a) mandates that all applicable rate and hours be identified on the wage statement, Defendants' admitted failure to do so mandates the granting of this Motion.

Indeed, Defendants further testified that in the event that an employee wishes to verify

the accuracy of the overtime incentive amount, that employee must take the issue "to their HR representative who would work with the individuals in [Defendants'] payroll department to audit and verify that the funds were correct." Stokes Depo. 76:23-77:9. Defendants' policy and practice of omitting such vital information directly undercuts the statutory purpose behind Section 226(a), which is to furnish adequate information on actual wage statements to "ensure the employee is fully informed regarding the calculation of those wages." *Soto*, *supra* at 392.

Thus, based on Defendants' admissions that it failed to list applicable hourly rates and number of hours worked overtime for its OVERTIME/INCT wage payment, it is undisputed that Defendants' wage statements violate Section 226(a)(9).

C. **Defendants' "Statements of Final Pay" Violate California Labor Code Section 226(a)(6) By Failing to List Pay Period Start or End Dates**

Labor Code Section 226(a)(6) mandates that employers list on wage statements "the inclusive dates of the period for which the employee is paid… ." Courts routinely find a violation of Section 226(a)(6) where an employer's wage statements failed to include pay period start or end dates. *See McKenzie v. Federal Express Corp.*, 765 F.Supp.2d 1222, 1230-31 (C.D. Cal. 2011) (summary judgment granted in plaintiff's favor for defendant-employer's failure to include pay period start dates on wage statements); *see also Willner v. Manpower Inc.*, 35 F.Supp.3d 1116, 1128-29 (N.D. Cal. 2014) (finding a violation of § 226(a)(6) where the employer's wage statements failed to list the pay period start date, despite listing the end date); *Lopez v. G.A.T. Airline Ground Support, Inc.*, 2010 WL 2839417, at *6 (S.D. Cal. 2010) (summary judgment granted for plaintiff for defendant's violation of § 226(a)(6)).

In *McKenzie v. Federal Express Corp.*, the plaintiff sought summary judgment against her employer for violation of Section 226(a)(6) for failure to include the pay period start or end dates on her wage statements. 765 F.Supp.2d at 1230-31. Despite the employer's argument that the plaintiff "knew what days she was being paid for…," the Court granted summary judgment in favor of the plaintiff as it was undisputed that the employer's wage statements lacked the pay period dates. *Id.* at 1230. The Court noted that the fact that plaintiff had to refer to outside sources to verify the dates included in her wage statements goes directly against the statutory

1    purpose of Section 226(a) of requiring wage statements to "accurately report[] most of the

2    information necessary for an employee to verify if he or she is being properly paid in accordance

3    with the law… ."  *Id.* (citing *Morgan v. United Retail, Inc.*, 186 Cal. App. 4th 1136, 1149

4    (2010)).

5          Here, Defendants readily admit that their Statements of Final Pay have never included the

6    pay period start ***and*** end dates during the Relevant Time Period.  *See* Stokes Depo. 88:21-89:1;

7    89:22-90:4; 90:23-91:1.  Rather, the only date present on these wage statements is the

8    termination date.  Stokes Depo. 88:21-89:1.  Again, Plaintiff also received a Statement of Final

9    Pay in the same manner.  Magadia Decl. ¶ 5, Exh. C.  Defendants' policy and practice of

10   omitting pay period dates on its Statements of Final Pay means that an employee cannot verify

11   the dates included in his or her last paycheck merely by looking at the actual statement—the

12   employee would certainly need to reference outside documents as in *McKenzie*.

13         Thus, it is undisputed that Defendants' Statements of Final Pay violate Section 226(a)(6).

14   **D.**     **Plaintiff is Entitled to Seek PAGA Penalties for Defendants' Violations of**

15            **California Labor Code Sections 226(a)(6) and 226(a)(9)**

16         Prior to the enactment of the PAGA, many of the penalties provided against employers

17   for violations of certain Labor Code provisions were solely within the province of the California

18   Division of Labor Standards Enforcement (the "DLSE") to seek, enforce and assess.  *Arias v.*

19   *Superior Court*, 46 Cal. 4th 969, 980 (2009).  However, due to the lack of financing to

20   California's agencies and the substantial number of Labor Code violations by California

21   employers, the California Legislature found that it was in the public interest to allow aggrieved

22   employees to act as private attorneys general, and to enforce and recover penalties on behalf of

23   other similarly situated employees for Labor Code violations committed by their employers.  *Id*.

24   As such, the PAGA was enacted to allow such enforcement and recovery by private individuals

25   who have been aggrieved by their employers.  In particular, 75 percent of any penalties

26   recovered under PAGA by aggrieved employees is to be paid to the California Labor Workforce

27   Development Agency (the "LWDA") and the remaining 25 percent is to be distributed amongst

28   the aggrieved employees.  *Id*. at 980-81.

8

1    Labor Code Section 2699.5 provides that aggrieved employees may seek and enforce

2    PAGA penalties for an employer's violation of Labor Code Section 226(a).  *See* Labor Code §

3    2699.5.  In order to enforce and seek penalties under the PAGA, an aggrieved employee must

4    first provide written notice to the LWDA and the employer of the particular Labor Code

5    violation the aggrieved employee alleges the employer has violated.  *See* Cal. Labor Code §

6    2699.3(a)(1).  Once the LWDA notifies the aggrieved employee that it does not intend to

7    investigate the alleged violations, or does not act within the exhaustion period, the aggrieved

8    employee is then allowed to proceed in a civil action against the employer on the alleged

9    violations on behalf of all other similarly situated employees.  *See* Cal. Labor Code §

10   2699.3(a)(2)(A), (3).

11   In 2009, the California Supreme Court was presented with the issue of whether an

12   aggrieved employee that brings a PAGA claim on behalf of himself and others similarly situated

13   needs to seek the PAGA claim as a class action and meet class certification requirements.  *Arias*,

14   *supra* at 976.  After substantial review of the legislative history of PAGA, the Court held that an

15   aggrieved employee's representative action brought on behalf of other similarly situated

16   employees for PAGA violations do not need to meet the requirements for class certification.  *Id*.

17   at 975; 980-88.  Because a PAGA action functions as a substitute for an action brought by the

18   government itself, a judgment in the PAGA action binds all those, including nonparty aggrieved

19   employees, who would be bound by a judgment in an action brought by the government.  *Id*. at

20   986.  The Ninth Circuit has also adopted the holding of *Arias*.  *Baumann v. Chase Inv. Servs.*

21   *Corp*., 747 F.3d 1117, 1123 (9th Cir. 2014) ("PAGA plaintiffs are private attorneys general who,

22   stepping into the shoes of the LWDA, bring claims on behalf of the state agency.").

23   Here, Plaintiff has exhausted his administrative remedies by providing notice to the

24   LWDA as of October 4, 2016.  Magadia Decl. ¶ 2, Exh. A; Declaration of Larry W. Lee ("Lee

25   Decl.") ¶ 2, Exhs. A & B.  As of today's date, the LWDA has not informed Plaintiff or his

26   Counsel whether it intends to investigate the violations.  Magadia Decl. ¶ 3; Lee Decl. ¶ 3.  As

27   such, Plaintiff has the right to seek penalties on behalf of all aggrieved employees pursuant to

28   Labor Code Section 2699.3(a)(2)(A).

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E.      Given That It Is Undisputed That Defendants' Wage Statements Violated Labor Code Sections 226(a)(6) and 226(a)(9), Summary Judgment Should Be Granted in Plaintiff's Favor on his PAGA Claim**

As explained above, the PAGA provides that an aggrieved employee may bring a representative action for civil penalties on behalf of others similarly situated against an employer for violations of Labor Code provisions.  Plaintiff's PAGA claim asserts that Defendants have violated Labor Code Sections 226(a), among other Labor Code provisions, and thus, Plaintiff's and other aggrieved employees are entitled to civil penalties.

In light of Defendants' testimony regarding its OVERTIME/INCT payments and Statements of Final Pay, it is undisputed that Defendants are in violation of Labor Code Sections 226(a)(6) and 226(a)(9).  Although required for overtime wages, Defendants admitted to its policy and practice of not specifying applicable hourly rates and number of hours worked overtime for its OVERTIME/INCT adjustment—an overtime payment line-item—on its wage statements in violation of Section 226(a)(9).  Furthermore, Defendants testified that its off-cycle wage statements to terminated employees—Statements of Final Pay—failed to list pay period start or end dates in violation of Section 226(a)(6).

Further, Plaintiff need not establish injury to prevail on summary judgment on his PAGA claim.  *See, e.g.*, *Willner v. Manpower, Inc.*, 35 F. Supp. 3d 1116, 1135 (N.D. Cal. March 31, 2014) ("Willner is not required to establish injury in order to obtain judgment on this claim. All she needs to establish is a violation of section 226(a)"); *McKenzie v. Fed. Exp. Corp.*, 765 F. Supp. 2d 1222, 1232 (C.D. Cal. 2011) (same; holding that "for the purposes of recovering PAGA penalties, one need only prove a violation of Section 226(a), and need not establish a Section 226(e) injury"); *York v. Starbucks Corp.*, 2012 WL 10890355, at *4 (C.D. Cal. Nov. 1, 2012) (reiterating that the plain text of the PAGA  makes clear that the presence or absence of injury is irrelevant to the standing inquiry under PAGA).

Indeed, the California Court of Appeal recently confirmed that injury is not required for a plaintiff to prevail on a PAGA claim.  *Lopez v. Friant & Assocs., LLC*, No. A148849, 2017 WL 4251126, at *9 (Cal. Ct. App. Sept. 26, 2017) ("Consistent with the PAGA statutory framework

10

and the plain language and legislative history of section 226(e), we hold a plaintiff seeking civil penalties under PAGA for a violation of section 226(a) does not have to satisfy the 'injury' and 'knowing and intentional' requirements of section 226(e)(1).").

As there is no genuine dispute as to any material fact regarding Plaintiff's PAGA claim arising from Defendants' violations of Section 226(a), liability is established in Plaintiff's favor as a matter of law and summary judgment should be granted in Plaintiff's favor.

## III.   **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his Motion for Partial Summary Judgment as to Plaintiff's PAGA claim predicated on Defendants' violations of Labor Code Section 226(a).

DATED: October 30, 2017                     DIVERSITY LAW GROUP, P.C.


By: /s/ Larry W. Lee
        Larry W. Lee
Attorneys for Plaintiff and the Class