UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RODERICK MAGADIA,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., et al.,<br><br>Defendants. | Case No. 17-CV-00062-LHK<br><br>**ORDER RE: MAGADIA'S MOTIONS IN LIMINE # 1-3 AND WAL-MART'S MOTIONS IN LIMINE #1-3**<br><br>Re: Dkt. Nos. 170, 171, 172, 173, 174, 175 |

On November 1, 2018, the parties each filed three motions in limine in advance of the trial scheduled to begin on November 30, 2018. The Court finds Plaintiff Magadia's Motion In Limine Nos. 1, 2, and 3 and Defendants' (collectively, "Wal-Mart") Motions In Limine Nos. 1, 2, and 3 appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). Having considered all of the arguments raised in the parties' submissions, the relevant law, and the record in this case, and balancing the factors set forth in Federal Rule of Evidence ("FRE") 403, the Court sets forth its rulings below.

**I.  BACKGROUND**

Magadia filed motions in limine related to (1) Wal-Mart's expert regarding independent damage calculations, ECF No. 170; (2) potentially duplicative evidence on the Court's prior

United States District Court
Northern District of California

1  summary judgment and class certification/decertification rulings, ECF No. 171; and (3) witnesses
2  not disclosed by defendants in their initial disclosures or other means, ECF No. 172. Wal-Mart
3  opposed each of Magadia's motions. ECF Nos. 180, 181, 182.

Wal-Mart filed motions in limine related to (1) evidence concerning California Labor Code § 203 penalties, ECF No. 173; (2) evidence concerning heightened penalties for subsequent violations under California Labor Code § 226(e), ECF No. 174; and (3) evidence that California Labor Code § 226.3's penalty applies to Magadia's Private Attorney General Act ("PAGA") claims, ECF No. 175. Magadia opposed each of Wal-Mart's motions. ECF Nos. 177, 178, 179.

## II.  LEGAL STANDARD

The Court has broad discretion to manage the conduct of a trial and the evidence presented by the parties. *Navellier v. Sletten*, 262 F.3d 923, 941-42 (9th Cir. 2001). In addition, the Federal Rules of Evidence "confer broad discretion on the trial judge to exclude evidence on any of the grounds specified in Rule 403." *United States v. Hearst*, 563 F.2d 1331, 1349 (9th Cir. 1977); *see also United States v. Olano,* 62 F.3d 1180, 1204 (9th Cir. 1995) ("trial courts have very broad discretion in applying Rule 403" (quoting *Borunda v. Richmond*, 885 F.2d 1384, 1388 (9th Cir. 1988) (alteration omitted)). FRE 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Each ruling below balances the factors set forth in Rule 403.

## III.  DISCUSSION

### A. Magadia's Motions In Limine

#### 1. Magadia's Motion In Limine # 1 – Independent Damages Calculations

Magadia's first motion in limine seeks to exclude any potential "independent damage analysis" that Wal-Mart's rebuttal expert Heather Xitco might testify about. ECF No. 170 at 3.

Pursuant to Federal Rule of Civil Procedure 26(a)(2), an expert's written report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Wal-Mart concedes that "Xitco's role is limited to responding to the opinions offered

2

by Plaintiff's expert." ECF No. 180 at 1. Furthermore, Wal-Mart does not does not claim that Xitco performed independent damages analysis. Therefore, Magadia's first motion in limine is GRANTED.

### 2. Magadia's Motion In Limine # 2 – Evidence or Arguments Regarding Issues Already Decided by the Court

Magadia's second motion in limine seeks to exclude evidence or argument that "contradicts the Court's prior rulings on summary judgment and/or class certification/decertification." ECF No. 171 at 1. Specifically, Magadia seeks to exclude evidence or testimony regarding (1) Wal-Mart's "wage statements that include payment of 'OVERTIME/INCT' wages" and whether the statements violate Cal. Lab. Code § 226(a)(9) because an employee cannot determine applicable hourly rates through simple math; (2) whether Wal-Mart's Statements of Final Pay violate Cal. Lab. Code § 226(a)(6) because the Statements fail to include pay period start and end dates; (3) whether meal period premiums include all non-discretionary forms of qualifying compensation; and (4) whether Wal-Mart's own records can be used to determine whether a class member's particular meal period premium was prompted by Wal-Mart's failure to provide a compliant meal period. ECF No. 171 at 1-2.

In regard to whether pay statements that include "OVERTIME/INCT" wages violate Cal. Lab. Code § 226(a)(9), whether Wal-Mart's Statements of Final Pay violate Cal. Lab. Code § 226(a)(6), and whether meal period premiums must include all non-discretionary forms of qualifying compensation, the Court has already ruled on these matters in its summary judgment orders. *See* ECF Nos. 121, 157. Thus, testimony on these issues would have no probative value, and would merely waste time. FRE 403. Therefore, Magadia's second motion in limine is GRANTED only as to testimony and evidence about whether pay statements that include "OVERTIME/INCT" wages violate Cal. Lab. Code § 226(a)(9), whether Wal-Mart's Statements of Final Pay violate Cal. Lab. Code § 226(a)(6), and whether meal period premiums must include all non-discretionary forms of qualifying compensation.

However, evidence and argument regarding whether Wal-Mart's own records can be used

3

to determine whether a class member's particular meal period premium was prompted by Wal-Mart's failure to provide a compliant meal period remains probative and relevant for two reasons. First, the records bear on recoverable damages for Magadia's meal period premium claim. Second, the records speak to whether the meal period premium class was properly certified. *See, e.g.*, *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 633 (9th Cir. 1982) ("[B]efore entry of a final judgment on the merits, a district court's order respecting class status is not final or irrevocable, but rather, it is inherently tentative."). Therefore, Magadia's second motion in limine is DENIED as to evidence and testimony concerning Wal-Mart's own records concerning meal period premiums.

### 3. Magadia's Motion In Limine # 3 – Witnesses Not Disclosed in Initial Disclosures or Other Means

Magadia seeks to prevent Wal-Mart from calling any witnesses at trial "that were not disclosed in Defendants' initial disclosures, or otherwise through the discovery process." ECF No. 172 at 1. Specifically, Magadia contends that there are 24 witnesses not previously disclosed until Wal-Mart provided its witness list in advance of the parties' pretrial conference.[1] *Id.*

Pursuant to Fed. R. Civ. Pro. 37(c)(1), "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." The party facing Rule 37 sanctions bears the burden of demonstrating that its failure was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). Here, the Court cannot say that Wal-Mart's failure to disclose these 24 witnesses was substantially justified or harmless. Wal-Mart provides no explanation for why its late disclosure of these witnesses was "substantially justified." However, Wal-Mart argues that Magadia suffers no

---

[1] Magadia claims that Wal-Mart disclosed for the first time in Wal-Mart's witness list: Jill Ament, Juan Becerra, Michele Carlon, Juan Beltran, Crystal Diaz, Jennie Eddins, J.R. Flores, Felipe Gomez, Ernesto Guzman, Dina Hernandez, Jeremy Jordan, Anthony Lewis, Lailani McIntyre, Audra Mendoza, Aggie Nagowska Mercandante, Sabrina Nugent, Alvin Pamintuan, Xirys Quinones, Esmerelda Reyes-Munoz, Megan Rickard, Alejandro Robles, Carmen Marivel Santana, Luis Sapien, and Agnes Tualia.

4

harm because these witnesses' identities were disclosed via their written declarations submitted in support of Wal-Mart's opposition to class certification. ECF No. 77-2. The Court finds that this does not constitute notice to the other party for Fed. R. Civ. Pro. 26 purposes. *Cf. Bookhamer v. Sunbeam Prods. Inc.*, 2012 WL 4513872, at *2 (N.D. Cal. Oct. 1, 2012) (excluding the testimony of someone whose name arose in a deposition before the discovery cut-off). Thus, there is harm to Magadia because lack of notice denied him the opportunity to explore these witness' evidence before trial. Therefore, Magadia's third motion in limine is GRANTED.

### B. Wal-Mart's Motions In Limine

#### 1. Wal-Mart's Motion In Limine # 1 – Cal. Labor Code § 203 Penalties

Wal-Mart seeks to exclude evidence and argument related to Cal. Lab. Code § 203 waiting time penalties because "there was a good faith dispute regarding the proper formula for calculating meal period premiums . . . ." ECF No. 173 at 1. Essentially, Wal-Mart is seeking, via a motion in limine, a judgment that it acted in good faith regarding the calculation of the meal period premiums.

Whether or not Wal-Mart acted in good faith is a question that has not yet been resolved. A motion in limine is not the correct vehicle with which to resolve the question. *Henderson v. Peterson*, 2011 WL 2838169, at *11 (N.D. Cal. July 15, 2011) ("[M]otions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues" (quoting *Nat. Res. Defense Council v. Rogers*, 2005 WL 1388671, at *1 (E.D. Cal. June 9, 2005)). Thus, evidence of Wal-Mart's good faith or bad faith remains relevant to the meal period claim and to any potential monetary recovery. Therefore, Wal-Mart's first motion in limine is DENIED.

#### 2. Wal-Mart's Motion In Limine # 2 – Heightened Penalties for Subsequent Violations Under California Labor Code § 226(e)

Wal-Mart moves to exclude evidence and argument about the heightened $100 penalty for wage statements that fail to comply with the requirements of Cal. Lab. Code § 226(a). ECF No. 174 at 1. Wal-Mart argues that the heightened penalties under § 226 would only apply to non-complaint wage statements issued *after* the Court's partial summary judgment order on May 11,

1 2018 because relevant law holds that the heightened $100 penalty is assessed only after the employer receives notice of its failure to comply with § 226(a). *Id.* Wal-Mart claims it was the Court's partial summary judgment order that provided Wal-Mart with the requisite notice. *Id.* Furthermore, because the class period only runs till January 9, 2018, Wal-Mart contends that any evidence and argument relating to the heightened penalty under § 226 would be irrelevant because the class period ended before the Court entered partial summary judgment. *Id.*

However, the law on this issue is unsettled. Once again, Wal-Mart is attempting to litigate a substantive issue, not an evidentiary one. A motion in limine is not the correct vehicle with which to resolve the question of conflicting law regarding § 226. *See Henderson*, 2011 WL 2838169, at *11 (holding that motions in limine are not for resolving substantive issues). For instance, Wal-Mart cites cases supporting the proposition that the $100 penalty does not apply until after the employer learned that its conduct violated the Labor Code. *See, e.g.*, *Robinson v. Open Top Sightseeing San Francisco, LLC*, 2018 WL 895572, at *19 (*citing Amaral v. Cintas Corp No. 2*, 163 Cal. App. 4th 1157, 1209 (2008)). On the other hand, Magadia points to *Garnett*, which holds that the heightened $100 penalty is assessed for § 226 violations committed in each pay period after the initial pay period in which a $50 penalty is assessed, without regard to notice to the employer. *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1336 (E.D. Cal. 2015). Given the conflicting law, evidence and argument over the heightened penalties under § 226 is highly relevant to any potential damages assessed in this case. Therefore, Wal-Mart's second motion in limine is DENIED.

### 3. Wal-Mart's Motion In Limine # 3 – PAGA Penalties

Wal-Mart seeks to exclude any evidence or argument regarding PAGA penalties under Cal. Lab. Code § 226.3. ECF No. 175 at 1. An employer that violates Cal. Lab. Code § 226(a) is subject to a $250 penalty "per employee per violation . . . for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226." Cal. Lab. Code § 226.3. Wal-Mart argues that because this case "does not concern the failure to provide any wage statement or the failure to keep records," § 226.3 is inapplicable to

Magadia's PAGA claim. ECF No. 175 at 2.

Furthermore, Wal-Mart points out that this Court has stated in its grant of partial summary judgment that "[b]ecause § 226 does not provide a penalty, Plaintiff can recover penalties under § 2699(f) for Wal-Mart's violations of § 226(a)." ECF No. 121 at 8 n.1. Labor Code § 2699(f) is a catch-all provision that assesses a $100 penalty for PAGA violations where the underlying statute fails to specify a civil penalty. *Id.*

In opposition, Magadia cites to *Raines v. Coastal Pacific Food Distribs., Inc.*, case law published after this Court's grant of partial summary judgment. 23 Cal. App. 5th 667 (2018). In *Raines*, the California Court of Appeal held that § 226.3 "sets out a civil penalty for *all* violations of section 226." *Id.* at 675. The consequence of the *Raines* holding is that rather than needing to rely on § 2699(f)'s catch-all penalty provision, PAGA claims based on § 226 violations can now use the $250 penalty provision under § 226.3.

Once again, the Court finds that Wal-Mart's motion in limine seeks to resolve a substantive, non-evidentiary legal issue that should not be resolved through a motion in limine. *See Henderson*, 2011 WL 2838169, at *11 (holding that motions in limine are not for resolving substantive issues). Furthermore, because of *Raines*, the Court finds that § 226.3's penalties are highly relevant to the amount in PAGA damages that might be assessed against Wal-Mart. Thus, Wal-Mart's third motion in limine is DENIED.

**IT IS SO ORDERED.**

Dated: November 15, 2018

_____
LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

7
Case No. 17-CV-00062-LHK
ORDER RE: MAGADIA'S MOTIONS IN LIMINE # 1-3 AND WAL-MART'S MOTIONS IN LIMINE #1-3