Aaron T. Winn (SBN 229763)
**DUANE MORRIS** LLP
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone:   619.744.2200
E-mail:  atwinn@duanemorris.com

Natalie F. Hrubos (PA State Bar No. 307255)
*Admitted Pro Hac Vice*
**DUANE MORRIS LLP**
30 S. 17th St.
Philadelphia, PA 19103
Telephone: 215.979.1962
Email: nfhrubos@duanemorris.com

Attorneys for Defendants
Wal-Mart Associates, Inc. & Wal-Mart Stores, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| RODERICK MAGADIA, individually and on behalf of all those similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.: 5:17-cv-00062-LHK<br><br>**WALMART'S TRIAL BRIEF**<br><br>Date:          November 30, 2018<br>Time:          9:00 a.m.<br>Courtroom:  8 |

Page

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................5

PROCEDURAL HISTORY ....................................................................................7

ARGUMENT .....................................................................................................8

A.   Plaintiff's Meal Period Premium claims. ..................................................8

   1.   There is no evidence that Walmart denied Plaintiff or any class member a compliant meal period. .................................................................8

   2.   Because there is a good faith dispute regarding how to calculate meal ....... period premiums, Plaintiffs cannot recover penalties under Section 203 or PAGA. ...............................................................................9

B.   Plaintiff's Wage Statement claims. ........................................................11

   1.   Walmart did not "knowingly and intentionally" violate Labor Code section 226 in its handling of OVERTIME/INCT payments. ...............................12

   2.   Walmart did not "knowingly and intentionally" violate Labor Code section 226 by providing terminated employees with a compliant Final Wage ....... Statement with its on-cycle pay period. .......................................13

C.   Plaintiff's Wage Statement Claims do not support PAGA penalties. ......................13

   1.   Awarding PAGA penalties would be unjust, arbitrary, oppressive and ....... confiscatory. ...................................................................14

   2.   Plaintiff's PAGA calculations are inflated. ...................................15

CONCLUSION .................................................................................................15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Apodaca v. Costco Wholesale Corp.*
  No. CV12–5664 DSF (Ex), 2014 WL 2533427 (C.D. Cal. Jun. 5, 2014) ................ 5, 11

*Brum v. MarketSource, Inc.*
  No. 2:17-cv-00241-JAM-EFB, 2017 WL 2633414 (E.D. Cal. June 16,
  2017) .......................................................................................................................... 10

*Cotter v. Lyft, Inc.*
  193 F.Supp.3d 1030 (N.D. Cal. 2016) ............................................................... 6, 11,14

*Fleming v. Covidien, Inc.*
  No. ED CV 10-01487 RGK, 2011 WL 7563047 (C.D. Cal. Aug. 12, 2011) ...... 11, 14-15

*Frausto v. Bank of Am.*
  No. 18-cv-01983-MEJ, 2018 U.S. Dist. LEXIS 13022 (N.D. Cal. Aug. 2,
  2018) .......................................................................................................................... 10

*Guilfoyle v. Dollar Tree Stores, Inc., No. 12-cv-00703- GEB-CKD, 2014*
  *U.S. Dist. LEXIS 2207, *19 (E.D. Cal. Jan. 8, 2014)* ................................................ 12

*Ibarra v. Wells Fargo Bank, N.A.*
  No. CV 17-4344 PA, 2018 U.S. Dist. LEXIS 78513 (C.D. Cal. May 8,
  2018) .......................................................................................................................... 10

*Li v. A Perfect Day Franchise, Inc.*
  No. 5:10-CV-01189-LHK, 2012 WL 2236752 (N.D. Cal. June 15, 2012)................... 14

*Pelton v. Panda Rest. Grp., Inc., No. CV 10-8458 MANX, 2011 WL*
  1743268, at *6 (C.D. Cal. May 3, 2011 ...................................................................... 15

*Ricaldai v. US Investigations Servs., LLC*, 878 F. Supp. 2d 1038, 1047
  (C.D. Cal. 2012) ........................................................................................................ 12

*Robinson v. Open Top Sightseeing San Francisco, LLC*
  No. 14-CV-00852-PJH, 2018 WL 895572 (N.D. Cal. Feb. 14, 2018) ......................... 13

*Serrano v. 6 Swissport N.A., Inc.*
  2013 WL 12145614 (C.D. Cal. June 3, 2013) ............................................................. 14

*Spokeo, Inc. v. Robins*
  136 S. Ct. 1540 (2016) ........................................................................................... 5, 11

*Trang v. Turbine Engine Components Technologies Corp.*
No. 12-07658 DDP, 2012 WL 6618854 (2012).............................................................. 13

*Villalpando v. Exel Direct Inc.*
No. 12-CV-04137-JCS, 2015 WL 5179486 (N.D. Cal. Sept. 3, 2015) ........................ 12

*Willner v. Manpower Inc.*
35 F. Supp. 3d 1116 (N.D. Cal. 2014)................................................................... 5, 11

*Wright v. Adventures Rolling Cross Country, Inc.*
No. C-12-0982 EMC, 2013 WL 1758815 (N.D. Cal. Apr. 24, 2013)....................... 5, 12

*York v. Starbucks Corp.*
No. CV 08-07919 GAF................................................................................................. 15

**California Cases**

*Amaral v. Cintas Corp., No. 2*
163 Cal. App. 4th 1157 (2008) .................................................................................... 10

*Brinker Rest. Corp. v. Superior Court*
53 Cal.4th 1004 (2012)................................................................................................... 8

*Canales v. Wells Fargo Bank, N.A.,*
23 Cal. App. 5th 1262 (2018) ................................................................................12-14

*Kirby v. Immoos Fire Prot., Inc.*
53 Cal. 4th 1244 (2012)................................................................................................. 10

*Ling v. P.F. Chang's China Bistro, Inc.*
245 Cal. App. 4th 1242 (2016) ...................................................................................... 9

**State Statutes**

Cal. Code Regs. tit. 8, § 13520 ..................................................................................... 10

Cal. Labor Code § 2699(e)(2)........................................................................................ 15

Labor Code section 203 ...........................................................................................8-9, 10

Labor Code section 226 .......................................................................................5, 6, 11-13

Labor Code section 226(a) ...........................................................................................6-7

Labor Code section 226(e) ....................................................................................... 11, 15

Labor Code section 226.7 ...........................................................................................8-10

Labor Code section 2699(f)............................................................................................ 15

# INTRODUCTION

Walmart pays its associates bonuses and generously pays meal period premiums even when they are not owed.  But to ensure that no good deed goes unpunished, Plaintiffs' attorneys are demanding more than $200 million in penalties because they (1) don't like how Walmart's wage statements reflect bonus payments; (2) don't like how Walmart calculates its meal period premiums (even though the premiums were not even legally owed); and (3) don't like that Walmart provides a courtesy statement of final pay that does not include the "pay period" (even though Walmart's actual final wage statement *does* include the pay period).

While demanding hundreds of millions in penalties for these supposed technical violations of the law,[1] there is no evidence that Plaintiff was shorted any wages; no evidence that any wage statements were inaccurate or misleading; and no evidence of any actual, concrete harm.  As a result, plaintiff lacks Article III standing.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548-49 (2016) ("Article III standing requires a concrete injury even in the context of statutory violation.").

Regardless, even if there was a violation and some concrete injury, Labor Code section 226 only authorizes penalties when the violation was "knowing and intentional."  Thus, to trigger an award of penalties, the Plaintiff must show something more than a mere violation of the statute.  *See Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1130-31 (N.D. Cal. 2014).  In other words, when "an employer has a good faith belief that it is not in violation of Section 226," the Court cannot award penalties. *Apodaca v. Costco Wholesale Corp.*, No. CV12–5664 DSF (Ex), 2014 WL 2533427, *3 (C.D. Cal. Jun. 5, 2014); *see also Wright v. Adventures Rolling Cross Country, Inc.*, No. C-12-0982 EMC, 2013 WL 1758815, at *9 (N.D. Cal. Apr. 24, 2013).

---

[1] For the reasons set forth in prior summary judgment and class certification briefings, Walmart maintains that its wage statements and meal period premium practices comply with the California law.  Walmart incorporates those arguments here.

1    Here, any violation was not "knowing and intentional" because Walmart's

2   practices are consistent with the California Court of Appeal's view of Labor Code

3   section 226(a) and most court's construction of "regular rate of compensation" for

4   purposes of meal period premiums.  The fact that this Court has construed California

5   law differently does not transform Walmart's practices into "knowing and intentional"

6   violations.  As a result, Plaintiffs are not entitled to any Labor Code section 226

7   penalties for their wage statement claims.

8    For the same reasons, Plaintiffs are also not entitled to penalties for the meal

9   period premium claim.  As with the wage statement claims, Walmart's approach to

10  calculating meal period premiums aligns with virtually every court to have analyzed

11  the issue.  Thus, while this Court may reach a different conclusion, it does not change

12  the fact that Walmart had a good faith belief that its approach complied with the law.

13  That alone precludes an award of penalties.  Penalties for the meal period premium

14  claim are also improper for a more fundamental reason:  there is no evidence that

15  Walmart failed to provide a proper meal period to *any* class member.  This is fatal

16  because there is no legal obligation to a pay a meal period premium (and thus no

17  violation for calculating the premium incorrectly) unless Plaintiffs can first show that

18  Walmart failed to provide a compliant meal period.  Plaintiffs cannot carry that

19  burden.

20    Plaintiffs' tag-along PAGA claims fail for similar reasons:  awarding PAGA

21  penalties when Walmart acted in good faith to comply with the law, and when class

22  members suffered no actual injury, is the very definition of unjust, arbitrary,

23  oppressive, and confiscatory.  *See Cotter v. Lyft, Inc.,* 193 F.Supp.3d 1030 (N.D. Cal.

24  2016) (PAGA penalties are unjust, arbitrary and oppressive, or confiscatory when the

25  employer's legal obligations under section 226(a) are "genuinely unclear" or where the

26  company did not "deliberately evade[ ] a clear legal obligation").

27

28

# PROCEDURAL HISTORY

On January 9, 2018, the Court certified three classes: (1) The Meal Period Regular Rate Class, (2) The OVERTIME/INCT Wage Statement Class, and (3) The Final Wage Statement Class.  ECF No. 84.

The Meal Period Class includes all California Walmart employees who, between December 2, 2015 and January 9, 2018, received a meal period premium within the same quarter that they received an incentive payment under Walmart's MyShare Quarterly Incentive Plan.  *Id.*

The Overtime Wage Statement Class includes anyone who, between December 2, 2015 and January 9, 2018, received an overtime adjustment as a result of receiving a MyShare incentive payment.  This overtime adjustment is described as OVERTIME/INCT on Walmart's wage statements.  *Id.*

The Final Wage Statement Class encompasses all Walmart employees whose employment terminated between December 2, 2015 and January 9, 2018.  *Id.*

On May 11, 2018, the Court granted Plaintiff's motion for partial summary adjudication on Plaintiff's PAGA claims.  ECF No. 121.  For purposes of PAGA, the Court held that Walmart's description of its overtime adjustments on its wage statements violated Section 226(a)(9) because the wage statement did not include the overtime hours from *prior pay periods* along with their corresponding incremental hourly rate adjustment.  The Court also held that, at least for purposes of PAGA, a wage statement can only comply with Section 226(a) if it was provided "when wages were paid."  *Id.* at 16.

Walmart then moved for partial summary judgment on all three claims.  On September 28, 2018, the Court denied Walmart's motion.  ECF No. 157.

# ARGUMENT

## A.     Plaintiff's Meal Period Premium claims.

There is no legal right to a meal period premium unless an employee can show that he or she did not receive an opportunity to take a compliant meal period.  *See Brinker Rest. Corp. v. Superior Court*, 53 Cal.4th 1004, 1034 (2012) (employers must provide an opportunity to take a meal break but do not need to ensure that one is taken).  Thus, before assessing whether any meal period premium was properly paid, the Plaintiff must first show that he (and each class members) was legally entitled to a meal period premium because Walmart prevented them from taking a compliant meal period on some specific date.

If Plaintiff can clear this initial hurdle, and if the Court agrees with Plaintiff that, for purposes of meal period premiums, "regular rate of compensation" in section 226.7 mean the same as the "regular rate of pay" for purposes of overtime, then the Court must then determine (1) whether to award damages under Labor Code section 226.7 (i.e., the difference between the base rate and the regular rate of pay); (2) whether to award waiting time penalties under Labor Code section 203; and (3) whether to award PAGA penalties for the same alleged violation and, if so, the amount of the PAGA penalties.

### 1.     There is no evidence that Walmart denied Plaintiff or any class member a compliant meal period.

It is undisputed that Walmart maintains a lawful meal period policy.  *See* ECF No. 187 at 11.  In fact, although the law only requires employers to provide a meal period premium when the employer prevents the employee from taking a compliant meal period, Walmart pays meal period premiums to employees whenever they have a late, short, or missed lunch *regardless* of the reason for the meal exception.  In addition, whenever there is a meal period exception, Walmart asks associates to complete a worksheet that documents their explanation for the exception.  The reason

the associate provides for the meal period exception is then coded into Walmart's Exception Management System (EMS).

Plaintiffs' trial plan requires the Court to find Walmart liable for whatever allegations is documented by the EMS Codes. But neither the worksheet nor their coding involves an investigation into the *actual* reason for the meal period exception. If an associate alleges that he was instructed to skip his lunch, that allegation is coded into the EMS system as a manager-directed missed meal *regardless* of whether the claim is actually true. As Walmart's 30(b)(6) witness explained at her deposition (at will explain at trial): "There's no confirmation [of the associate's allegation]. The step that you say—the step that you outline around confirmation—that step is not part of the process." Because the EMS codes are merely intended to reflect an associate's *allegation*, they cannot serve as a proxy for legal liability. Moreover, Walmart should be applauded for creating a system that documents associate's allegations regarding meal periods and for paying meal period premiums *regardless* of the reason the associate proffers for the exception. But instead of applause, Plaintiffs demand punishment.

Because mere allegations are never enough to establish liability, and because Plaintiff's trial plan makes it impossible for the Court to investigate each meal period exception to determine whether it was an actual violation or a voluntary exception, Plaintiffs' meal period claim fails in its entirety.

### 2. Because there is a good faith dispute regarding how to calculate meal period premiums, Plaintiffs cannot recover penalties under Section 203 or PAGA.

Although the difference between the "regular rate of compensation" and the "regular rate of pay" is miniscule—potentially less than $4,000 *for the entire class*—Plaintiffs seek nearly $12 million in penalties under Labor Code section 203 and PAGA. But meal period premiums are not "wages" for purposes of Section 203. *See, e.g., Ling v. P.F. Chang's China Bistro, Inc.*, 245 Cal. App. 4th 1242, 1261 (2016) ("[T]he remedy for a section 226.7 violation is an extra hour of pay, but the fact that the

1   remedy is measured by an employee's hourly wage does not transmute the remedy into

2   a wage as that term is used in section 203."); *Kirby v. Immoos Fire Prot., Inc.*, 53 Cal.

3   4th 1244, 1257 (2012) (denying attorney fees for 226.7 claim because "[t]o say that

4   a [meal period premium] is a wage . . . is not to say that the *legal violation* triggering

5   the remedy is nonpayment of wages").

6       Moreover, waiting time penalties apply *only* if there was a "willful" failure to pay

7   wages.  Cal. Labor Code § 203.  If there is a good faith dispute regarding whether any

8   additional wages were owed, the Court cannot award section 203 penalties.  Cal. Code

9   Regs. tit. 8, § 13520; *See Amaral v. Cintas Corp., No. 2,* 163 Cal. App. 4th 1157, 1201

10  (2008).  A good faith dispute exists when the employer presents a legitimate legal or

11  factual defense to the payment of wages, even if the employer does not necessarily

12  prevail on that defense.  *Id.*  In short, the key question is not whether a defense

13  ultimately prevails but whether the defense, if successful, would preclude any recovery.

14      That is exactly the case here.  In fact, the Court has already observed that there

15  is "case law pointing in both directions" on the issue and acknowledged that "[i]f Wal-

16  Mart's reading of 'regular rate of compensation' is correct, Wal-Mart has not violated

17  § 226.7(c) and it is entitled to summary judgment."  *See* ECF No. 157.

18      Walmart's interpretation Section 226.7 also qualifies as a good faith dispute

19  because most courts agree with Walmart's reading of the statute.  Some courts have

20  even gone so far as to conclude that "[t]here is no legally tenable argument that section

21  226.7 payments should be paid at the 'regular rate' used for overtime purposes."

22  *Frausto v. Bank of Am.*, No. 18-cv-01983-MEJ, 2018 U.S. Dist. LEXIS 13022, *14 (N.D.

23  Cal. Aug. 2, 2018); *see also Brum v. MarketSource, Inc.*, No. 2:17-cv-00241-JAM-EFB,

24  2017 WL 2633414 (E.D. Cal. June 16, 2017); *Ibarra v. Wells Fargo Bank, N.A.*, No. CV

25  17-4344 PA (ASx), 2018 U.S. Dist. LEXIS 78513 (C.D. Cal. May 8, 2018) (declining to

26  interpret "regular rate of compensation," but noting that "[t]he frequently

27  interchangeable use of the words [pay and compensation] does *not* necessarily mean

28  that the choice of words should be ignored."  *Id.*

1    In sum, because there was a good faith dispute regarding how to calculate meal

2  period premiums (and thus whether any additional "wages" were owed), Plaintiffs are

3  not entitled to waiting time penalties under Section 203.  Nor are they entitled to any

4  PAGA penalties, as awarding PAGA penalties when an employer has a good faith belief

5  that its practices comply with the law or where the employer's legal obligations "are

6  genuinely unclear" would be unjust, arbitrary, oppressive, or confiscatory.  *See Cotter v.*

7  *Lyft, Inc.*, 193 F.Supp.3d 1030 (N.D. Cal. 2016); *Fleming v. Covidien, Inc.*, No. ED CV

8  10-01487 RGK (OPx), 2011 WL 7563047, at *4 (C.D. Cal. Aug. 12, 2011).

9    **B.   Plaintiff's Wage Statement claims.**

10    Plaintiff is seeking more than $50 million in section 226(e) penalties and nearly

11  $170 million more in PAGA penalties for Walmart's allegedly non-compliant wage

12  statements.  But the only "injury" he alleges is the supposedly technical violation of

13  Labor Code section 226.  That's enough to satisfy Article III standing.  As the Supreme

14  Court emphasized in *Spokeo*, Article III standing requires a plaintiff to show a

15  "concrete injury" that is causally connected to the statutory violation.  *Spokeo, Inc. v.*

16  *Robins*, 136 S. Ct. 1540, 1548-49 (2016).  The fact that California has defined "injury"

17  in the context of Labor Code section 226(e) to mean nothing more than the receipt of a

18  noncompliant wage statement, does not change Article III's standing requirements.  *Id.*

19    Even if naked statutory violations give Plaintiff Article III standing, the Court is

20  only authorized to award penalties for violation of Labor Code section 226 if Walmart

21  "knowingly and intentionally" violated the statute.  The requirement that a plaintiff

22  show that the employer's conduct was "knowing and intentional" means that the

23  plaintiff must prove something more than a mere violation of section 226(a); otherwise

24  the statute's "knowing and intentional" language would be meaningless.  *See Willner v.*

25  *Manpower Inc.*, 35 F. Supp. 3d 1116, 1130-31 (N.D. Cal. 2014).

26    Moreover, a long line of cases has confirmed that "[w]here an employer has a

27  good faith belief that it is not in violation of Section 226, any violation is not knowing

28  and intentional."  *Apodaca v. Costco Wholesale Corp.*, No. CV12–5664 DSF (Ex), 2014

WL 2533427, *3 (C.D. Cal. Jun. 5, 2014); *Villalpando v. Exel Direct Inc.*, No. 12-CV-04137-JCS, 2015 WL 5179486, at *37 (N.D. Cal. Sept. 3, 2015) ("The good faith defense that applies to claims under section 203 also applies to Claims asserted under section 226."); *Guilfoyle v. Dollar Tree Stores, Inc.*, No. 12-cv-00703- GEB-CKD, 2014 U.S. Dist. LEXIS 2207, *19 (E.D. Cal. Jan. 8, 2014) (recognizing "good faith dispute defense" but finding "[t]he factual question of whether an employer had a good faith belief that it was not violating Section 226 is generally for the factfinder to resolve at trial") (quoting *Ricaldai v. US Investigations Servs., LLC*, 878 F. Supp. 2d 1038, 1047 (C.D. Cal. 2012)); *Wright v. Adventures Rolling Cross Country, Inc.*, No. C-12-0982 EMC, 2013 WL 1758815, at *9 (N.D. Cal. Apr. 24, 2013) ("There is no dispute by the parties that there is a comparable good faith defense for § 226 which, similar to § 203, requires knowing and intentional conduct.")

Section 226(e)(3) also explains that when deciding whether an employer's violation was "knowing and intentional" the Court "may consider as a relevant factor whether the employer, prior to an alleged violation, has adopted and is in compliance with a set of policies, procedures, and practices that fully comply with this section."

Walmart's conduct, by any of these measures, falls fall below the "knowing and intentional" standard.  Thus, Plaintiffs are not entitled to any penalties.

### 1. Walmart did not "knowingly and intentionally" violate Labor Code section 226 in its handling of OVERTIME/INCT payments.

This Court rejected *Canales'* handling of incremental overtime adjustment payments.  *See* ECF No. 157; *Fabio Canales et al. v. Wells Fargo Bank, N.A.*, Case No. B276127 (2018) (Judicially Noticed by this court at ECF No. 157, n. 1; and *Canales v. Wells Fargo Bank, N.A.*, 23 Cal. App. 5th 1262 (2018).

But the question is not whether this Court ultimately agreed with Walmart's reading of the statute; the question is whether Walmart had a good faith belief that its practices complied with the law.  And the fact that the California Court of Appeal agrees with Walmart's approach shows that Walmart's practice was in good faith—not

a "knowing and intentional" violation of the statute.  Because complying with the California Court of Appeal's statutory construction cannot be called a "knowing and intentional" violation of law, Plaintiffs are not entitled to penalties.

> **2.** **Walmart did not "knowingly and intentionally" violate Labor Code section 226 by providing terminated employees with a compliant Final Wage Statement with its on-cycle pay period.**

Walmart's handling of its final wage statements was also not a "knowing and intentional" violation of the law.  Indeed, *Canales* specifically held because Labor Code section 226 only requires wage statements to be distributed "semimonthly *or* at the time of each payment of wages," (emphasis added), an employer complied with Section 226 so long as the wage statement is provided no later than "semimonthly."  *See Canales*, 23 Cal. App. 5th at 1270 (2018).

This Court reached a different conclusion—i.e., that when an employee departs, the employer must provide a compliant wage statement *at the time of final payment*, regardless of whether the employer issues a compliant on-cycle wage statement.  But again, the fact that this Court disagreed with Walmart (and the California Court of Appeal) does not make Walmart a "knowing and intentional" violator of the statute.  Thus, Plaintiffs are not entitled to any penalties under Labor Code section 226.[2]

## C.  Plaintiff's Wage Statement Claims do not support PAGA penalties.

Plaintiff seeks more than *$160 million* in PAGA penalties.  But PAGA penalties are only viable when they would not result in "an award that is unjust, arbitrary and oppressive, or confiscatory."  Cal. Labor Code § 2699(e)(2).  Plaintiff's proposed

---

[2] Even if the Court determines that Walmart knowingly and intentionally violated Labor Code section 226, the applicable penalty would be $50 per pay period (not $100) because the heightened $100 penalty applies only *after* "the employer has learned its conduct violates the Labor Code."  *Robinson v. Open Top Sightseeing San Francisco, LLC*, No. 14-CV-00852-PJH, 2018 WL 895572, at *20 (N.D. Cal. Feb. 14, 2018); *Trang v. Turbine Engine Components Technologies Corp.*, No. 12-07658 DDP, 2012 WL 6618854 at *5 (2012).

1  remedy—given the circumstances of this case—is the epitome of an unjust, arbitrary,

2  oppressive, and confiscatory award.

### 1. Awarding PAGA penalties would be unjust, arbitrary, oppressive and confiscatory.

In determining whether to award PAGA penalties, courts must consider all "facts and circumstances of the particular case." Cal. Labor Code § 2699(e)(2).  Chief among those circumstances is whether the employer acted in bad faith by knowingly and intentionally violating the law or "deliberately evaded a clear legal obligation to provide legally required pay and benefits to its employees."  *See. e.g., Cotter v. Lyft, Inc.,* 193 F.Supp.3d 1030 (N.D. Cal. 2016) (noting that reduced PAGA penalties are warranted where the legal "obligations . . . are genuinely unclear").

Another important consideration is whether the penalty is proportionate to the plaintiffs' actual damages. *See, e.g.*, *Fleming v. Covidien, Inc.,* 2011 WL 756304718, at *4 (C.D. Cal. Aug. 12, 2011) (noting imposition of maximum PAGA penalty would be "unjust according to § 2699(e)(2)" because (among other things) "the aggrieved employees suffered no injury due to the erroneous wage statements"); *Serrano v. 6 Swissport N.A., Inc.,* 2013 WL 12145614 (C.D. Cal. June 3, 2013) (finding penalty would be facially "oppressive and confiscatory" where plaintiffs' claims involved "a technical defect in the information delineated in the concomitant wage statements").

Here, the evidence at trial will show that (1) Walmart, at all times, acted in good faith to comply with its obligations under the California Labor Code; (2) a good faith dispute exists in the law (as evidenced by *Canales*); and (3) none of the class members suffered any injury.  Under these circumstances, any PAGA penalty would be arbitrary, oppressive and confiscatory.

Moreover, as this Court has observed previously, if Plaintiffs are entitled to any penalties under 226, tacking on additional PAGA penalties would be an impermissible double recovery.  *See, e.g., Li v. A Perfect Day Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2012 WL 2236752, at *17 (N.D. Cal. June 15, 2012) (concluding that plaintiffs were not

1   entitled to PAGA penalties because the court had already awarded penalties under

2   section 226(e), and under those circumstances, "granting PAGA penalties for failure to

3   provide accurate wage statements would be duplicative recovery").

4          **2.**      **Plaintiff's PAGA calculations are inflated.**

5       Plaintiff's expert uses a $250 multiplier—borrowed from Section 226.3—for his

6   proposed PAGA penalties.  But 226.3 sets out penalties for only two types of violations

7   under section 226(a):  failure to provide an itemized wage deduction statement and

8   failure to keep records.  *See, e.g.*, *York v. Starbucks Corp.*, No. CV 08-07919 GAF

9   PJWX, 2012 WL 10890355, at *9 (C.D. Cal. Nov. 1, 2012) (concluding that section 226.3

10  penalties are not applicable where Plaintiff alleged only that relevant information was

11  missing from her wage statements); *Fleming v. Covidien Inc.*, No. (OPX), 2011 WL

12  7563047, at *3 (C.D. Cal. Aug. 12, 2011) (same); *Pelton v. Panda Rest. Grp., Inc.*, No.

13  CV 10-8458 MANX, 2011 WL 1743268, at *6 (C.D. Cal. May 3, 2011) (same).

14      Neither of those provisions apply here.  Plaintiff has never alleged that Walmart

15  failed to provide itemized wage deduction statements or failed to keep records under

16  section 226(a).  As this Court has already noted, any PAGA penalties must be based on

17  the up-to-$100 scheme described in Labor Code section 2699(f).  *See* ECF No. 121, at p.

18  8, n. 1.

# CONCLUSION

19

20      Because Plaintiffs cannot show that Walmart knowingly and intentionally

21  violated the Labor Code, the Court should decline to award penalties.

22  Dated: November 23, 2018         **DUANE MORRIS** LLP

23

24                  By:/s/ Aaron T. Winn

25                    Aaron T. Winn

26                    Natalie F. Hrubos

27                    **Attorneys for Defendants**
                            **Wal-Mart Associates, Inc. and**
                            **Wal-Mart Stores, Inc.**

28